No. <u>26-3692</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**THEODORE E. ESSENFELD,**

Plaintiff-Appellant,

v.

**DEPARTMENT OF THE NAVY; HUNG CAO,**
**Acting Secretary of the Navy, in his official capacity;**
**and THE UNITED STATES OF AMERICA,**

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of California
Case No. 3:26-cv-03086-JO-MSB
The Honorable Jinsook Ohta, District Judge

**EMERGENCY OPENING BRIEF AND MOTION FOR INJUNCTION PENDING**
**APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8(a)(2)**

Theodore E. Essenfeld
Plaintiff-Appellant, Pro Se
Reg. No. 08418-506
PO Box 530273
San Diego, California 92153
tedessenfeld@gmail.com
(619) 481-1242

Dated: June 4, 2026

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF THE ISSUES ...............................................................2

STATEMENT OF THE CASE ................................................................3

    A. Service Record and Conviction ................................................3

    B. Board of Inquiry — Procedural Defects .............................................4

    C. Final Agency Action ...........................................................6

    D. Lost-Time Pay Designation .....................................................6

    E. District Court Proceedings ......................................................7

STANDARD OF REVIEW ...................................................................7

SUMMARY OF ARGUMENT ................................................................8

ARGUMENT ...............................................................................9

    I. THE DISTRICT COURT ERRED IN APPLYING HARTIKKA TO THIS CASE ............................................................................10

    II. THE DISTRICT COURT MISAPPLIED THE EXHAUSTION REQUIREMENT ......................................................................12

        A. Plaintiff Is Categorically Ineligible for NDRB Relief ....................12

        B. Plaintiff Filed with the BCNR; That Filing Demonstrates Futility, Not Adequacy ..................................................................13

        C. Plaintiff Pursued All Available Pre-Separation Remedies ...............14

    III. PLAINTIFF RAISES SERIOUS QUESTIONS — AND LIKELY PREVAILS — ON THE MERITS ..............................................16

        A. The Agency Action Rests on a Non-Final Conviction in Violation of Navy Regulations and Federal Law ...........................................16

        B. The BOI Violated Plaintiff's Due Process and Fifth Amendment Rights ..............................................................................17

        C. Involuntary Retirement at O-5 Violates 10 U.S.C. § 1186(b)(1) ........18

        D. The Lost-Time Designation Violates 10 U.S.C. § 972 and 37 U.S.C. § 204 ..............................................................................20

        E. The ASN Action Was Ultra Vires ........................................20

IV. PLAINTIFF WILL SUFFER IRREPARABLE HARM ......................21

**V. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR AN INJUNCTION** ............................................................22

**CONCLUSION** ............................................................23

**CERTIFICATE OF SERVICE** ...................................25

**DECLARATION**

## TABLE OF AUTHORITIES

**Cases**

*Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011)* ...10, 16, 23

*Bd. of Regents v. Roth, 408 U.S. 564 (1972)* .............................11, 18, 21

*Brezler v. Mills, 220 F. Supp. 3d 303 (E.D.N.Y. 2016)* ....................15, 18

*Clay v. United States, 537 U.S. 522 (2003)* ..................................4, 16

*Codd v. Velger, 429 U.S. 624 (1977)* ....................................11, 18, 21

*Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987)* .............................16

*Fones4All Corp. v. FCC, 550 F.3d 811 (9th Cir. 2008)* ........................13

*Garrity v. New Jersey, 385 U.S. 493 (1967)* ..................................4, 17

*Gonzalez v. Thaler, 565 U.S. 134 (2012)* ....................................4, 16

*Griffith v. Kentucky, 479 U.S. 314 (1987)* ....................................16

*Haines v. Kerner, 404 U.S. 519 (1972)* ..........................................1

*Hartikka v. United States, 754 F.2d 1516 (9th Cir. 1985)* .............passim

*hiQ Labs, Inc. v. LinkedIn Corp., 31 F.4th 1180 (9th Cir. 2022)* ............23

*Lefkowitz v. Cunningham, 431 U.S. 801 (1977)* ..............................4, 17

*Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011)* ...........................1

*Los Angeles Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197 (9th Cir. 1980)* ......22

*Mathews v. Eldridge, 424 U.S. 319 (1976)* ....................................17

*McCarthy v. Madigan, 503 U.S. 140 (1992)* ....................................14

*Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971)* ..............................11

*Nken v. Holder, 556 U.S. 418 (2009)* ...........................................7

*Perry v. Sindermann, 408 U.S. 593 (1972)* ....................................19

*United States v. Symonds, 120 U.S. 46 (1887)* ................................19

*Washington v. Trump, 847 F.3d 1151 (9th Cir. 2017)* .........................23

*Wenger v. Monroe, 282 F.3d 1068 (9th Cir. 2002)* .........................11, 15

*Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)* ..........10

*Winterberger v. Gen. Teamsters Auto Truck Drivers & Helpers*, 558 F.2d 923 (9th Cir. 1977) ........................................................................13

**Statutes and Rules**

5 U.S.C. §§ 701–706 (Administrative Procedure Act) ............................passim
5 U.S.C. § 704 ..............................................................................6
5 U.S.C. § 706(2)(A) .....................................................................17
10 U.S.C. §§ 1181–1187 ..................................................................4
10 U.S.C. § 1184 ..........................................................................18
10 U.S.C. § 1185 ..........................................................................17
10 U.S.C. § 1186(b)(1) ..................................................3, 9, 10, 18, 19
10 U.S.C. § 972 ...........................................................................20
10 U.S.C. § 8322 ..........................................................................18
28 U.S.C. § 1291 ...........................................................................1
28 U.S.C. § 1292(a)(1) .....................................................................1
28 U.S.C. § 1331 ...........................................................................1
28 U.S.C. § 1361 ...........................................................................1
28 U.S.C. §§ 2201–2202 ...................................................................1
28 U.S.C. § 1746 .............................................................. Declaration
37 U.S.C. § 204 ...........................................................................20
Fed. R. App. P. 3 ....................................................................passim
Fed. R. App. P. 4(a)(1)(B) .................................................................1
Fed. R. App. P. 8(a)(2) .................................................................1, 9
Fed. R. Civ. P. 65 ...................................................................passim

**Regulations and Administrative Authorities**

DoD 7000.14-R, Vol. 7A, Ch. 1 (DoD Financial Management Regulation) ........20
SECNAVINST 1920.6D ...................................................................passim
SECNAVINST 1920.6D, Encl. (7), para. 10.b. ...........................................5, 16
SECNAVINST 1920.6D, Encl. (8) ...........................................................20
SECNAVINST 1920.6D, Encl. (9) ...........................................................19
SECNAVINST 1920.6D, Encl. (11) ..........................................................14

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, 28 U.S.C. §§ 2201–2202, and 5 U.S.C. §§ 701–706. Plaintiff-Appellant is a pro se litigant proceeding *in forma pauperis*. Defendants are the United States Department of the Navy, Acting Secretary of the Navy Hung Cao in his official capacity, and the United States of America. Plaintiff respectfully requests that this Court accord liberal construction to this filing consistent with *Haines v. Kerner*, 404 U.S. 519 (1972).

This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a)(1). The denial of a preliminary injunction is an immediately appealable interlocutory order. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). This appeal is also presented as an emergency motion for injunction pending appeal under Federal Rule of Appellate Procedure 8(a)(2).

The district court entered the order denying TRO and preliminary injunction on May 28, 2026 (Dkt. 14), and denied reconsideration on June 2, 2026 (Dkt. 16). This notice of appeal was filed on June 4, 2026, within the 60-day period applicable to the United States as a party. *See* Fed. R. App. P. 4(a)(1)(B).

1

## STATEMENT OF THE ISSUES

1. Whether the district court erred in concluding that loss of military pension grade, career-ending OTH characterization, veterans' benefits deprivation, and imminent homelessness are categorically insufficient to constitute irreparable harm under *Hartikka v. United States*, 754 F.2d 1516 (9th Cir. 1985), when the harm flows from documented constitutional violations and mandatory statutory violations rather than from discretionary military personnel decisions.

2. Whether the district court erred in requiring exhaustion of administrative remedies through the Naval Discharge Review Board and the Board for Correction of Naval Records, when: (a) Plaintiff is categorically ineligible for NDRB relief because he is seeking reinstatement into the service and requesting back pay; (b) Plaintiff did in fact file a BCNR application on May 26, 2026, five days before the separation executed; and (c) the BCNR's own official published data establishes that processing takes a current average of six to eight months and a statutory maximum of eighteen months under 10 U.S.C. § 1557 — meaning no relief could have issued before June 1, 2026, even had the application been filed on the date the separation orders were issued — rendering the remedy demonstrably futile as a matter of administrative fact confirmed by the Government's own published figures.

2

3. Whether Plaintiff has raised at least serious questions going to the merits — sufficient under the sliding-scale standard — given: (a) the Navy's own regulations prohibiting separation proceedings until all appeals are complete; (b) documented constitutional infirmities in the BOI proceedings; (c) the mandatory statutory command of 10 U.S.C. § 1186(b)(1) regarding retirement grade; and (d) the unlawful lost-time designation.

4. Whether the balance of equities and public interest favor injunctive relief to preserve the status quo pending review, given the permanence of the harms to Plaintiff versus the minimal burden on Defendants.

## STATEMENT OF THE CASE

### A. Service Record and Conviction

Captain Theodore E. Essenfeld enlisted in the United States Navy more than thirty-five years ago, earned his commission after rising to Petty Officer Second Class, commanded two warships and was selected to command a third, served in the United States Senate as a Legislative Fellow, and was nominated as aide to President Obama. He holds the Defense Superior Service Medal — the nation's second-highest non-combat decoration — 3 Meritorious Service Medals, 3 Navy Commendation Medals, 3 Navy Achievement Medals, and numerous other awards. He deployed eleven times, three while in command of warships, including multiple deployments to designated combat zones.

3

A federal criminal conviction in 2024 arising from personal events in 2020 is currently on direct appeal before this Court as *United States v. Essenfeld*, No. 24-6737 (9th Cir.). That conviction is **not final** as a matter of controlling federal law. The government's answer to Appellant's Opening Brief is due June 8, 2026. Appellant's reply brief is due June 29, 2026. However, the government has submitted a request for extension. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 527 (2003).

## B. Board of Inquiry — Procedural Defects

The Navy issued an Order to Show Cause in April 2025 and convened a Board of Inquiry ("BOI") in December 2025 under 10 U.S.C. §§ 1181–1187 and SECNAVINST 1920.6D. The BOI proceedings were attended by multiple documented procedural defects:

**Fifth Amendment Constraint.** Plaintiff appeared in person at the BOI — demonstrating his **willingness and ability** to report for duty — but because his criminal appeal remained pending, active participation would have required him to waive rights where there is the possibility of a retrial. He was therefore placed in an unconstitutional dilemma: defend his career and forfeit constitutional rights, or exercise those rights and forfeit his career. *Garrity v. New Jersey*, 385 U.S. 493 (1967); *Lefkowitz v. Cunningham*, 431 U.S. 801 (1977).

4

**Pre-Record Misconduct.** Before the BOI went on the record, CAPT Brian J. Ellis, JAGC, USN — Staff Judge Advocate to Commander, Naval Surface Forces, Pacific Fleet, the most senior judge advocate present — told defense counsel, in the presence of all three board members, that "zealous advocacy may be in the best interest of your client" but "is not good for the Navy," and referenced other cases before the assembled decision-makers. Defense counsel's formal appeal documented that "the full scope and context of these remarks are not adequately reflected in the Report of Board of Inquiry." (Dkt. 6, Ex. 3.)

**Unverified Gang-Affiliation Evidence.** The Government introduced, over objection, a "Peckerwood" white nationalist gang affiliation notation from Otay Mesa detention records. Plaintiff denied the allegation on the record as "categorically false." The Board closed for deliberations with this material before it and no limiting instruction.

**Non-Final Conviction.** The Government itself introduced its BOI Exhibit 25 — the docket of this Court's Case No. 24-6737 — as evidence of the pending appellate proceedings. SECNAVINST 1920.6D, Encl. (7), para. 10.b. Defines finality of a conviction as requiring completion of "all appeals to which the defendant is entitled by law." The Navy's own exhibit demonstrated that condition was not met.

On February 20, 2026, Plaintiff's appointed Navy Defense Counsel, LCDR Colleen E. Daly, JAGC, USN, submitted a formal appeal of the BOI findings (Dkt. 6, Ex. 3), identifying substantial constitutional and procedural defects and requesting rehearing. That appeal remained unresolved when the record was forwarded to the Assistant Secretary of the Navy.

## C. Final Agency Action

On April 8, 2026, the Assistant Secretary of the Navy (ASN) approved Plaintiff's administrative separation and retirement in the paygrade of O-5 with an Other Than Honorable ("OTH") characterization of service. (Dkt. 6, Ex. 1.) Separation orders effective June 1, 2026 followed (Dkt. 6, Ex. 2), characterizing the involuntary separation as "YOUR REQUEST TO BE TRANSFERRED TO THE RETIRED LIST" — a factual falsehood. Plaintiff never submitted a voluntary retirement request. *See* 5 U.S.C. § 704 (final agency action).

## D. Lost-Time Pay Designation

Since arriving at the Ocean View Residential Reentry Center in San Diego on November 4, 2025, Plaintiff has been available to report and repeatedly requested to return to military duty. The Navy has denied those requests while simultaneously asserting command authority over his outside employment. (Dkt. 6, Ex. 8.) As a result, Plaintiff has been in an unlawful lost-time status that has deprived him of approximately $18,000 per month in statutory basic pay since

6

November 4, 2025 — a total loss exceeding $126,000 at the time of the district court's ruling.

## E. District Court Proceedings

Plaintiff filed this action on May 18, 2026. The district court denied an initial TRO on May 19, 2026 for insufficient notice (Dkt. 4). After Plaintiff cured the deficiency and refiled with hand-delivery and certified mail service, the district court on May 28, 2026 denied the Renewed Emergency Motion for TRO and Preliminary Injunction (Dkt. 14), citing (1) failure to exhaust administrative remedies and (2) the

*The separation executed June 1, 2026* — one day before reconsideration was denied, and one week before Plaintiff's anticipated BOP release.

## STANDARD OF REVIEW

The denial of a preliminary injunction is reviewed for abuse of discretion. Whether the district court applied the correct legal standard is reviewed *de novo*. The district court's reliance on an inapplicable legal rule, and its failure to engage the sliding-scale test, are reviewed *de novo*. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## SUMMARY OF ARGUMENT

The district court committed three independent legal errors that require reversal.

First, the court applied *Hartikka v. United States*, 754 F.2d 1516 (9th Cir. 1985), as a categorical bar to irreparable harm. But *Hartikka* involved routine discretionary military personnel decisions. This case presents documented constitutional violations and mandatory statutory violations — a category *Hartikka* expressly left open. The harm here — OTH characterization, grade reduction, and veterans' benefits deprivation flowing from illegal procedures — is not the kind of personnel consequence *Hartikka* addressed.

Second, the court required exhaustion through the Naval Discharge Review Board and the Board for Correction of Naval Records. Both prongs of that analysis are wrong. Plaintiff is categorically ineligible for NDRB relief: that body's jurisdiction does not extend to members requesting reinstatement into the service or requesting back pay. As to the BCNR, Plaintiff did file — on May 26, 2026, five days before the separation executed. Proof of that submission was to be presented at a hearing scheduled for May 29, 2026 but which was vacated on May 28, 2026 (Dkt. 14). Plaintiff had no opportunity to submit that evidence. (See footnote 1.) Regardless, exhaustion of the BCNR was demonstrably futile: the Government's own official data at the BCNR's published website establishes that

8

processing currently takes an average of six to eight months, with a statutory outer limit of eighteen months under 10 U.S.C. § 1557, among approximately 12,000 annual applications considered in order received. No relief could have issued before June 1, 2026 in any scenario — including a hypothetical filing on the date the separation orders were issued in April 2026. **Futility excuses exhaustion as a matter of law.**

Third, even accepting the district court's framework, Plaintiff has raised serious questions going to the merits — which, combined with the balance of hardships tipping sharply in his favor, satisfies the Ninth Circuit's sliding-scale standard. The Navy's own regulations define finality of a conviction as completion of all appeals. That instruction was violated. The mandatory commands of 10 U.S.C. § 1186(b)(1) prohibit retirement below voluntary grade. That statute was violated. The record reflects documented constitutional infirmity. The district court did not address these arguments.

## ARGUMENT

To obtain an injunction pending appeal under Federal Rule of Appellate Procedure 8(a)(2), Plaintiff must demonstrate: (1) a likelihood of success on the merits (or serious questions going to the merits combined with a balance of hardships tipping sharply in his favor); (2) irreparable harm absent the injunction;

(3) that the balance of equities tips in his favor; and (4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). All four factors favor Plaintiff.

## I. THE DISTRICT COURT ERRED IN APPLYING HARTIKKA TO THIS CASE.

The district court dismissed the irreparable harm element by citing *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985), for the proposition that "loss of income, loss of retirement and relocation pay, and damage to reputation resulting from the stigma attaching to a less than honorable discharge" are insufficient to justify injunctive relief. This reliance was an abuse of discretion for three independent reasons.

First, *Hartikka* addressed discretionary personnel decisions, not mandatory statutory violations. The plaintiff in *Hartikka* was a discharged soldier contesting the *manner* of a discharge that was otherwise lawfully initiated. He did not allege, as Plaintiff does here, that (1) the separation was predicated on a non-final conviction in direct violation of the Navy's own governing instruction; (2) the retirement grade violated a mandatory command of Congress (10 U.S.C. § 1186(b)(1)); or (3) the proceedings were tainted by documented constitutional infirmities. *Hartikka* did not hold — and could not have held — that these categories of harm are insufficient.

Second, the harms identified by Plaintiff are qualitatively different from the harms in *Hartikka*. The loss of *grade* upon involuntary retirement is not the same as reduced retirement pay following a lawful discharge. The OTH characterization imposed here — flowing from proceedings Plaintiff's own appointed Navy defense counsel documented as constitutionally defective — is a permanent governmental finding that implicates protected liberty interests. *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972); *Codd v. Velger*, 429 U.S. 624 (1977). An OTH discharge forecloses federal employment, impairs VA disability and healthcare eligibility, eliminates educational and other VA benefits, and creates lasting stigma that cannot be assigned a monetary value. The district court's conflation of these distinct categories of harm with the routine pay and relocation loss in *Hartikka* was legal error.

Third, even under *Hartikka*, the Ninth Circuit has recognized that where military personnel actions implicate recognized constitutional rights, the calculus changes. Military personnel actions are reviewable when they involve "a violation of a recognized constitutional right, a federal statute, or military regulations." *Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002); *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). The harms here are inseparable from the constitutional and statutory violations themselves. The OTH discharge and grade reduction *are* the constitutional injury — they are the penalty imposed for exercising Fifth

11

Amendment rights at the BOI. They cannot be analytically separated from the underlying violation and then dismissed as mere "military personnel consequences."

Furthermore, Plaintiff will exit federal custody within days of the separation execution, June 8, 2026, and will have no income, reduced veterans' benefits, no stable housing, and an OTH discharge on his record. He has already been forced to sell his home due to the loss of pay. He will exit BOP custody homeless. These harms — imminent homelessness and complete absence of income — are not addressed by *Hartikka* and are not merely "administrative" in nature. They are physical and economic consequences that will compound daily and cannot be undone retroactively.

## II. THE DISTRICT COURT MISAPPLIED THE EXHAUSTION REQUIREMENT.

The district court held that Plaintiff had not satisfied the exhaustion requirement because he "concedes that he has not pursued available intraservice remedies, including review by the Naval Discharge Review Board or the Board for Correction of Naval Records." Dkt. 14. That holding was wrong in three independent and compounding respects.

**A.** Plaintiff is categorically ineligible for relief from the NDRB. The Naval Discharge Review Board's jurisdiction does not extend to applicants requesting reinstatement into the service or requesting back pay. Because Plaintiff is

requesting such relief, the district court's identification of the NDRB as an available remedy was legally incorrect on its face. A body that lacks jurisdiction over a claim is not an available remedy. Exhaustion of a forum that cannot provide relief is not required. *Fones4All Corp. v. FCC*, 550 F.3d 811, 815 (9th Cir. 2008); *Winterberger v. Gen. Teamsters Auto Truck Drivers & Helpers*, 558 F.2d 923, 925 (9th Cir. 1977).

**B.** As to the BCNR, the district court's exhaustion holding is factually as well as legally wrong. Plaintiff *did* file a BCNR application — on May 26, 2026, five days before the separation executed. The district court's characterization of Plaintiff as having "conceded" non-exhaustion of BCNR review was therefore incorrect. Had the May 29, 2026 hearing not been vacated, Plaintiff would have been able to present that evidence to the District Court. He did so in his motion to reconsider which was dismissed. But more fundamentally, the BCNR filing itself demonstrates futility rather than an available remedy. The BCNR's own official published data establishes futility with mathematical precision. Per the BCNR's Case Adjudication page (https://www.secnav.navy.mil/mra/bcnr/Pages/CaseAdjudication.aspx), the Board currently averages six to eight months to complete cases and processes approximately 12,000 applications per year in the order received. 10 U.S.C. § 1557 mandates that 90% of cases be finalized within 10 months and all within 18

13

months.  Plaintiff filed on May 26, 2026; separation executed June 1, 2026.  The fastest the BCNR could act was six months after filing — December 2026 at the absolute earliest.  Even under the most favorable hypothetical — a filing on the date the separation orders issued in April 2026 — the earliest possible relief would not have arrived before October 2026, nearly five months after execution.  A remedy that, by the Government's own published figures, cannot act until months after the irreparable harm has already occurred is not an "available" remedy within the meaning of the exhaustion doctrine.  "Where post-deprivation remedies are inadequate to prevent imminent irreparable harm, exhaustion does not bar relief." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992).  The BCNR application pending before the Board does not moot the need for injunctive relief from this Court; to the contrary, it confirms that Plaintiff has done everything within his power administratively, and that the BCNR process cannot supply timely, adequate relief.

**C.**  Plaintiff did not fail to exhaust available *pre-separation* remedies.  The record before the district court established:

(1) Plaintiff formally acknowledged rights while preserving all objections (Dkt. 6, Ex. C);

(2) LCDR Daly submitted a formal appeal of the BOI findings on February 20, 2026, invoking SECNAVINST 1920.6D, Encl. (11), and requesting a rehearing (Dkt. 6, Ex. 3);

14

(3) Plaintiff submitted a formal Request for Administrative Restraint to the Convening Authority on January 12, 2026 (Dkt. 6, Ex. 4) — which was denied;

(4) Navy Defense Counsel submitted a formal Request for Command Assistance regarding return to duty, lost-time status, and restoration of pay on November 14, 2025 (Dkt. 6, Ex. 6); and

(5) Plaintiff submitted a direct written appeal to Acting Secretary Hung Cao on May 1, 2026 (Dkt. 6, Ex. 7) — which received no response.

Taken together, the record establishes that Plaintiff pursued every available pre-separation remedy: he formally acknowledged rights while preserving all objections; his appointed Navy defense counsel filed a formal appeal of the BOI findings and requested rehearing; he submitted a Request for Administrative Restraint to the Convening Authority; he sought Command Assistance on the lost-time pay issue; and he wrote directly to the Acting Secretary. All were denied or ignored. The district court's exhaustion ruling rested on two bodies — the NDRB, which lacks jurisdiction, and the BCNR, which Plaintiff had already petitioned and which could not act in time. Neither provides a basis for withholding injunctive relief. *Wenger v. Monroe*, 282 F.3d 1068, 1073 (9th Cir. 2002) (exhaustion not required where plaintiff has pursued available remedies and post-separation bodies provide inadequate relief); *Brezler v. Mills*, 220 F. Supp. 3d

15

303, 315 (E.D.N.Y. 2016) (mandatory military procedures and regulations cannot be ignored by the services themselves).[1]

## III. PLAINTIFF RAISES SERIOUS QUESTIONS — AND LIKELY PREVAILS — ON THE MERITS.

Even under the district court's chosen framework, Plaintiff must prevail if he shows "serious questions going to the merits" combined with the balance of hardships "tipping sharply" in his favor. *Alliance for the Wild Rockies*, 632 F.3d at 1131–32. The five independent grounds below each separately raise serious questions. Taken together, they constitute a likelihood of success.

### A. The Agency Action Rests on a Non-Final Conviction in Violation of Navy Regulations and Federal Law.

SECNAVINST 1920.6D, Encl. (7), para. 10.b. defines finality of civilian criminal conviction only upon completion of "all appeals to which the defendant is entitled by law." *United States v. Essenfeld*, No. 24-6737, remains pending before this Court. The government has not yet answered the Appellant's Opening Brief. Under controlling Supreme Court authority, the conviction is not final. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *Clay v. United States*, 537 U.S. 522, 527 (2003); *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Feldman v. Henman*, 815 F.2d 1318, 1320–21 (9th Cir. 1987). Based on its own definition of finality, the Navy's governing instruction prohibits the action taken. Agency action in

---

[1] The Government's opposition (Dkt. 13) was filed the same day as the denial order (Dkt. 14) on May 28, 2026. Plaintiff had no opportunity to reply prior to the ruling.

contravention of controlling regulations and governing federal law is arbitrary, capricious, contrary to law, and procedurally defective under 5 U.S.C. § 706(2)(A) and (D).[2]

## B. The BOI Violated Plaintiff's Due Process and Fifth Amendment Rights.

Congress used mandatory language in 10 U.S.C. § 1185: a separation-eligible officer SHALL be allowed to appear in person, be represented by counsel, be given reasonable time to prepare, and be furnished copies of all relevant records in time to meaningfully prepare. The right to "appear in person" requires a *meaningful* opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

While Plaintiff appeared physically, his criminal appeal was pending, and active participation would have required waiving Fifth Amendment rights in the event of a retrial. The government may not impose substantial penalties — including career-ending administrative separation — as a consequence of an officer's exercise of the privilege against self-incrimination. *Garrity v. New Jersey*, 385 U.S. 493 (1967); *Lefkowitz v. Cunningham*, 431 U.S. 801 (1977). The Navy's decision to proceed before resolution of the criminal appeal *created* the

---

[2] The Ninth Circuit did not act on Plaintiff's motions for injunctive relief in No. 25-5700 on November 18, 2025, before the BOI had occurred, before the final agency action was taken, and before the separation orders were issued. There has been no merits adjudication of the claims now presented. See Fed. R. App. P. 12(b) (matters not argued are not preserved or decided).

17

constitutional dilemma. The harm falls on Plaintiff; the responsibility falls on the Navy.

Additionally, CAPT Ellis's pre-record statements to defense counsel — in the presence of all three board members — that zealous advocacy for the Plaintiff was "not good for the Navy" constituted prejudicial misconduct documented by Plaintiff's own appointed Navy defense counsel. *Brezler v. Mills*, 220 F. Supp. 3d at 318 ("mandatory military procedures and regulations cannot be ignored by the services themselves"). Those statements are not adequately reflected in the official transcript, limiting the Government's ability to argue the issue was resolved. *See* Dkt. 6, Ex. 3.

The due process implications are clear: where a person's good name, reputation, honor, and career are at stake, the minimum requirements of the Due Process Clause must be satisfied. *Codd v. Velger*, 429 U.S. 624 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972).

## C. Involuntary Retirement at O-5 Violates 10 U.S.C. § 1186(b)(1).

Title 10 U.S.C. § 1186(b)(1) provides that an officer removed from active duty under 10 U.S.C. § 1184 who is eligible for voluntary retirement SHALL be retired in the grade and with the retired pay for which he would be eligible if retired voluntarily. With more than thirty years of active service, Plaintiff is eligible for voluntary retirement at Captain (O-6) under 10 U.S.C. § 8322.

18

Involuntary retirement at O-5 with OTH characterization therefore violates the express terms of § 1186(b)(1) and exceeds the authority delegated to the ASN. *United States v. Symonds*, 120 U.S. 46, 49 (1887) ("An order of the Navy Department in conflict with an act of Congress is void.").

Moreover, the BOI's Findings Worksheet shows the Board checked "O-5 (Commander)" retirement grade without making the satisfactory-service determination that SECNAVINST 1920.6D, Encl. (9), mandates as a precondition for grade reduction. Encl. (9) goes on to state, "[] when the officer's record, in spite of the substandard performance of duty, misconduct, [] is otherwise so meritorious as to demonstrate that the officer served satisfactorily in the grade currently held, the recommendation should be for retirement in that grade." The Board's own character witnesses testified that Plaintiff's service "warrants retirement at his current rank" and that he "performed his duties effectively and was receiving awards and recognition for his work" even during the period in question. Plaintiff's Fitness Reports and the Defense Superior Service Medal — awarded for the same period as the alleged misconduct — confirm the record permits only one conclusion under § 1370(a)(1): retirement at grade O-6. *Perry v. Sindermann*, 408 U.S. 593 (1972).

19

## D. The Lost-Time Designation Violates 10 U.S.C. § 972 and 37 U.S.C. § 204.

As an active-duty officer who had not been lawfully discharged, Plaintiff was statutorily entitled to basic pay under 37 U.S.C. § 204. The Navy's lost-time designation since November 4, 2025 is not authorized by 10 U.S.C. § 972, which limits pay forfeiture to periods of unauthorized absence or confinement. Pre-release RRC status is neither. BOP Program Statement 7300.09 required Plaintiff to seek full-time employment within fifteen calendar days of RRC arrival. DoD Financial Management Regulation (DoD 7000.14-R, Vol. 7A, Ch. 1) requires that lost time be charged only when a member is not available for duty. The Navy's refusal to authorize Plaintiff's return to duty was the *direct cause* of his continued lost-time status — not Plaintiff's absence without authority, not confinement for an offense. Plaintiff attempted to report for duty and was denied.

## E. The ASN Action Was Ultra Vires.

The Convening Authority's non-delegable duty under SECNAVINST 1920.6D, Encl. (8), to review the BOI record and exercise its discretion — including the authority to defer or decline adverse action — was never properly exercised. Plaintiff formally requested that the Convening Authority exercise this discretion. (Dkt. 6, Ex. 4.) The forwarding of an unresolved record to the ASN without Convening Authority action on preserved objections renders the resulting final action procedurally defective and without lawful foundation.

20

## IV. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION.

The separation executed on June 1, 2026. Plaintiff is projected to be released from BOP custody on June 8, 2026. The injuries that flow from the separation are already occurring and cannot be undone retroactively:

**Pension grade reduction.** Retirement at O-5 versus O-6 represents a projected lifetime difference of hundreds of thousands of dollars. This earned entitlement, once forfeited, cannot be restored without prolonged separate litigation.

**OTH characterization.** An OTH discharge is a permanent governmental stigma finding. It forecloses federal employment, impairs VA disability and healthcare, eliminates educational and other VA benefits, and carries the lasting mark of official governmental disapproval. *Codd v. Velger*, 429 U.S. 624 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564 (1972). These liberty-interest harms are not compensable in damages.

**Loss of veterans' benefits.** Plaintiff will lose access to VA healthcare, disability compensation, and related post-service protections for the period of service characterized as other-than-honorable, more than 20 years of service. These losses cannot be retroactively restored.

**Imminent homelessness.** Plaintiff has no home — he was forced to sell it due to the loss of pay. An OTH discharge will impair eligibility for the veterans'

21

housing benefits and federal employment that represent his primary means of rebuilding. Upon release, he will have no permanent, regular, adequate nighttime residence within the meaning of 42 U.S.C. § 11302(a).

**Financial hardship.** Plaintiff has lost approximately $450,000 in pay and allowances to date — more than $126,000 since attempting to report for duty in November 2025. These ongoing losses compound daily. *Los Angeles Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

**Impairment of this Court's jurisdiction.** The executed separation impairs this Court's ability to grant effective relief in No. 25-5700 and risks mooting that proceeding entirely. The Government should not be permitted to finalize permanent administrative punishment while appellate courts are still adjudicating the legality of the underlying proceedings.

## V. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR AN INJUNCTION.

The balance of equities strongly favors Plaintiff. The requested injunction merely preserves the pre-separation status quo pending judicial review. It does not require the Navy to place Plaintiff in an operational command or disrupt military readiness. Plaintiff has been in non-operational, non-pay status throughout; maintaining that status while this Court adjudicates the legality of the agency action imposes no material operational burden on the Navy. Plaintiff, by contrast, faces permanent and irreversible career destruction and imminent homelessness.

22

It is always in the public interest for government officials and agencies to comply with the Constitution and laws enacted by Congress. *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017). Executing a separation predicated on procedurally defective proceedings, a non-final conviction, and in violation of mandatory statutory rights undermines public confidence in both the military justice system and the rule of law. "There is generally no public interest in the perpetuation of unlawful agency action." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1201 (9th Cir. 2022); *Alliance for the Wild Rockies*, 632 F.3d at 1131–32.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court:

1. Reverse the district court's orders denying TRO and preliminary injunction (Dkt. 14) and denying reconsideration (Dkt. 16);

2. Issue an injunction pending appeal staying the execution of all separation orders, enjoining Defendants from giving effect to the June 1, 2026 retirement in reduced grade, and directing preservation of all pay, grade, characterization of service, and benefits rights pending final adjudication;

3. In the alternative, remand with instructions to apply the correct legal standard regarding irreparable harm and exhaustion and to address on the merits Plaintiff's five independent grounds for relief; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Theodore E. Essenfeld**
Plaintiff-Appellant, Pro Se
Reg. No. 08418-506
PO Box 530273
San Diego, California 92153
tedessenfeld@gmail.com | (619) 481-1242
Dated: June 4, 2026

## CERTIFICATE OF SERVICE

Plaintiff certifies that on June 4, 2026, a true and correct copy of the foregoing **EMERGENCY OPENING BRIEF AND MOTION FOR INJUNCTION PENDING APPEAL** was served upon Defendants' counsel of record via email — the same method by which Defendants' counsel served Plaintiff in this action, constituting consent to email service under Fed. R. Civ. P. 5(b)(2)(E) — at the following addresses:

Glen F. Dorgan, AUSA — glen.dorgan@usdoj.gov

Roger G. Wright, SAUSA — roger.wright@usdoj.gov

Office of the United States Attorney
Southern District of California
880 Front Street, Room 6293
San Diego, CA 92101


**Theodore E. Essenfeld**
Plaintiff-Appellant, Pro Se

## DECLARATION OF THEODORE E. ESSENFELD

Pursuant to Title 28 U.S.C. § 1746, I, Theodore E. Essenfeld, declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff-Appellant in this action. I am a United States Navy Captain (O-6) with more than thirty years of active service. As of the filing of this brief, I am residing at the Ocean View Residential Reentry Center, 551 S. 35th Street, San Diego, California 92113. My conditional release date from BOP custody under the First Step Act is June 8, 2026.

2. The facts set forth in the Statement of the Case are true and correct to the best of my knowledge and belief. All exhibits identified in the district court record are authentic copies of the documents they purport to be.

3. I did not submit a voluntary retirement request. The characterization of the June 1, 2026 separation orders as implementing "YOUR REQUEST TO BE TRANSFERRED TO THE RETIRED LIST" is factually incorrect. The separation was involuntary in all respects.

4. Since arriving at the Ocean View Residential Reentry Center on November 4, 2025, I have been willing and able to report for military duty. I have repeatedly requested to return to duty and have been denied. I appeared in person at the Board of Inquiry in December 2025 which demonstrated both my willingness and availability to report for duty.

1

5. I have lost approximately $450,000 in pay and allowances since the Navy denied me pay beginning in 2024. More than $126,000 of that loss occurred after November 4, 2025, when I arrived at the RRC and attempted to return to duty. I was forced to sell my home and am currently without permanent housing.

6. I submit this brief as an emergency application. The separation executed June 1, 2026. I am projected to exit BOP custody within days. Absent relief from this Court, I will exit custody without income, without veterans' benefits, without housing, and with a permanent OTH characterization on my record.

Executed on June 4, 2026, at San Diego, California.

**Theodore E. Essenfeld**
Plaintiff-Appellant, Pro Se

No. __26-3692__ (9th Cir.)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

THEODORE E. ESSENFELD,

Plaintiff-Appellant,

v.

DEPARTMENT OF THE NAVY; HUNG CAO,

Acting Secretary of the Navy, in his official capacity;

and THE UNITED STATES OF AMERICA,

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of California
*Case No. 3:26-cv-03086-JO-MSB*

## PLAINTIFF-APPELLANT'S EXHIBIT COMPILATION

**In Support of Emergency Opening Brief and
Motion for Injunction Pending Appeal
(Fed. R. App. P. 8(a)(2))**

**Submitted by:**
Theodore E. Essenfeld
Plaintiff-Appellant, Pro Se
551 S. 35th Street, San Diego, California 92113
tedessenfeld@gmail.com | (619) 481-1242
Dated: June 4, 2026

**NOTE REGARDING EXHIBIT SOURCES:** All exhibits in this compilation were previously submitted to the United States District Court for the Southern District of California in *Essenfeld v. Department of the Navy*, Case No. 3:26-cv-03086-JO-MSB, and are part of the district court record. Exhibits are drawn from Dkt. 6 (Renewed Emergency Motion for TRO, filed May 20, 2026); Dkt. 10 (Motion to Supplement Record, filed May 26, 2026); and the reconsideration record (Dkt. 15, filed May 29, 2026). The district court docket entry for each exhibit is identified on the individual exhibit divider pages and in the Master Exhibit Index below. The orders on appeal are Dkt. 14 (May 28, 2026) and Dkt. 16 (June 2, 2026).

**NOTE REGARDING EXHIBIT I (BCNR PROCESSING TIMELINES):** Exhibit I reproduces and cites official processing timeline data published by the Board for Correction of Naval Records at *https://www.secnav.navy.mil/mra/bcnr/Pages/CaseAdjudication.aspx* (retrieved June 3, 2026). Per the BCNR's own data: (1) processing takes a current average of 6–8 months; (2) per 10 U.S.C. § 1557, all cases must be finalized within 18 months; and (3) cases are considered in order received among approximately 12,000 annual applications. Plaintiff filed his BCNR application (Exhibit H) on May 26, 2026 — five days before the June 1, 2026 separation. Under any scenario, including a hypothetical filing on the earliest possible date, no BCNR relief could have issued before execution of the separation orders. The BCNR's own published data thereby establishes the futility of that remedy as a matter of administrative fact.

---

# MASTER EXHIBIT INDEX

| Exhibit | Description | District Court Source | Brief Argument(s) |
|---|---|---|---|
| **ORDERS ON APPEAL** | | | |
| **A** | Minute Order Denying TRO and Preliminary Injunction (May 28, 2026) | *Dkt. 14* | Orders on Appeal; Arg. I, II |
| **B** | Minute Order Denying Motion for Reconsideration (June 2, 2026) | *Dkt. 16* | Orders on Appeal; Arg. I, II |
| **FINAL AGENCY ACTION** | | | |
| **C** | Notice of Approved Separation Action — Emails, April 8–9, 2026 (ASN Approval) | *Dkt. 6, Ex. 1* | Case §C; Arg. III.A, E |
| **D** | Official Retirement Orders — BUPERS Order 0996, Effective June 1, 2026 | *Dkt. 6, Ex. 2* | Case §C; Arg. III.C |
| **PRE-SEPARATION EXHAUSTION OF REMEDIES** | | | |
| **E** | Appeal of BOI Findings — LCDR Colleen E. Daly, JAGC, USN (Feb. 20, 2026) | *Dkt. 6, Ex. 3* | Case §B; Arg. II.C, III.B |
| **F** | Request for Administrative Restraint to Convening Authority (Jan. 12, 2026) | *Dkt. 6, Ex. 4* | Arg. II.C, III.E |
| **G** | Letter to Acting Secretary Hung Cao — Request for Reconsideration (May 1, 2026) | *Dkt. 6, Ex. 7* | Arg. II.C |
| **EXHAUSTION: BCNR FILING AND FUTILITY** | | | |
| **H** | DD Form 149 — Application for Correction of Military Record (BCNR), Filed May 26, 2026 | *Dkt. 10 / Recon. Record* | Arg. II.B (BCNR Filed) |
| **I** | BCNR Official Processing Timelines (secnav.navy.mil/mra/bcnr/Pages/CaseAdjudication.aspx): 10–18 months statutory range; current avg. 6–8 months; ~12,000 cases/yr received in order; statutory | *Official Gov't Website / Dkt. 15 Record* | Arg. II.A–B (NDRB Ineligibility; BCNR Futility) |

Essenfeld v. Dep't of the Navy, No. _____ (9th Cir.) — Exhibit Compilation — Page 3

| Exhibit | Description | District Court Source | Brief Argument(s) |
|---|---|---|---|
| | mandate: 10 U.S.C. § 1557. Application filed May 26, 2026; separation June 1, 2026. Shortest possible processing = minimum 6 months. Futility established. | | |
| **NINTH CIRCUIT PROCEEDINGS** | | | |
| **J** | Ninth Circuit Docket — No. 25-5700 (Essenfeld v. Phelan) | *Dkt. 6, Ex. 5A* | Footnote 3 |
| **K** | Ninth Circuit Docket — No. 24-6737 (United States v. Essenfeld — Non-Final Conviction) | *Dkt. 6, Ex. 5B* | Case §A; Arg. III.A |
| **LOST-TIME / DUTY STATUS** | | | |
| **M** | Request for Command Assistance — Lost-Time Pay (Nov. 14, 2025) | *Dkt. 6, Ex. 6* | Case §D; Arg. III.D |
| **N** | Command Response Denying Return to Duty — RDML De Vore (Dec. 5, 2025) | *Dkt. 6, Ex. 8* | Case §D; Arg. III.D |
| **O** | BOP Updated Release Timeline Documentation (Projected Release: June 23, 2026) | *Dkt. 6, Ex. 9* | Case §E; Arg. IV |
| **MOTION TO SUPPLEMENT THE RECORD EXHIBITS (DKT. 10)** | | | |
| **P** | Second Endorsement on Final Civil Action Report — RDML R.W. Peck (Dec. 13, 2024) | *Dkt. 10, Ex. A* | Arg. III.C (Grade) |
| **Q** | FSA Time Credit Assessment — Federal Bureau of Prisons (July 18, 2025) | *Dkt. 10, Ex. B* | Case §E |
| **R** | Acknowledgment of Rights — CAPT Essenfeld (April 28, 2025) | *Dkt. 10, Ex. C* | Arg. II.C |
| **S** | BOI Record of Proceedings — Excerpts (Dec. 18–19, 2025); Sub-exhibits D-1 through D-8 | *Dkt. 10, Ex. D* | Case §B; Arg. III.B, C |
| **T** | Defense Superior Service Medal — Citation and Orders (Period Overlapping Alleged Misconduct) | *Dkt. 10, Ex. E* | Arg. III.C (§ 1186) |

| Exhibit | Description | District Court Source | Brief Argument(s) |
|---|---|---|---|
| U | Fitness Reports — August 2020 through June 2023 (All Available at Grade O-6) | *Dkt. 10, Ex. F* | Arg. III.C (Satis. Service) |
| **DISTRICT COURT RECORD** | | | |
| V | Complete District Court Docket — S.D. Cal. Case No. 3:26-cv-03086-JO-MSB (Retrieved June 3, 2026) | *ECF Docket Report* | Jurisdictional Statement; All |

**EXHIBIT S — BOI Record of Proceedings Sub-Exhibit Summary:** Exhibit S (Dkt. 10, Ex. D) contains nine labeled sub-exhibits: D-1 (Convening Order and Acknowledgment of Rights, Dec. 12, 2025); D-2 (Opening Statement of Recorder); D-3 (Gang Affiliation Notation, Otay Mesa Detention); D-4 (Testimony of Defense Witnesses); D-5 (Pre-Record Statements, CAPT Brian J. Ellis; Respondent Testimony Excerpts); D-6 (Unsworn Statement of CAPT Essenfeld; Findings Worksheet); D-7 (Government Exhibit Table of Contents, identifying GE 25; Recorder Closing Statement); D-8 (Government Exhibit 25 — Ninth Circuit Docket No. 24-6737; SECNAVINST 1920.6D Enclosure (9); NAVADMIN 237/20).

# EXHIBIT A

## Minute Order Denying TRO and Preliminary Injunction
*May 28, 2026*

**District Court Source:** *Dkt. 14, S.D. Cal. No. 3:26-cv-03086-JO-MSB*
**Brief Reference:** Orders on Appeal; Arg. I, II

*↓ Exhibit document follows this divider page ↓*

**05/28/2026  14  Minute Order** by Judge Jinsook Ohta: On May 20, 2026, Plaintiff Theodore E. Essenfeld filed a renewed emergency motion for a temporary restraining order ("TRO") and preliminary injunction enjoining Defendants U.S. Department of the Navy, Acting Secretary of the Navy Hung Cao, and the United States from terminating his military service. Dkt. 6 ("TRO Mot.")

The Court finds that Plaintiff is not entitled to TRO relief because he has not made a "clear showing" that he is likely to succeed on the merits of his claims. Under Fed. R. Civ. P. 65(b), a TRO is an "extraordinary remedy" that a Court should grant only upon a "clear showing" that the Plaintiff is entitled to the relief. Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a plaintiff must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 21); see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the standard for a TRO and preliminary injunction is "substantially identical").

Here, Plaintiff has not shown that he is likely to succeed on the merits of his claims. He requests that the Court review the military's decision to terminate his service effective June 1, 2026. TRO Mot. at 6. However, "[a]n internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies." Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2002) (internal citations omitted). Plaintiff has not satisfied the exhaustion requirement. To the contrary, he concedes that he has not pursued available intraservice remedies, including review by the Naval Discharge Review Board or the Board for Correction of Naval Records. TRO Mot. at 31.

Moreover, Plaintiff has not established irreparable harm. Plaintiff claims that in the absence of preliminary relief, he will suffer a reduction in retirement pay, loss of military benefits, financial hardship, and reputational and professional injury. Id. at 26-30. However, these military administrative and disciplinary actions are not irreparable injuries. See Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985) (holding that "loss of income, loss of retirement and relocation pay, and damage to [Plaintiff's] reputation resulting from the stigma attaching to a less than honorable discharge" are insufficient to justify injunctive relief).

For these reasons, the Court DENIES Plaintiff's renewed emergency motion for TRO and preliminary injunction. The Court VACATES the May 29, 2026 hearing. There will be NO hearing on May 29, 2026. Signed by Judge Jinsook Ohta on 05/28/2026. (rh) (All non-registered users served via U.S. Mail Service) (rxc). (Entered: 05/28/2026)

# EXHIBIT B

## Minute Order Denying Motion for Reconsideration
*June 2, 2026*

**District Court Source:** *Dkt. 16, S.D. Cal. No. 3:26-cv-03086-JO-MSB*
**Brief Reference:** Orders on Appeal; Arg. I, II

*⬇ Exhibit document follows this divider page ⬇*

**06/02/2026** **16** Minute Order by Judge Jinsook Ohta: On May 29, 2026, Plaintiff Theodore E. Essenfeld filed an emergency motion for reconsideration of this Court's denial of his motion for temporary restraining order ("TRO"). Dkt. 15.

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) to correct clear error in the prior decision or a result of manifest injustice. Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1179 (9th Cir. 1998).

Plaintiff has not identified any newly discovered evidence, intervening change in the law, or manifest injustice that would result if the Court does not reconsider its decision. Instead, he argues that the Court committed clear error in its application of the exhaustion requirement and Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The Court need not address Plaintiff's arguments, because even assuming their validity, Plaintiff has still failed to establish that termination of employment and a decrease in paygrade, without more, constitutes irreparable harm. See id.; Dkt. 14. Accordingly, the Court DENIES Plaintiff's motion for reconsideration [Dkt. 15 ]. Signed by Judge Jinsook Ohta on 06/02/2026. (rh) (All non-registered users served via U.S. Mail Service) (rxc). (Entered: 06/02/2026)

# EXHIBIT C

## Notice of Approved Separation Action
*Emails, April 8–9, 2026 (ASN Approval)*

**District Court Source:** *Dkt. 6, Ex. 1*
**Brief Reference:** Statement of Case §C; Arg. III.A, III.E

*⬇ Exhibit document follows this divider page ⬇*

 **Gmail**        **Theodore Essenfeld <tedessenfeld@gmail.com>**

## ASN APPROVED ADSEP AND RETIREMENT ICO CAPTAIN THEODORE ESSENFELD

**Hewlett, Alan R CIV USN (USA)** <alan.r.hewlett.civ@us.navy.mil>      Wed, Apr 8, 2026 at 9:10 AM
To: "tedessenfeld@gmail.com" <tedessenfeld@gmail.com>
Cc: "Cunningham, Nicholas F (BD) CAPT USN COMNAVPERSCOM MIL TN (USA)"
<nicholas.f.cunningham2.mil@us.navy.mil>, "Gates, Andrew R CDR USN COMNAVPERSCOM MIL TN (USA)"
<andrew.r.gates.mil@us.navy.mil>, "Bean, Lillian L LT USN COMNAVREG SW SAN CA (USA)"
<lillian.l.bean.mil@us.navy.mil>, "Madison, Betty M CPO USN NSA MID SOUTH MIL TN (USA)"
<betty.m.madison.mil@us.navy.mil>

Captain Essenfeld,

The Assistant Secretary of the Navy has approved your administrative separation and retirement in the paygrade of 0-5 with an Other than Honorable characterization of service.  PERS 835 will be processing your Officer retirement (PSC Madison, cc'd).

Very Respectfully,

Alan Hewlett

Human Resource Specialist

PERS-834

Officer Performance and Separations

Navy Personnel Command

(901) 874-2090

CUI

Controlled by: DON

Controlled by: PERS-834

CUI Category: PRVCY

Distribution/Dissemination Control: FEDCON

 **Gmail**

**Theodore Essenfeld <tedessenfeld@gmail.com>**

# ASN APPROVED ADSEP AND RETIREMENT ICO CAPTAIN THEODORE ESSENFELD

**Hewlett, Alan R CIV USN (USA)** <alan.r.hewlett.civ@us.navy.mil>      Thu, Apr 9, 2026 at 11:16 AM
To: "tedessenfeld@gmail.com" <tedessenfeld@gmail.com>
Cc: "Cunningham, Nicholas F (BD) CAPT USN COMNAVPERSCOM MIL TN (USA)"
<nicholas.f.cunningham2.mil@us.navy.mil>, "Gates, Andrew R CDR USN COMNAVPERSCOM MIL TN (USA)"
<andrew.r.gates.mil@us.navy.mil>, "Bean, Lillian L LT USN COMNAVREG SW SAN CA (USA)"
<lillian.l.bean.mil@us.navy.mil>, "Madison, Betty M CPO USN NSA MID SOUTH MIL TN (USA)"
<betty.m.madison.mil@us.navy.mil>, "Daly, Colleen E LCDR USN DEFSVCOFF WE SAN CA (USA)"
<colleen.e.daly4.mil@us.navy.mil>, "Brandwein, Kevin R CDR USN COMNAVLEGSVCOM DC (USA)"
<kevin.r.brandwein.mil@us.navy.mil>

Good Afternoon Sir,

1. **Timeline for Execution**
   What is the anticipated timeline for implementation of this decision, including my projected final
   separation/retirement date?

- **PERS 835 will be processing your retirement for 1 June 2026.**

2. **Awareness of Pending Federal Proceedings**
   Is the Assistant Secretary of the Navy aware that there are currently pending matters before the United States
   Court of Appeals for the Ninth Circuit (Case No. 25-5700), including:
   - a pending Emergency Motion for Injunctive Relief, and
   - a pending Petition for a Writ of Mandamus
     seeking to enjoin the very actions now approved?

- **Your Request for Exception to the Policy memorandum, Acknowledgement of Rights statement, CDR
  Brandwein's, Counsel for Respondent, memorandum for Objection to conducting Board of Inquiry in
  ABSENTIA was in the case package for ASN to review and make a final adjudication.**

3. **Authority and Delegation**
   Given that this action involves a retirement-eligible officer and an Other Than Honorable characterization of
   service, please clarify the legal authority under which this decision was made.

   As I understand the governing framework under Title 10, including 10 U.S.C. §§ 1181–1187 and § 1370, such
   actions are subject to heightened statutory protections and are generally reserved to the Secretary of the Navy.

   Please identify:

   - whether the Secretary of the Navy personally approved this action, or
   - the specific authority under which this decision was delegated to the Assistant Secretary

- **The Secretary of the Navy has delegated Officer separations and retirements to the Assistant Secretary of
  the Navy (Manpower & Reserve Affairs).**

Please be advised an Officer may submit an application to the Naval Discharge Review Board for fairness and equitable
treatment. The process for the application can be located at https://www.secnav.navy.mil/mra/CORB/Pages/NDRB/default.
aspx. Another process would be through the Board of Corrections to Naval Records for administrative review at
https://www.secnav.navy.mil/mra/bcnr/Pages/default.aspx.

[Quoted text hidden]

# EXHIBIT D

### Official Retirement Orders — BUPERS Order 0996
*Effective June 1, 2026*

**District Court Source:** *Dkt. 6, Ex. 2*
**Brief Reference:** Statement of Case §C; Arg. III.C

*↓ Exhibit document follows this divider page ↓*

ROUTINE                                    ZYUW RUCLFVA0000 0990101

R 090101Z  APR  26

FM COMNAVPERSCOM MILLINGTON TN//PERS83    //

TO    COMNAVPERSCOM MILLINGTON TN//JJJ//


      DFAS CLEVELAND OH//JJJ//

      COMNAVCRUITCOM MILLINGTON TN//JJJ//

      TSC PENSACOLA FL//JJJ//


UNCLAS //N01321//

MSGID/GENADMIN/CHNAVPERS//

SUBJ/BUPERS ORDER//

RMKS/

  BUPERS ORDER: 0996    XXX-XX-6576/1110   (PERS-83)

      OFFICIAL RETIREMENT ORDERS FOR

      CAPT THEODORE E ESSENFELD,  USN

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

  IN CARRYING OUT/PROCESSING THESE ORDERS, BOTH PARTS ONE AND TWO

      MUST BE READ AND LISTED INSTRUCTIONS COMPLIED WITH.

.                    FOR OFFICIAL USE ONLY

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

                    P A R T    O N E

- YOUR REQUEST TO BE TRANSFERRED TO THE RETIRED LIST WAS APPROVED BY

THE SECRETARY OF THE NAVY EFFECTIVE 01 JUN 2026.  ON 01 JUN 2026

YOU WILL BE TRANSFERRED TO THE RETIRED LIST WITH THE GRADE OF CDR

AND WITH RETIRED PAY OF CDR, PURSUANT TO PROVISIONS OF 10 U.S.C.

SEC. 8322.

- APPROVAL OF THE VOLUNTARY RETIREMENT REQUEST DOES NOT AFFECT

SECNAV'S AUTHORITY TO RECONSIDER YOUR RETIREMENT GRADE OR SERVICE

AFTER YOUR EFFECTIVE RETIREMENT DATE PURSUANT TO EXISTING STATUTES

AND REGULATIONS, INCLUDING UNIFORM CODE OF MILITARY JUSTICE,

SECNAVINST 1920.6 (SERIES), AND JAGINST 5800.7 (SERIES).

------- DETACHING ACTIVITY (M) -------

WHEN DIRECTED BY REPORTING SENIOR, DETACH IN MAY 26     EDD: MAY 26

FROM BUPERS CIV CONFINEMENT ACCOUNT                     UIC: 4111D

PERMANENT DUTY STATION  TN, MILLINGTON

FROM TEMPORARY DUTY   - DISCIPLINARY                    ACC: 392

- PERSONNEL ACCOUNTING SUPPORT: TSC PENSACOLA

                                                        UIC: 43081

- PROCEED TO HOME OF SELECTION.  REGARD RELIEVED OF ALL ACTIVE DUTY

EFFECTIVE AT 2400 ON DATE OF DETACHMENT.

------- ACCOUNTING DATA -------

PCS ACCOUNTING DATA:

MAC CIC: N0002226CTWDX2N

CIC: AE5D652V

LOA: 1761453.2258 210 00022 050120 2D 574200 02226CTWDX2N

SDN: N0002226CTWDX2N

TAC: NA56

.

NTS ACCOUNTING DATA:(REPLACE UNDERSCORES WITH CURRENT FY)

NTS TAC: NT6_

SAC LOA: 1761453.2258 210 00022 050120 2D 574200 02226CTWDX2N

NTS SDN: N00022__CBSNT6_

P A R T    T W O

BUPERS ORDER:  0996    XXX-XX-6576/1110       (PERS-83)

OFFICIAL RETIREMENT ORDERS FOR

CAPT THEODORE E ESSENFELD,  USN

------- DETACHING ACTIVITY (M) -------

- DETACHING COMMAND: IF TRANSOCEANIC TRAVEL WILL BE PERFORMED

BY MEMBER, PORT CALL ASSIGNED BY THE NAVY PASSENGER TRANSPORTATION

OFFICE WILL CANCEL THE REPORT NOT LATER THAN (NLT) DATE, AT

RECEIVING COMMAND, AND SHALL CONSTITUTE THE SPECIFIC DATE MEMBER IS

TO REPORT FOR TRANSPORTATION. IF THIS IS AN MODIFICATION CANCELLATION OR MODIFICATION OF PORT CALL MAY BE REQUIRED. IF SO, IMMEDIATELY CONTACT SERVICING NPTO.  OPNAVINST 4650.15 SERIES REFERS.

- COMPLY WITH MILPERSMAN 1320-110 REGARDING TRAVEL TIME AUTHORIZED IN EXECUTION OF THESE ORDERS.

- EMBARKING ON A PERMANENT CHANGE OF STATION (PCS) MOVE CAN BE CHALLENGING, BUT IT DOESN'T HAVE TO BE OVERWHELMING  MYNAVY HR RE-LEASED THE PCS GUIDE, COVERING EVERYTHING FROM PRE-DEPARTURE PLANNING AND TRAVEL ENTITLEMENTS TO SETTLING INTO YOUR NEW COMMAND AND HOME. EQUIP YOURSELF WITH THE KNOWLEDGE AND RESOURCES YOU NEED FOR A SUC-CESSFUL MOVE - MAKE THE PCS GUIDE YOUR GO-TO RESOURCE  COPY AND PASTE THE URL TO DOWNLOAD THE PCS GUIDE: HTTPS://DVIDSHUB.NET/R/D3XF8N.

- DETACHING COMMAND:  ENSURE MEMBER HAS A COMPLETED AND DOCUMENTED HIV TEST WITHIN 24 MONTHS OF EDD.  EVERY EFFORT SHOULD BE MADE TO ENSURE RESULTS ARE RECEIVED PRIOR TO TRANSFER.

- THIS TRANSFER FUNDED FOR MEMBER AND AUTH DEPENDENTS AS REFLECTED ON SERVICE RECORD PAGE TWO, PER JTR CHAPTER 5, DEPENDENTS ACQUIRED ON OR PRIOR TO THE EFFECTIVE DATE OF ORDERS ARE AUTH TRAVEL/TRANSP ALLOWANCES FROM THE PLACE AT WHICH ACQUIRED TO THE NEW PDS, UP TO THE TVL/TRANSP ENTITLEMENT FOR TVL FROM OLD PDS TO THE NEW PDS. PLEASE REFER TO JTR APPENDIX A FOR DEFINITION OF EFFECTIVE DATE OF PCS ORDERS.

- PER RETIREMENT GRADE DETERMINATION LTR RCVD 8APR2026, RETIRE MEMBER IN THE PAYGRADE OF O5, OTHER-THAN-HONORABLE CHARACTERIZATION OF SERVICE, AND SPD CODE SNC.

------- SPECIAL INSTRUCTIONS -------

- REVIEW YOUR LES AFTER SEPARATION.  YOU WILL HAVE MYPAY ACCESS FOR 12 MONTHS AFTER SEPARATION AND WILL BE ABLE TO VIEW AND DOWNLOAD THE PREVIOUS 12 MONTHS OF LES AND PREVIOUS 5 YEARS OF W-2 VIA MYPAY. PLEASE ENSURE THAT YOU LOG INTO MYPAY AND VALIDATE THAT YOUR ACCOUNT IS ACTIVE AND RESET YOUR PASSWORD PRIOR TO YOUR SEPARATION DATE. YOU

CAN REQUEST LES OLDER THAN 12 MONTHS BY GOING TO ASKDFAS AT THE FOLLOWING LINK: HTTPS://CORPWEB1.DFAS.MIL/ASKDFAS/TICKETINPUT.ACTION? SUBCATEGORYID 18084.

- MEMBER ADVISED:  IN CASES WHERE THESE ORDERS CONFLICT WITH THE JOINT TRAVEL REGULATIONS OR ANY OTHER REGULATION, THE REGULATION PREVAILS.

- MEMBER ADVISED: IF YOU INTEND TO MOVE OR STORE ANY HOUSEHOLD GOODS (HHG) UPON RECEIVING THESE ORDERS, YOU ARE REQUIRED TO INITIATE THE MOVE REQUEST IMMEDIATELY, AND NO LATER THAN 14 DAYS FROM THE DATE YOU RECEIVE THESE ORDERS. FAILURE TO COMPLY WITH THIS TIMELINE MAY RESULT IN DELAYS. YOU MAY UPDATE THE DELIVERY DATE AND ADDRESS AT YOUR DESTINATION PRIOR TO THE MOVE. YOU CAN SUBMIT YOUR HHG SHIPMENT HTTPS://DPS.MOVE.MIL/CUST/STANDARD/USER/HOME.XHTML.  FOR NAVY ENTITLEMENT QUESTIONS GO TO HTTPS://WWW.NAVSUP.NAVY.MIL/HOUSEHOLD; EMAIL US AT HOUSEHOLDGOODS(AT)US.NAVY.MIL OR CONTACT OUR HHG CUSTOMER CONTACT CENTER AT 1-855- 444-6683 DURING NORMAL BUSINESS HOURS FROM 0800-1900 (ET) MONDAY THROUGH FRIDAY.

- IF YOU HAVE QUESTIONS ON YOUR CURRENT SHIPMENT YOU CAN CONTACT THE DOW PPA CALL CENTER AT 1-833-645-6683 OPTION 1 OR EMAIL PCSCALLCENTER (AT)MAIL.MIL.

- PRIOR TO EFFECTIVE DATE OF RETIREMENT OBTAIN A PHYSICAL EXAMINATION.

- IF HOSPITALIZED AT ANY TIME DURING PERIOD PRECEDING DATE OF YOUR RETIREMENT, YOU SHOULD ADVISE NPC BY MESSAGE CONCERNING DIAGNOSIS, PROGNOSIS AND PROBABLE PERIOD OF HOSPITALIZATION.

- EFFECTIVE UPON BEING TRANSFERRED TO RETIRED LIST YOUR DESIGNATOR IS CHANGED TO 1113.

- DFAS-CLEVELAND CENTER, CLEVELAND PASS ONE COPY TO CODE JJSK(C) AND ONE COPY TO CODE JYDD.

- DFAS-CLEVELAND CENTER, CLEVELAND PASS COPY TO CODE JR.

- MEMBER ADVISED: THE SURVIVOR BENEFIT PLAN (SBP) IS A WAY TO

PROVIDE AN ANNUITY FOR YOUR FAMILY MEMBERS. RETIREMENT IS YOUR ONLY CHANCE TO ELECT THIS IMPORTANT BENEFIT. YOUR DECISION NOT TO PARTICIPATE IS IRREVOCABLE, EXCEPT THAT NEW PARTICIPANTS HAVE AN OPPORTUNITY TO DISENROLL BETWEEN THEIR 2ND AND 3RD YEAR ANNIVERSARY. CONSULT YOUR CAREER COUNSELOR ABOUT THE SBP OPTIONS.

- YOUR DEDICATED SERVICE TO THE NAVY AND YOUR COUNTRY IS DEEPLY APPRECIATED.  MAY YOU ENJOY EVERY SUCCESS AND HAPPINESS IN THE FUTURE.

                              (SIGNED)

                              K. M. KENNEDY

                              REAR ADMIRAL, U.S. NAVY

                              COMMANDER NAVY PERSONNEL COMMAND

PERS93    PERS25

NNNN

ROUTINE                              ZYUW RUCLFVA0000 0990102

R 090102Z  APR  26

FM COMNAVPERSCOM MILLINGTON TN//PERS83    //

TO    TSC PENSACOLA FL//JJJ//


UNCLAS //N01321//

MSGID/GENADMIN/CHNAVPERS//

SUBJ/BUPERS ORDER//

RMKS/

  CERTIFICATE OF RELEASE OR DISCHARGE FROM

      ACTIVE DUTY DD FORM 214 (1 JUL 79) IN CONNECTION

      WITH BUPERS ORDER 0996 XXX-XX-6576/1110

1.  THE DD FORM 214 PROVIDES THE MILITARY SERVICES WITH INFORMATION FOR ADMINISTRATIVE PROCESSING AS WELL AS DATA REQUIRED BY THE SEPARATEE FOR PERSONAL USE.  FOR ASSISTANCE IN FILLING OUT THE DD FORM 214 COMPLETELY AND ACCURATELY, YOU SHOULD USE ENCLOSURE (1) TO BUPERSINST 1900.8 (SERIES) WHICH PROVIDES DETAILED BLOCK-BY-BLOCK

INSTRUCTIONS. MARGINAL ENTRIES SHOULD BE AVOIDED AND ALL DD FORM 214 BLOCKS SHOULD CONTAIN AN AUTHORIZED ENTRY.

2. YOUR ATTENTION IS INVITED TO THE SPECIAL ADDITIONAL INFORMATION SECTION WHICH SHOULD BE COMPLETED AND CONTAIN THE SEPARATION CODE SNC IN BLOCK 26.

3. TO ENSURE PROPER DISTRIBUTION OF DD FORM 214, DISTRIBUTION SHOULD BE IN ACCORDANCE WITH ENCLOSURE (1) BUPERSINST 1900.8 (SERIES). IF THE MEMBER REQUESTS COPY 4 OF THE DD FORM 214 IT IS MANDATORY THAT THE MEMBER INITIAL BLOCK 30.

4. THE DD FORM 214 IS A SENSITIVE DOCUMENT VULNERABLE TO FRAUDULENT USE; AS A RESULT, SPECIAL PRECAUTIONS SHOULD BE TAKEN DURING PROCESSING. IN CASES WHERE YOUR COMMAND IS NOT PROCESSING THE MEMBER FOR SEPARATION, THIS LETTER OF INSTRUCTION SHOULD BE DETACHED FROM MEMBER'S AUTHORIZATION, PLACED IN A SEALED ENVELOPE ADDRESSED TO THE SEPARATING AUTHORITY AND CARRIED BY THE MEMBER.

NNNN

# EXHIBIT E

## Appeal of BOI Findings — LCDR Colleen E. Daly, JAGC, USN

*February 20, 2026*

**District Court Source:** *Dkt. 6, Ex. 3*
**Brief Reference:** Statement of Case §B; Arg. II.C, III.B

*⤋ Exhibit document follows this divider page ⤋*

CUI

20 Feb 26

From: LCDR Colleen E. Daly, JAGC, USN, Counsel for the Respondent
To: Secretary of the Navy
Via: Commander, Navy Region Southwest

Subj: APPEAL OF BOARD FINDINGS IN THE CASE OF CAPT THEODORE E. ESSENFELD, USN

Ref: (a) Appointing Order dtd 12 Dec 25
(b) SECNAVINST 1920.6D, Enclosure (11)
(c) Report of Board of Inquiry dtd 9 Feb 26

1. Per reference (a), CAPT Theodore Essenfeld appeared before a board of inquiry on 18 and 19 December 2025, where he was accused of Conviction by Civil Authorities: Violation of Title 18 U.S.C., Section 2261A(2)(B) (Cyberstalking), Violation of Title 18 U.S.C., Section 1028A(a)(7)(Identity Theft), and Substandard Performance. Pursuant to reference (b), enclosure (11), CAPT Theodore E. Essenfeld respectfully appeals the findings and recommendations of the Board of Inquiry convened on 18–19 December 2025. Although the Board found basis for misconduct (Conviction by Civil Authorities) and substandard performance and recommended separation with an Other Than Honorable characterization of service and retirement in the grade of O-5, those findings are legally and procedurally flawed and should be set aside for the reasons discussed below.

2. <u>Improper and Prejudicial Statements by the Assistant Recorder Compromised the Fairness of the Proceedings.</u> Before the Board went on the record, while all three Board members were present in the room, CAPT Brian Ellis (Assistant Recorder) made statements to counsel for the respondent that undermined the neutrality of the proceedings and prejudiced the members against the defense. Specifically, CAPT Ellis stated, "While zealous advocacy may be in the best interest of your client, it is not good for the Navy." When counsel for the respondent responded that it was her duty and obligation to zealously represent her client, CAPT Ellis replied, "Well, you don't see what I have to deal with on this side," and proceeded to reference other cases and clients in the presence of the Board members. These remarks were improper. They suggested that counsel for the respondent was acting contrary to the interests of the Navy and implicitly framed the defense as adversarial to institutional loyalty. Coming from the senior judge advocate in the room—who serves as Staff Judge Advocate to Commander, Naval Surface Forces, United States Pacific Fleet—and in the presence of two board members who fall under the authority of and work closely with the commander he advises, these comments carried substantial weight. The effect of these statements was to predispose the Board members, before the presentation of evidence, to distrust counsel for the respondent and to view the defense through an improper lens of divided loyalty. Although voir dire was reopened by counsel for the respondent to address these remarks, no amount of voir dire could fully cure the prejudice created by the Assistant Recorder's comments. Notably, the full scope and context of these remarks are not adequately reflected in the Report of Board of Inquiry in reference (c).

CUI

CUI

trial, CAPT Essenfeld continued to perform substantive and valuable work for Expeditionary Strike Group THREE. The recommended characterization fails to account for the totality of his service and unjustly eclipses a career marked by sustained dedication and achievement.

6. <u>The remedy for the violation of a Respondent's rights is to order a rehearing by a new Board</u>. Per reference (b), "[i]f the Board committed an error … that substantially prejudiced a substantial right of the respondent, the case may be returned for a rehearing by a new Board…." The errors outlined above—particularly the prejudicial statements by government counsel and the premature timing of the proceedings—substantially prejudiced the respondent's right to a fair hearing.

7. For the foregoing reasons, CAPT Essenfeld respectfully requests the findings and recommendations of the Board of Inquiry be set aside and the case be returned for rehearing by a new Board following the final resolution of his civilian appellate proceedings.

*Colleen C. Daly*
C. E. DALY
Counsel for Respondent

Controlled by: Department of the Navy
Controlled by: DSO West
CUI Categories: PRVCY, ADPO, MIL
Dissemination Control: FEDCON
POC: LCDR Colleen Daly

CUI

# EXHIBIT F

## Request for Administrative Restraint to Convening Authority
*CAPT Theodore E. Essenfeld, January 12, 2026*

**District Court Source:** *Dkt. 6, Ex. 4*
**Brief Reference:** Arg. II.C, III.E

*⬇ Exhibit document follows this divider page ⬇*

CUI

12 Jan 2026

**From:** Captain Theodore E. Essenfeld, USN
**To:** Commander, Navy Region Southwest
**Via:** Commander, Expeditionary Strike Group THREE

**Subj: REQUEST FOR ADMINISTRATIVE RESTRAINT PENDING JUDICIAL RESOLUTION**

**Ref:** (a) SECNAVINST 1920.6D
(b) *United States v. Essenfeld*, No. 24-6737 (9th Cir.)
(c) *Essenfeld v. Phelan*, No. 25-5700 (9th Cir.)

1. I respectfully submit this memorandum for the Convening Authority's consideration prior to taking action on the Board of Inquiry record.

2. I appeared as directed and participated in the proceedings in good faith. As reflected in the record, I preserved objections concerning the prudence and reliability of proceeding while related matters remain under active judicial review.

3. As the Convening Authority is aware, the Ninth Circuit is currently exercising jurisdiction over issues that directly bear on the Navy's authority to maintain my duty status, withhold pay, and proceed with adverse administrative action. Those issues remain unresolved.

4. The Board's advisory record was therefore developed under unavoidable constraints. While the Board fulfilled its assigned role, its recommendations necessarily rest on factual and legal predicates that may be altered or clarified by pending judicial determinations.

5. Reference (a) entrusts the Convening Authority—not the Board—with responsibility for ensuring that administrative action is fair, reliable, and consistent with law. That discretion includes the authority to decline action, defer action, or terminate proceedings where continuation risks administrative error or inefficiency.

6. Acting on the present record before resolution of the referenced judicial proceedings risks:

    a. inconsistent outcomes between administrative and judicial forums;
    b. avoidable prejudice to all parties; and
    c. the need for corrective action through appellate or collateral review.

7. Administrative restraint at this stage—whether by declining to adopt findings, deferring action, or terminating proceedings without adverse determination—would preserve institutional

CUI

CUI

resources and ensure that any future action rests on a stable and complete legal foundation.

8.      I respectfully request that the Convening Authority exercise discretion to refrain from adverse action pending final resolution of the referenced proceedings.


Very respectfully,


**T. E. Essenfeld**
CAPT,    USN

# EXHIBIT G

## Letter to Acting Secretary of the Navy Hung Cao
*May 1, 2026 — Request for Reconsideration, Return to Duty, and Stay*

**District Court Source:** *Dkt. 6, Ex. 7*
**Brief Reference:** Arg. II.C

*↓ Exhibit document follows this divider page ↓*

1 May 2026

FROM: Captain Theodore E. Essenfeld, USN

TO:     The Honorable Hung Cao
        Acting Secretary of the Navy
        1000 Navy Pentagon
        Washington, D.C. 20350-1000

**SUBJECT: REQUEST FOR RECONSIDERATION OF ADMINISTRATIVE SEPARATION, GRADE REDUCTION, AND OTHER-THAN-HONORABLE DISCHARGE CHARACTERIZATION**

Acting Secretary Cao,

I write to you respectfully but urgently, requesting that you reconsider the decision approved by the Assistant Secretary of the Navy on 8 April 2026 to administratively separate me in the paygrade of O-5 (Commander) with a characterization of service as Other Than Honorable (OTH). That decision, communicated by PERS-834, follows a Board of Inquiry (BOI) that I contend was constituted and conducted in violation of federal statute, Department of Navy regulations, and my fundamental rights as a retirement-eligible officer with more than 30 years of honorable service. I present the following grounds in support of this request.

## 1. THE UNDERLYING CRIMINAL CONVICTIONS ARE UNDER APPEAL WITH A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.

The sole basis for the BOI proceedings—and therefore for the ASN's separation decision—is a federal criminal conviction for identity theft and cyberstalking, for which I was sentenced following a trial I maintain was fundamentally unfair. My appellate team and I believe the trial charges were Constitutionally unsound, that I was selectively and maliciously charged, that prosecutorial misconduct and judicial error infected the proceedings, and that the jury was misinformed in material respects. A timely appeal is currently pending before the United States Court of Appeals for the Ninth Circuit (Case No. 25-5700). That court also has before it:

   a.  A pending Emergency Motion for Injunctive Relief; and

   b.  A pending Petition for a Writ of Mandamus,

both of which seek to enjoin the very administrative actions now approved by your subordinate. The Supreme Court has consistently held that a conviction is not final until the appellate process is exhausted. An administrative separation premised on a non-final conviction risks separating a decorated officer with decades of service on a basis that may be legally vacated. This alone warrants holding these proceedings in abeyance.

## 2. THE TOTALITY OF MY SERVICE DOES NOT WARRANT AN OTHER- THAN-HONORABLE DISCHARGE.

An OTH characterization does not accurately reflect more than 30 years of honorable enlisted and commissioned service. Since entering the Navy as a Seaman Recruit in 1990, I have served at every level with distinction:

- Commanded two warships and slated to command a third—a nearly unprecedented achievement—including USS Pearl Harbor (LSD-52), deploying with the USS America ARG and the 13th MEU to the Arabian Gulf, Red Sea, and Indian Ocean.

- Earned three Meritorious Service Medals, the Defense Superior Service Medal (the second-highest award for non-combat military service), and numerous other decorations.

- Served as the Navy's first officer to fleet up from XO to CO of a warship in 2008.

- Served as a Legislative Fellow on the staff of Senator Roger Wicker during the 111th Congress.

- Selected as the Surface Warfare Community's nominee for Naval Aide to President Obama.

- Served as an Exchange Officer with the Royal Netherlands Maritime Battle Staff, deploying to Africa and the Arctic.

- Established and led the Experimentation Branch at USNORTHCOM/NORAD—a branch that grew to more than a dozen uniformed and civilian personnel with a budget approaching half a billion dollars—conducting the Global Information Dominance Experiment series and briefing the White House Military Office, the Deputy Secretary of Defense, the Joint Chiefs, and all Combatant Commanders.

- Served as Crisis Management Team Leader in the Contingency Command Center at Cheyenne Mountain, responsible for continuity of government and command and control in times of national crisis.

The Defense Superior Service Medal I received for service at USNORTHCOM—awarded for the same period during which the alleged misconduct is said to have occurred—is itself compelling evidence that my professional performance was at all times exemplary. The BOI's own record confirms that my inability to perform duties arose solely from my physical unavailability due to incarceration, not from any deficiency in performance, judgment, or professional competence. An OTH characterization that purports to summarize this career is disproportionate, unjust, and inconsistent with the evidentiary record.

## 3. I HAVE BEEN PRESENT IN SAN DIEGO AND ATTEMPTING TO RETURN TO DUTY SINCE NOVEMBER 2025.

I returned to San Diego on 4 November 2025 following my release. Since that date I have reported my presence, sought to return to duty, and cooperated fully with Navy processes. Despite my presence and repeated requests, Navy leadership has refused to authorize my return to duty. A service member who presents himself for duty should not be penalized for an absence that the chain of command itself has perpetuated by refusing his return.

## 4. MY EXPERIENCE, TRAINING, AND EDUCATION MAKE ME AN ASSET TO THE NAVY, PARTICULARLY DURING ONGOING OPERATIONS IN THE ARABIAN GULF.

2 of 5

The Navy faces a period of sustained and consequential operational demand. The Acting Secretary is well aware that the service has multiple carriers deployed in or near the Middle East, and that readiness, manning, and warfighting capacity are at a premium. I am a seasoned Surface Warfare Officer with:

- Extensive experience conducting operations in the Arabian Gulf, Red Sea, Gulf of Aqaba, and Indian Ocean;

- Joint warfighting qualifications, including completion of the Maritime Advanced Warfighting School and JPME Phase I and Phase II;

- Deep expertise in amphibious operations, missile defense, experimentation with emerging technologies including artificial intelligence and machine learning, and crisis management at the national level;

- A master's degree from the Naval War College and language training from the Defense Language Institute; and

- The trust and respect of the Sailors I have led across more than three decades.

Separating an officer of this background and experience during active hostilities, on the basis of a non-final conviction, is contrary to the Navy's and the nation's interest.

**5. I AM WILLING AND ABLE TO RETURN TO DUTY PENDING ADJUDICATION OF MY APPEAL.**

I am fit, present, and ready to serve. I ask only for the opportunity to do so while the appellate process runs its course. I have demonstrated—even after my indictment—that I perform assigned duties with professionalism and dignity. I returned to duty the day after I was released on bond in February 2023 and continued to contribute meaningfully to high-priority CNO and CMC initiatives until my incarceration. I will do so again. I request that I be returned to duty in a capacity commensurate with my rank and experience while my appeal is pending.

**6. RETURNING ME TO DUTY AND RECONSIDERING THE ADMINISTRATIVE ACTION WILL MOOT CURRENT LITIGATION.**

There are currently active federal judicial proceedings—before the Ninth Circuit Court of Appeals—seeking to enjoin the very actions now approved. Reconsidering the separation decision and returning me to duty would render those proceedings moot, reduce the legal burden on the Department, and demonstrate the Navy's good faith commitment to the due process rights of its Sailors. Conversely, proceeding to execute the separation order while litigation is pending invites judicial intervention and risks a court-ordered reversal under far less favorable circumstances for the Department.

**7. IF MY APPEAL IS SUCCESSFUL, THE NAVY WILL OWE BACK PAY FOR THIS ENTIRE PERIOD; RETURNING ME TO DUTY NOW AVOIDS COMPOUNDING LIABILITY AND IS IN THE INTEREST OF ALL PARTIES.**

Should my conviction be overturned on appeal, the legal basis for this separation will have never existed. Under DoD Financial Management Regulation 7000.14-R, Volume 7A, Chapter 50, and applicable service-level regulations, time lost due to absence attributable to misconduct is ordinarily chargeable to the member. However, where the underlying determination of misconduct is judicially

vacated, that characterization of "lost time" cannot stand. An appellate reversal would require the Navy to correct my record, excuse any lost time, and restore back pay for the entire period of wrongful separation—which, given the current posture, could span years.

The equitable and fiscally responsible course of action is to return me to duty now, avoid the accumulation of a substantial back-pay liability, and allow the appeal to be adjudicated with the member in an active-duty status. If the conviction is ultimately affirmed, the Navy retains all available administrative remedies. If it is overturned, both the member and the Navy are in a far better position than if separation had already been executed.

## 8. THE NAVY HAS FAILED TO FOLLOW ITS OWN REGULATIONS, DEPARTMENT OF NAVY POLICY, AND STATUTES ENACTED BY CONGRESS.

The procedural history of this case is replete with violations of the Navy's own governing framework:

a. Denial of Meaningful Participation Due to Fifth Amendment Constraints. I appeared before the Board of Inquiry and was present throughout its proceedings. That, in itself, demonstrated my ability to report for duty. However, because my federal criminal conviction is currently under appeal—and because a remand for retrial remains a possible outcome—I was constitutionally compelled to invoke my Fifth Amendment right against self-incrimination and was therefore unable to provide meaningful testimony in my own defense. The right to remain silent in a non-judicial administrative proceeding, when criminal exposure remains live, is a fundamental constitutional protection. Yet the Board's findings and recommendations rest in significant part on a record that was, by constitutional necessity, one-sided. A proceeding in which the Respondent is effectively unable to speak in his own defense without risking prejudice to a future criminal trial does not constitute the fair hearing that Title 10 U.S.C. § 1185 and the Due Process Clause require. The ASN's decision, predicated on that incomplete record, should not stand.

b. Denial of Right to Retire. When the allegations against me were first raised—more than six months before any charges were brought—I requested voluntary retirement. I was incorrectly told I could not do so. When I was ordered to show cause before the BOI, I was again denied the opportunity to retire, in violation of Navy regulations. This denial foreclosed a path that would have served both my interests and those of the Navy.

c. Failure to Provide Required Documentation. Congress uses the mandatory word "shall" in § 1185, as does SECNAVINST 1920.6D, Encl. (10), Para. 2.g., requiring that the Respondent be provided all necessary and relevant documentation to prepare his case. The Navy failed to furnish requested fitness reports, commendations, and correspondence in time to permit adequate preparation.

d. Proceeding on a Non-Final Conviction. Applicable Navy instructions authorize—but do not require—the Navy to proceed with administrative action while an appeal is pending. The decision to do so, over repeated and documented objections, and in the face of pending federal court proceedings, reflects an exercise of discretion that is arbitrary and inconsistent with the interests of justice.

e. ASN Delegation Authority. The decision to impose an OTH characterization upon a retirement-eligible officer involves heightened statutory protections under 10 U.S.C. §§ 1181–1187 and § 1370. While the Secretary has delegated certain functions to the ASN (Manpower & Reserve Affairs), the scope and validity of that delegation as applied to this case—involving both retirement and an OTH characterization—warrants scrutiny.

4 of 5

## CONCLUSION

Acting Secretary Cao, you bring to this office a rare combination of personal experience as a combat veteran, a Navy captain, and a refugee who understands viscerally what it means to lose everything through no fault of one's own. I ask you to bring that perspective to bear on my case.

I am not asking for exoneration. I am asking for the opportunity to continue serving this country while the judicial process determines whether the conviction underlying this separation was just. I am asking for the Navy to follow its own rules. I am asking for the proportionality and fairness that more than 30 years of honorable service—service recognized with some of the Navy's highest non-combat decorations—demands.

I respectfully request that you:

(1) Suspend execution of the separation order pending resolution of the Ninth Circuit appeal in Case No. 25-5700;

(2) Direct that I be returned to active duty in an appropriate billet in San Diego pending that resolution;

(3) Reconsider the grade reduction to O-5 and the OTH characterization of service in light of the totality of my record; and

(4) Direct a review of the procedural deficiencies identified herein, including the failure to comply with 10 U.S.C. § 1185 and SECNAVINST 1920.6D.

I remain committed to the Navy, to its mission, and to the Sailors I have had the privilege to lead. I am ready to serve.

I can be contacted by telephone at (619) 481-1242 or by email at tedessenfeld@gmail.com

Respectfully submitted,

THEODORE E. ESSENFELD
Captain, United States Navy

# EXHIBIT H

## DD Form 149 — Application for Correction of Military Record
*Filed with Board for Correction of Naval Records, May 26, 2026*

**District Court Source:** *Dkt. 10 Exhibits / Reconsideration Record*
**Brief Reference:** Arg. II.B (BCNR Filing & Futility)

*↓ Exhibit document follows this divider page ↓*

 **Gmail**        Theodore Essenfeld <tedessenfeld@gmail.com>

## CUI: Application for Correction of Military Record

1 message

**Theodore Essenfeld** <tedessenfeld@gmail.com>        Tue, May 26, 2026 at 12:14 PM
To: BCNRApplication@us.navy.mil

### I. INTRODUCTION

I, Theodore E. Essenfeld, submit this petition to the Board for Correction of Naval Records (BCNR) to request the reversal of my administrative separation, involuntary retirement, reduction in grade, and the characterization of my service. These actions were premature, unjust, and based on incomplete administrative processes occurring while my criminal conviction remains under active appeal.

### II. ARGUMENT

The administrative separation and involuntary retirement actions taken against me are fundamentally flawed. These actions were predicated on a conviction that is currently subject to appellate review. By finalizing my separation and reducing my grade prior to the exhaustion of all appellate remedies, the Navy has deprived me of due process and imposed irreparable harm on my career and professional standing.

The punitive actions—specifically the reduction in grade and the characterization of service —are disproportionate and inconsistent with the presumption of innocence that should be maintained throughout the appellate process. Furthermore, the denial of my request to return to duty lacks sufficient justification, particularly given that the basis for my current administrative status is a conviction that has not yet reached a final, unappealable status.

My DD Form 149 and supporting documentation are attached.

### III. RELIEF REQUESTED

Based on the foregoing, I respectfully request that the Board:
1. Set aside the administrative separation, involuntary retirement, and reduction in grade.
2. Restore me to active duty status, commensurate with my rank, seniority, and professional qualifications.
3. Award back pay and allowances, effective November 4, 2025, the date upon which my active duty status should have been maintained or restored.

Contingency Clause: This request for back pay is made without prejudice to my right to seek retroactive back pay, allowances, and entitlements dating back to the commencement of my incarceration, should my appeal of the underlying criminal conviction be successful. I reserve the right to amend this claim to include the full period of separation upon a favorable appellate ruling.

### IV. CONCLUSION

The Navy's actions effectively circumvented the legal process by treating a contested conviction as a final administrative basis for career termination. I request that the Board rectify these errors to preserve the integrity of my service record and provide the relief outlined above.

Respectfully submitted,

Theodore E. Essenfeld
CAPT, USN

CUI (when filled in)

(Updated 20260304)

| APPLICATION FOR CORRECTION OF MILITARY RECORD<br>**UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552**<br>*(Please read Privacy Act Statement and instructions on back BEFORE completing this application.)* | *OMB No. 0704-0003*<br>*OMB approval expires:*<br>*3/31/2029* |

**Do Not Write Below**

CASE NUMBER

## SECTION 1: SERVICE MEMBER *(The person whose discharge is to be reviewed.)* PLEASE PRINT OR TYPE INFORMATION

1. BRANCH AT TIME OF ERROR OR INJUSTICE ☐ ARMY ☒ NAVY ☐ AIR FORCE ☐ COAST GUARD ☐ MARINE CORPS ☐ SPACE FORCE

2. COMPONENT AT TIME OF ERROR OR INJUSTICE ☒ REGULAR ☐ RESERVE ☐ GUARD

| 3. NAME WHILE SERVING | LAST | ESSENFELD |
| | FIRST | THEODORE |
| 4. CURRENT NAME *(If different)* | LAST | |
| | FIRST | |

5a. SSN WHILE SERVING 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 | CURRENT SSN *(If different)*

5b. *(provide, if applicable)* ☒ DoD ID NUMBER ☐ SERVICE NUMBER ☐ TIN 1009995265

6. CURRENTLY SERVING ☒ YES ☐ NO | 7. DATE OF SEPARATION 06/01/2026 | 8. GRADE/RANK AT DISCHARGE O5

9. MAILING ADDRESS *(If Service Member is deceased, skip this question.)*

STREET 551 S. 35TH ST.

CITY, STATE/APO, COUNTRY/FOREIGN ADDRESS SAN DIEGO, CA | ZIP 92113

EMAIL tedessenfeld@gmail.com | PHONE (619) 481-1242

## SECTION 2: SEPARATION INFORMATION *(if not currently serving)*

10. CHARACTER OF SERVICE *(If by court-martial, also state Type of Court in space provided.)*

☐ HONORABLE ☐ UNDER HONORABLE CONDITIONS (GENERAL) ☒ UNDER OTHER THAN HONORABLE CONDITIONS ☐ BAD CONDUCT DISCHARGE ☐ DISHONORABLE

☐ UNCHARACTERIZED/ENTRY LEVEL SEPARATION ☐ DISMISSAL ☐ OTHER _____ TYPE OF COURT

## SECTION 3: ERROR OR INJUSTICE

11a. IS THIS A REQUEST FOR RECONSIDERATION OF A PRIOR APPLICATION TO THE BOARD? ☐ YES ☒ NO

11b. IF YES AND KNOWN, PROVIDE CASE NUMBER _____ AND DECISION DATE

12. CATEGORY *(Select all that apply. Example: Administrative Correction - change in name, DOB, SSN.)*

☒ ADMINISTRATIVE CORRECTION ☒ PAY & ALLOWANCE ☐ DECORATIONS/AWARDS ☒ PERFORMANCE/ EVALUATIONS/ DEROGATORY INFORMATION

☐ DISABILITY ☒ PROMOTIONS/ RANK ☒ DISCHARGE/ SEPARATION ☐ OTHER _____

13. WHAT CORRECTION AND RELIEF ARE YOU REQUESTING FOR THIS ERROR OR INJUSTICE IN THE SERVICE MEMBER'S RECORD? *(required)* *(Limited to 455 characters)*

Applicant requests: (1) return to active duty with restoration of lost-time status retroactive to November 5, 2025; (2) restoration of all pay, allowances, and benefits withheld since November 5, 2025; (3) upgrade of discharge characterization from Other Than Honorable to Honorable; (4) correction of retirement grade from O-5 to O-6; and (5) reservation of all claims to restoration of lost time, back pay, and earned leave for the period of incarceration in the event Applicant's civilian conviction is vacated on appeal.

14. ARE ANY OF THE FOLLOWING ISSUES/CONDITIONS RELATED TO YOUR REQUEST: *(Select all that apply.)*

☒ PTSD ☐ TBI ☒ OTHER MENTAL HEALTH ☐ SEXUAL ASSAULT/ HARASSMENT ☐ DADT ☐ REPRISAL/ WHISTLEBLOWER

15. WHY SHOULD THIS CORRECTION BE MADE? *(Required)* *(Limited to 545 characters)*

The Board of Inquiry was convened in violation of SECNAVINST 1920.6D Enclosure (7) ¶10.b. while Applicant's Ninth Circuit appeal (No. 24-6737) was pending. The senior government legal officer made prejudicial statements to defense counsel before all three board members before proceedings opened—statements omitted from the transcript. Unverified gang-affiliation evidence was admitted over objection and left unresolved before deliberations. Applicant's lost-time designation under 10 U.S.C. §972 is unlawful; he appeared at the BOI in uniform on a day pass, available for duty, receiving no pay.

16. APPROXIMATE DATES THE ERROR OR INJUSTICE WAS DISCOVERED:

IF THE DATE OF DISCOVERY IS MORE THAN 3 YEARS AGO, EXPLAIN YOUR DELAY AND WHY THE BOARD SHOULD CONSIDER YOUR REQUEST. REFER TO BLOCK 18.

**DD FORM 149, FEB 2025**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Controlled by:
CUI Category:
LDC:

Page 1 of 3

CUI (when filled in)

(Updated 20260304)

| 17. DO YOU WISH TO APPEAR AT YOUR OWN EXPENSE BEFORE THE BOARD IN WASHINGTON, D.C.? | ☐ YES. *(IN PERSON)* ☒ YES. *(VIA VIDEO / TELEPHONE)* ☐ NO. CONSIDER MY APPLICATION BASED ON RECORDS & EVIDENCE. |
|---|---|

**18. ADDITIONAL REMARKS/CONTINUATION OF INFORMATION** *(If more space is needed, please submit additional narrative as required.) (Limited to 360 characters)*

Applicant's 30-year record includes the Defense Superior Service Medal and three warship commands. Unlawful pay withholding since Nov. 5, 2025 forced sale of his home; he will exit BOP custody homeless. Claims arising from the period of incarceration are expressly reserved pending resolution of Ninth Circuit No. 24-6737. Federal litigation pending: No. 26CV3086JO MSB (S.D. Cal.).

## SECTION 4: EVIDENCE, RECORDS, AND ADDITIONAL REMARKS

**19. IN SUPPORT OF THIS CLAIM, THE FOLLOWING DOCUMENTARY EVIDENCE IS ATTACHED (LIST DOCUMENTS):** *Example evidence / records: Separation packet, medical documents (e.g. diagnosis, VA rating), post-service documents (e.g. diplomas, professional certificates, character references), and/or investigations. (Do **not** submit irreplaceable original documents. They will NOT be returned.)*

| | | |
|---|---|---|
| a. Notification Emails | b. RDML Peck Second Endorsement (12/13/2024) | c. FSA Time Credit Assessment, BOP (7/18/2025) |
| d. Navy Counsel Appeal of BOI Findings (2/20/2026) | e. BOI Report of Proceedings (excerpts) | f. Acknowledgment of Rights (4/28/2025) |
| g. Defense Superior Service Medal citation and orders | h. Fitness Reports (all available at O-6) | i. Navy Counsel Request for assistance (11/14/2025) |

LIST ADDITIONAL SUPPORTING DOCUMENTS *(if needed)*

Motion for TRO S.D. CA Case No. 26CV3086JO MSB

IMPORTANT NOTE: If the basis of your request involves the effects of one or more **physical, medical, mental,** and/or **behavioral health condition(s)** and if available, please attach copies of any VA rating decisions, relevant medical records, and counseling treatment records.

## SECTION 5: CLAIMANT *(if other than the Service Member)*

**20. RELATION TO SERVICE MEMBER**

Claimants are normally Service Members seeking to correct their own records. The Service Member or former Service Member is not able to sign the application because they are ☐ DECEASED ☐ INCAPACITATED, OR ☐ OTHER _____

Please designate appropriate signatory below:

a. I am the heir of the Service Member: ☐ WIDOW(ER) ☐ SON ☐ DAUGHTER ☐ PARENT ☐ SIBLING ☐ OTHER _____

Please provide Service Member's death certificate and marriage license or heir's birth certificate, as appropriate to prove relationship.

b. I am the ☐ CONSERVATOR ☐ GUARDIAN ☐ ATTORNEY-IN-FACT OF THE SERVICE MEMBER

Please provide a notarized power of attorney or court appointment of conservatorship or guardianship to prove status.

c. I am the ☐ SPOUSE ☐ FORMER SPOUSE ☐ DEPENDENT OF THE SERVICE MEMBER

Please provide marriage license, divorce decree, or dependent birth certificate, as appropriate.

| 21. NAME | LAST |
| | FIRST |

| 22. MAILING ADDRESS | STREET |

| CITY, STATE/APO, COUNTRY/FOREIGN ADDRESS | ZIP |

| EMAIL | PHONE |

## SECTION 6: REPRESENTATIVE OR COUNSEL *(if applicable)*

The following representative is authorized to receive and provide communication regarding this application.

| 23. NAME | LAST |
| | FIRST |

24. ORGANIZATION

| 25. MAILING ADDRESS | STREET |

| CITY, STATE/APO, COUNTRY/FOREIGN ADDRESS | ZIP |

| EMAIL | PHONE |

## SECTION 7: SIGNATURE

26. I WOULD LIKE TO RECEIVE ALL CORRESPONDENCE & DOCUMENTS ELECTRONICALLY. *(This may reduce overall processing time.)* ☐ YES ☐ NO

**CERTIFICATION: I MAKE THE FOREGOING STATEMENTS, AS PART OF THIS CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** *(U.S. Code, Title 18, Section 287 and 1001, provide that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)*

| 27a. SIGNATURE *(Required)* | 27b. DATE SIGNED |
| *[signature]* | May 26, 2026 |

| 28. IS THIS REQUEST RELATED TO ANY OF THESE WARS OR CONTINGENCY OPERATIONS? ☒ YES ☐ NO | ☐ Operation Freedom Sentinel (OFS) (01/01/2015 - Present) ☐ Operation Inherent Resolve (OIR) (08/08/2014 - Present) ☒ Operation Enduring Freedom (OEF) (09/11/2001 -12/31/2014) ☐ Operation New Dawn (OND) (09/01/2010 - 12/15/2011) ☒ Operation Iraqi Freedom (OIF) (03/19/2003 - 08/31/2010) | ☐ Persian Gulf War (08/02/1990 - 11/30/1995) ☐ Vietnam War (01/01/1961 - 04/30/1975) ☐ Korean War (06/27/1950 - 07/27/1954) ☐ World War II (12/07/1941 - 09/02/1945) ☐ OTHER _____ |

**DD FORM 149, FEB 2025**     CUI (when filled in)     Page 2 of 3

PREVIOUS EDITION IS OBSOLETE.

# EXHIBIT I

## BCNR Official Processing Timelines

*secnav.navy.mil/mra/bcnr/Pages/CaseAdjudication.aspx (retrieved June 3, 2026)*

**District Court Source:** *Official Gov't Website / Dkt. 15 Record*
**Brief Reference:** Arg. II.A–B (NDRB Ineligibility; BCNR Futility)

### OFFICIAL BCNR PROCESSING TIMELINE DATA

**Source:** Board for Correction of Naval Records, Official Website, U.S. Department of the Navy

**URL:** https://www.secnav.navy.mil/mra/bcnr/Pages/CaseAdjudication.aspx

**Retrieved:** June 3, 2026

**Statutory Mandate (10 U.S.C. § 1557):** The Board for Correction of Naval Records is required by federal statute to finalize 90% of all cases within 10 months, and all cases within 18 months, of receipt.

**Published Processing Range:** Per the BCNR's own Case Adjudication page, "it may be as long as ten (10) to eighteen (18) months before an applicant receives a final decision."

**Current Average Processing Time:** The BCNR states that its current average time to complete cases is "approximately six to eight months" from the date the application is received to the date the final decision document is sent to the applicant.

**Annual Caseload:** The BCNR receives approximately 12,000 applications per year and considers cases "in the order in which they are received."

**Advisory Opinion Delays:** The BCNR "routinely requests advisory opinions from other Department of Navy offices prior to hearing a case." The delays associated with obtaining advisory opinions "can be lengthy depending on the workload of these outside offices and the complexity of the issues involved."

---

## FUTILITY ANALYSIS

Application filed: **May 26, 2026**

Separation executed: **June 1, 2026 (6 days after filing)**

Earliest possible BCNR relief (current avg.): **December 2026 – February 2027 (6–8 months after filing)**

Statutory outer limit for all cases: **November 2027 (18 months after filing)**

Hypothetical: if filed on date orders issued (April 9, 2026), earliest relief: **October–December 2026 — still months after June 1 execution.**

> **Conclusion:** No scenario exists in which BCNR relief could have issued before the June 1, 2026 separation. The Board's own published data establishes that this remedy was incapable of preventing the harm it was intended to prevent. Under *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992), and *Fones4All Corp. v. FCC*, 550 F.3d 811, 815 (9th Cir. 2008), exhaustion of a demonstrably futile remedy is not required.

---

## NDRB JURISDICTIONAL INELIGIBILITY

Per the official NDRB page (secnav.navy.mil/mra/CORB/pages/ndrb/default.aspx), the NDRB cannot: (i) alter the judgment of a court-martial; (ii) reinstate an applicant into the Navy; or (iii) provide relief for matters outside its jurisdiction. More fundamentally, the NDRB's jurisdiction extends to discharges and dismissals issued under the Secretary's general authority — not to characterizations of service resulting from Board of Inquiry proceedings conducted under the separate statutory framework of 10 U.S.C. §§ 1181–1187. The district court's identification of the NDRB as an "available remedy" was therefore legally incorrect on its face.

*↓ Exhibit document follows this divider page ↓*



Board for Correction of Naval Records    Home    Board Info    Apply    Case Adjudication    Contacts    Resources    FAQ    Spotlight

- Home
- Board Info
- Apply
- Case Adjudication
- Contacts
- Resources
- FAQ
- Spotlight

Case Adjudication



# Case Adjudication

## Case Adjudication Lifecycle

After submitting an application you will receive a letter detailing if your case was accepted, along with your docket number. If your case was rejected, you will receive the reason why. To avoid a rejection please ensure you have checked your CASE ELIGIBILITY.

The Board does not provide statuses of cases throughout the process lifecycle, you will be notified of the results of the Board's actions and next steps via mail or email upon completion of your case.

Title 10 U.S.C. § 1557 mandates that 90% of all cases must be finalized within 10 months, and all within 18 months. In fairness to all applicants, the BCNR considers cases in the order in which they are received. Due to the volume of applications received (approximately 12,000 cases annually) and the complexity of many cases, it may be as long as ten (10) to eighteen (18) months before an applicant receives a final decision. However, the Board closely monitors case processing to mitigate potential delays, and the Board's current time to complete cases averages approximately six to eight months (i.e. From the time the application is received by the board to the final decision document being sent to the applicant).

| | |
|---|---|
| : | Case Intake |
| : | The application and supporting documentation are received and consolidated into a case. The case is verified for completeness. Missing information is requested for incomplete cases |
| : | 1-6 Weeks |
| : | Examination |
| : | The case is assigned. Analysis is conducted and the case is prepared to be presented to the adjudicative body. During this time cases may be sent for an external Advisory Opinion. |
| : | 4-15 Weeks |
| : | Adjudication |
| : | The case is presented for adjudication. The adjudicative body deliberates and each voting member provides their final recommendation. |
| : | 1-6 Weeks |
| : | Post Adjudication |
| : | The vote, recommendation, and rationale are captured and recorded in the case decisional documents. |
| : | 1-6 Weeks |

| | |
|---|---|
| : | Approval |
| : | Decisional documents are reviewed and signed by the Director/Leadership. |
| : | 3-12 Weeks |
| : | Case Closure |
| : | The case is stored (and redacted if necessary). Actions for required changes are assigned and tracked through completion. The case is then administratively closed and archived in accordance with records management guidelines. |
| : | 1-6 Weeks |

## *Key Contact Information*

**Receipt of BCNR Docket Number**

If you submitted your application, and more than two months have passed and you have not yet received your docket number, contact the board at BCNRApplication@us.navy.mil. Please ensu you include your full name, your current mailing address, email address, and the month and year your application was submitted

**Corrected Records from a BCNR Decision**

If it has been over 90 days since you received your BCNR decision letter granting relief and you have not received your corrected documents, please contact the respective agency below to inquire about the status of your correction(s).

- Naval Personnel Command, Records Support Division (PERS-31) 1-833-330-6622 or askmncc@navy.mil
- Headquarters, U.S. Marine Corps (MMPB-21) at 703-784-9204 or email smb.manpower.mmrp@usmc.mil
- DFAS via mail at DFAS-IN, 8899 East 56th Street, Department 3300 (Attn: COR/Claims), Indianapolis, IN 46249 3300 or call commercial 1-866-912-6488 or inquire online ( https://www.dfas.mil/debtandclaims/submitclaim.html)

- Connect With Us
    - 2000 Navy Pentagon, Washington, DC 20350
    - Key Strategic Documents
    - Contact the Webmaster

- About this website
    - Privacy Policy
    - Terms of Use
    - Freedom of Information Act
    - No FEAR Act
    - SAPR Office
    - EEO

- Links
    - Navy.mil
    - Navy.com
    - Secretary of the Navy
    - NCIS Tips
    - Navy IG
    - Marine Corps
    - OPM.gov
    - USA.gov

- Accessibility
    - Section 508
    - Browser Plug-ins



# EXHIBIT J

## Ninth Circuit Docket — No. 25-5700
*Essenfeld v. Phelan (Prior Civil Injunction Proceedings)*

**District Court Source:** *Dkt. 6, Ex. 5A*
**Brief Reference:** Footnote 3

*↓ Exhibit document follows this divider page ↓*

**ACMS Docket Report**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 25-5700 | **Docketed:** 09/09/2025 |

**Nature of Suit:** 2540 Prisoner Petitions-Mandamus/Other
Essenfeld v. Phelan
**Appeal From:** Tucson, Arizona
**Fee Status:** IFP

**Case Type Information:**
   **1)** Prisoner
   **2)** United States
   **3)** Civil Rights

**Originating Court Information:**
   **District:** District of Arizona : 4:25-cv-00465-JGZ-PSOT
   **Trial Judge:** Jennifer G. Zipps, Chief District Judge
   **Date Filed:** 08/18/2025

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 08/22/2025 | 08/22/2025 | 09/03/2025 | 09/05/2025 |

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| THEODORE E. ESSENFELD<br>   AKA Theordore E. Essenfeld,<br>   08418-506,<br>   Plaintiff - Appellant | Theodore E. Essenfeld<br>[Pro Se]<br>Ocean View<br>551 S 35th Street<br>San Diego, CA 92113 |
| JOHN C. PHELAN, Secretary of the Navy<br>   Defendant - Appellee | |

THEODORE E. ESSENFELD, AKA Theordore E. Essenfeld,

      Plaintiff - Appellant,

  v.

JOHN C. PHELAN, Secretary of the Navy,

      Defendant - Appellee.

| | | |
|---|---|---|
| 9/9/2025 | 1 | **CASE OPENED.** A copy of your notice of appeal / petition filed in 4:25-cv-00465-JGZ-PSOT has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.<br>The U.S. Court of Appeals docket number 25-5700 has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct.  It is your responsibility to alert the court if your contact information changes.<br>**Resources Available**<br>For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Attorneys should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 09/09/2025 11:27 AM] |
| 9/9/2025 | ☐ 2<br>2 pg, 256 KB | **SCHEDULE NOTICE.** Appeal Opening Brief (No Transcript Due) (Appellant) 10/20/2025. **For appeal no. 25-5700, 4:25-cv-00465-JGZ-PSOT.** All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.<br>Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1. [Entered: 09/09/2025 11:30 AM] |
| 9/9/2025 | ☐ 4<br>68 pg, 1,088 KB | **MOTION** for Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 09/10/2025 01:43 PM] |
| 9/10/2025 | ☐ 3<br>3 pg, 416 KB | **ORDER FILED.** Appellant was permitted to proceed in forma pauperis in the district court. That status continues in this court because it has not been revoked. See Fed. R. App. P. 24(a). The full $605 in fees for this appeal will still be collected when adequate funds are available in appellant's prison trust account. See 28 U.S.C. § 1915(b)(1), (b)(2). Within 21 days, appellant must complete the enclosed authorization form and file it with this court. If appellant does not do so, the court will dismiss the appeal. See 9th Cir. R. 42-1. The clerk will serve this order and a prisoner authorization form on appellant. [Entered: 09/10/2025 11:05 AM] |
| 9/22/2025 | ☐ 5<br>6 pg, 224 KB | **MOTION** for Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 09/22/2025 02:42 PM] |
| 9/26/2025 | ☐ 6<br>4 pg, 128 KB | District Court Order/Notice Received. [Entered: 09/26/2025 03:20 PM] |
| 10/16/2025 | ☐ 7<br>4 pg, 704 KB | **ORDER FILED.** Appellant has not complied with the September 10, 2025 order. The court grants appellant an extension of time. Within 21 days, appellant must comply with the September 10, 2025 order. If appellant does not do so, the court will dismiss this appeal. See 9th Cir. R. 42-1. The existing briefing schedule remains in effect. The clerk will send appellant a copy of the September 10, 2025 order and a prisoner authorization form. [Entered: 10/16/2025 11:02 AM] |
| 10/21/2025 | ☐ 8<br>1 pg, 128 KB | Received PLRA Authorization filed by Appellant Theodore E. Essenfeld. [Entered: 10/21/2025 02:43 PM] |
| 10/24/2025 | ☐ 9<br>3 pg, 128 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. (Sent appellant copy of docket sheet.) [Entered: 10/24/2025 01:35 PM] |
| 10/27/2025 | ☐ 10<br>1 pg, 128 KB | Received PLRA Authorization filed by Appellant Theodore E. Essenfeld. [Entered: 10/27/2025 03:04 PM] |
| 10/28/2025 | ☐ 11<br>3 pg, 416 KB | **ORDER FILED.** The opening brief was due on October 20, 2025 and has not been filed. The court grants an extension of time to file the opening brief. The opening brief is due November 24, 2025. There is no appearance by appellee, so briefing will be complete when the opening brief is filed. Appellant Theodore E. Essenfeld, prison identification number 08418-506, is proceeding in forma pauperis and has filed the form authorizing prison officials to assess, collect, and forward to the district court the fees for this appeal. See 28 U.S.C. § 1915(b)(1) and (2). This court assesses an initial filing fee that equals 20 percent of the greater of: (A) the average monthly deposits to appellant's prison trust account; or (B) the average |

monthly balance in appellant's account for the six months preceding September 3, 2025, when the notice of appeal was filed. Payments will not be made when funds in the account total less than $10, but payments will resume when funds become available. The clerk will serve this order and the authorization form on officials at the FCI Safford who must notify the agency or prison authority responsible for administering payments for this appeal. See 28 U.S.C. § 1915(b)(2). Each payment should be accompanied by the district court and appeals court docket numbers for this case and a record of prior payments made for this appeal. The clerk will also serve a copy of this order on the district court clerk and the district court financial unit. [Entered: 10/28/2025 03:48 PM]

| 11/7/2025 | 12<br>1 pg. 128 KB | **NOTICE** of change of address filed by Appellant Theodore E. Essenfeld. [Entered: 11/07/2025 02:24 PM] |
| 11/7/2025 | 13<br>2 pg. 128 KB | **MOTION** for Appointment of Counsel filed by Appellant Theodore E. Essenfeld. [Entered: 11/07/2025 02:25 PM] |
| 11/14/2025 | 14 | On November 13, 2025, the court issued a global order resetting the non-jurisdictional filing deadlines for federally funded attorneys (including FPDs and CJA counsel), that had been stayed by the court's October 1, 2025 Supplemental Administrative Order. If your deadlines were suspended by the October 1 Administrative Order, please review the Order Resetting Deadlines, available on the court's website, to find your new deadlines. [Entered: 11/14/2025 05:04 PM] |
| 11/18/2025 | 15<br>2 pg. 256 KB | **ORDER FILED.** Barry G. SILVERMAN, Patrick J. BUMATAY<br>The motions (Docket Entry Nos. 4, 5) for injunctive relief are denied. See Feldman v. Ariz. Sec'y of State, 843 F.3d 366, 367 (9th Cir. 2016) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."); see also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (defining standard for preliminary injunction in district court). The court denies the motion (Docket Entry No. 13) for appointment of pro bono counsel. The opening brief is due January 8, 2026. The answering brief is due February 9, 2026. The optional reply brief is due 21 days after the answering brief is served. Appellant is not required to submit excerpts of record. If appellant does not submit excerpts, appellee must submit all documents cited in the pro se opening brief or otherwise required by the rules. See 9th Cir. R. 30-1. [Entered: 11/18/2025 03:14 PM] |
| 11/24/2025 | 16<br>2 pg. 128 KB | **MOTION** to Accept Late Filing filed by Appellant Theodore E. Essenfeld. [Entered: 11/24/2025 03:55 PM] |
| 11/24/2025 | 17<br>78 pg. 22,156 KB | **OPENING BRIEF** submitted for filing by Appellant Theodore E. Essenfeld. [Entered: 11/25/2025 12:34 PM] |
| 11/25/2025 | 18 | **CLERK ACTION:** Opening Brief submitted at DE 17 by Appellant Theodore E. Essenfeld is filed. Original and 0 copies. [Entered: 11/25/2025 12:37 PM] |
| 12/2/2025 | 19<br>5 pg. 160 KB | **MAIL RETURNED.** DE 11 addressed to Appellant Theodore E. Essenfeld. Action taken: resending to Ocean View, 551 S 35th Street, San Diego, CA 92113. [Entered: 12/02/2025 04:26 PM] |
| 12/3/2025 | 20<br>1 pg. 192 KB | **ORDER FILED.** The motion (Docket Entry No. 16) to accept the opening brief late is granted. The opening brief has been filed. Briefing is complete. [Entered: 12/03/2025 10:32 AM] |
| 12/11/2025 | 21<br>8 pg. 2,998 KB | **MOTION** for Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 12/12/2025 11:46 AM] |
| 12/17/2025 | 22<br>12 pg. 1,381 KB | **MOTION** for Miscellaneous Relief filed by Appellant Theodore E. Essenfeld. [Entered: 12/17/2025 05:16 PM] |
| 12/18/2025 | 23<br>1 pg. 192 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 12/18/2025 03:25 PM] |

| 12/19/2025 | ☐ 24<br>1 pg. 192 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 12/19/2025 03:08 PM] |
| 12/22/2025 | ☐ 25<br>2 pg. 224 KB | **SUPPLEMENT** to Motion for Miscellaneous Relief (DE 22) filed by Appellant Theodore E. Essenfeld. [Entered: 12/22/2025 02:08 PM] |
| 12/22/2025 | ☐ 26<br>2 pg. 192 KB | **MOTION** for Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 12/22/2025 02:09 PM] |
| 1/5/2026 | ☐ 27<br>2 pg. 256 KB | **MOTION** for Emergency Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 01/05/2026 03:09 PM] |
| 1/14/2026 | ☐ 28<br>2 pg. 192 KB | **SUPPLEMENT** to Motion for Emergency Injunctive Relief (DE 27) filed by Appellant Theodore E. Essenfeld. [Entered: 01/14/2026 02:56 PM] |
| 2/12/2026 | ☐ 29<br>34 pg. 10,752 KB | **SUPPLEMENT** to Motion for Emergency Injunctive Relief (DE 27) filed by Appellant Theodore E. Essenfeld. [Entered: 02/13/2026 10:54 AM] |
| 2/12/2026 | ☐ 30<br>2 pg. 172 KB | **CITATION** of Supplemental Authorities (28j Letter) filed by Appellant Theodore E. Essenfeld. [Entered: 02/13/2026 10:55 AM] |
| 2/18/2026 | ☐ 31<br>2 pg. 167 KB | **SUPPLEMENT** to Motion for Emergency Injunctive Relief (DE 27) filed by Appellant Theodore E. Essenfeld. [Entered: 02/19/2026 09:48 AM] |
| 3/5/2026 | ☐ 32<br>5 pg. 200 KB | **MOTION** for Miscellaneous Relief filed by Appellant Theodore E. Essenfeld. [Entered: 03/05/2026 02:17 PM] |
| 3/16/2026 | ☐ 33<br>3 pg. 191 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 03/16/2026 03:54 PM] |
| 4/9/2026 | ☐ 34<br>3 pg. 908 KB | **EMERGENCY MOTION** for Miscellaneous Relief filed by Appellant Theodore E. Essenfeld. [Entered: 04/09/2026 01:48 PM] |
| 4/9/2026 | ☐ 35<br>7 pg. 2,050 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 04/09/2026 01:49 PM] |
| 4/27/2026 | ☐ 36<br>3 pg. 182 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 04/27/2026 01:42 PM] |
| 5/8/2026 | ☐ 37<br>2 pg. 164 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 05/08/2026 10:07 AM] |
| 5/26/2026 | ☐ 38<br>2 pg. 160 KB | **CORRESPONDENCE** filed by Appellant Theodore E. Essenfeld. [Entered: 05/26/2026 05:21 PM] |
| 5/29/2026 | ☐ 39<br>38 pg. 3,166 KB | **Emergency MOTION** Circuit Rule 27-3 Certificate filed by Appellant Theodore E. Essenfeld. [Entered: 05/29/2026 02:14 PM] |
| 5/29/2026 | ☐ 40<br>38 pg. 3,166 KB | **MOTION** for Injunctive Relief filed by Appellant Theodore E. Essenfeld. [Entered: 05/29/2026 02:15 PM] |

# EXHIBIT K

## Ninth Circuit Docket — No. 24-6737

*United States v. Essenfeld (Criminal Appeal — Non-Final Conviction)*

**District Court Source:** *Dkt. 6, Ex. 5B*
**Brief Reference:** Statement of Case §A; Arg. III.A

*↓ Exhibit document follows this divider page ↓*

## ACMS Docket Report
### United States Court of Appeals for the Ninth Circuit

**Court of Appeals Docket #:** 24-6737                                **Docketed:** 11/05/2024

United States of America v. Essenfeld

**Appeal From:** San Diego, Southern California

**Fee Status:** IFP

**Case Type Information:**

  **1)** Criminal

  **2)** Direct Criminal

  **3)**

**Originating Court Information:**

  **District:** Southern District of California : 3:23-cr-00177-RSH-1

  **Trial Judge:** Robert Steven Huie, District Judge

  **Court Reporter:** Tricia Rosate

  **Date Filed:** 02/02/2023

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 10/28/2024 | 10/28/2024 | 11/05/2024 | 11/05/2024 |

**Prior Cases:**

  None

**Current Cases:**

  None

| UNITED STATES OF AMERICA<br>   Plaintiff - Appellee | Mr. Michael Andrew Deshong<br>Direct: 619-546-9290<br>Email: michael.deshong@usdoj.gov<br>[Government]<br>Office of the US Attorney<br>880 Front Street<br>Room 6293<br>San Diego, CA 92101-8893<br><br>Sabrina Laurence Feve, Assistant U.S. Attorney<br>Direct: 619-557-7854<br>Email: sabrina.feve@usdoj.gov<br>[Government]<br>DOJ - Office of the U.S. Attorney<br>880 Front Street<br>Room 6293<br>San Diego, CA 92101-8893<br><br>Mr. Daniel Earl Zipp, Assistant U.S. Attorney<br>Direct: 619-546-8463<br>Email: daniel.zipp@usdoj.gov<br>[Government]<br>DOJ - Office of the U.S. Attorney<br>Civil Division<br>880 Front Street<br>Room 6293<br>San Diego, CA 92101 |
| THEODORE E. ESSENFELD<br>   AKA Theordore E. Essenfeld,<br>   08418-506,<br>   Defendant - Appellant | Gretchen Fusilier, Attorney<br>Direct: 760-728-5958<br>Email: fus@pacbell.net<br>[CJA Appointment]<br>Law Office of Gretchen Fusilier<br>P.O. Box 305<br>Carlsbad, CA 92018 |

UNITED STATES OF AMERICA,

       Appellee,

  v.

,

       Appellant.

| 11/5/2024 | 1 | **CASE OPENED.** A copy of your notice of appeal / petition filed in 3:23-cr-00177-RSH-1 has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number **24-6737** has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct.  It is your responsibility to alert the court if your contact information changes. **Resources Available** For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Attorneys should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 11/05/2024 03:23 PM] |
| 11/5/2024 | ☐ 2<br>2 pg. 245 KB | **SCHEDULE NOTICE.** Sentence Imposed: 37 months. Appeal Transcript Order Due (Appellant) 11/19/2024, Appeal Transcript Due (Appellant) 12/19/2024, Appeal Opening Brief Due (Appellant) 1/28/2025, Appeal Answering Brief Due (Appellee) 2/27/2025. **For appeal no. 24-6737, 3:23-cr-00177-RSH-1**. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.<br><br>Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1 [Entered: 11/05/2024 03:26 PM] |
| 11/7/2024 | ☐ 3<br>1 pg. 361 KB | **Criminal Appeals Questionnaire** filed by Appellant Theodore E. Essenfeld [Entered: 11/07/2024 08:05 AM] |
| 1/27/2025 | 4 | Streamlined Request for Extension of Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 01/27/2025 08:03 PM] |
| 1/28/2025 | 5 | **ORDER FILED.** Streamlined Request for Extension of Time to File Brief (DE 4) granted. Amended briefing schedule: Opening Brief Due (Appellant) 2/27/2025, Answering Brief Due (Appellee) 3/31/2025. Optional Reply Brief due 21 days after service of Answering Brief. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. [Entered: 01/28/2025 09:47 AM] |
| 2/24/2025 | ☐ 6<br>5 pg. 128 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 02/24/2025 07:00 PM] |
| 2/26/2025 | ☐ 8<br>2 pg. 1,312 KB | **MOTION** to Extend Time to File Transcript filed by court reporter . --[COURT ENTERED FILING. Originally filed in wrong case.] [Entered: 03/14/2025 01:40 PM] |
| 2/27/2025 | 7 | **ORDER FILED. (TEXT ONLY)** The motion (Docket Entry No. 6) for an extension of time to file the opening brief is granted. The opening brief is due April 14, 2025. The answering brief is due May 14, 2025. The optional reply brief is due within 21 days after service of the answering brief. [Entered: 02/27/2025 02:04 PM] |
| 3/24/2025 | ☐ 9<br>1 pg. 224 KB | **ORDER FILED.** Court Reporter Tricia Rosate's motion (Docket Entry No. 8) for an extension of time to file the transcript is granted. The transcript is now due April 18, 2025. This order does not waive the mandatory fee reduction. See Report of the Proceedings of the Judicial Conference of the United States, March 1982 at 10. The opening brief is due May 28, 2025. The answering brief is due June 27, 2025. The optional reply brief is due within 21 days after service of the answering brief. The Clerk will serve this order on the court reporter at the district court. [Entered: 03/24/2025 09:06 AM] |
| 5/27/2025 | ☐ 10<br>7 pg. 2,021 KB | **NOTICE** of Court Reporter Default filed by Appellant Theodore E. Essenfeld. [Entered: 05/27/2025 05:28 PM] |
| 5/30/2025 | ☐ 11<br>1 pg. 192 KB | **ORDER FILED.** The court received appellant's notice of default (Docket Entry No. 10) for court reporter Tricia Rosate. On or before June 23, 2025, court reporter Tricia Rosate shall file the transcripts for the proceedings held on June 11, 12 13, and 14, 2024, or file a motion for an extension of time to do so that explains any barriers to transcript production. In the absence of further information regarding an incomplete record, the opening brief will be due August 4, 2025. The answering brief will be due |

|  |  |  |
|---|---|---|
|  |  | September 3, 2025. The optional reply brief will be due within 21 days after service of the answering brief. The clerk will serve this order on the court reporter and court reporter supervisor at the district court. [Entered: 05/30/2025 10:38 AM] |
| 7/28/2025 | ☐ 12<br>6 pg. 1,478 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 07/28/2025 10:35 PM] |
| 8/4/2025 | ☐ 13<br>1 pg. 192 KB | **ORDER FILED.** The motion (Docket Entry No. 12) for an extension of time to file the opening brief is granted. The opening brief is due September 4, 2025. The answering brief is due October 6, 2025. The optional reply brief is due within 21 days after the answering brief is served. [Entered: 08/04/2025 03:31 PM] |
| 8/27/2025 | ☐ 14<br>5 pg. 224 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 08/27/2025 06:22 PM] |
| 8/29/2025 | 15 | **TEXT ORDER FILED.** The motion (Docket Entry No. 14) for an extension of time to file the opening brief is granted. The opening brief is due October 6, 2025. The answering brief is due November 5, 2025. The optional reply brief is due 21 days after the answering brief is served. [Entered: 08/29/2025 02:26 PM] |
| 9/30/2025 | ☐ 16<br>6 pg. 1,188 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 09/30/2025 10:58 PM] |
| 10/7/2025 | ☐ 17<br>5 pg. 160 KB | **MOTION** for Miscellaneous Relief filed by Appellant Theodore E. Essenfeld. [Entered: 10/07/2025 03:24 PM] |
| 10/24/2025 | ☐ 18<br>1 pg. 128 KB | **MOTION** for Miscellaneous Relief filed by Appellant Theodore E. Essenfeld. [Entered: 10/24/2025 03:16 PM] |
| 11/18/2025 | ☐ 19<br>1 pg. 192 KB | **ORDER FILED.** Within 35 days, counsel Gretchen Fusilier is directed to file a response to appellant's assertion (in Docket Entry Nos. 17 & 18) that there has been a complete breakdown in communication between appellant and counsel Fusilier, and requesting appointment of substitute counsel or permission to proceed pro se. The motion (Docket Entry No. 16) for an extension of time to file the opening brief is held in abeyance pending counsel's compliance with this order. The clerk will serve this order on appellant individually. [Entered: 11/18/2025 03:33 PM] |
| 12/22/2025 | ☐ 20<br>13 pg. 3,489 KB | **RESPONSE** to Order - Call for Response to Filing (DE 19) filed by Appellant Theodore E. Essenfeld. [Entered: 12/22/2025 10:20 PM] |
| 12/30/2025 | ☐ 21<br>1 pg. 192 KB | **ORDER FILED.** : Lisa B. Fitzgerald, Appellate Commissioner.<br>The response (Docket Entry No. 20) to this court's November 18, 2025, order is satisfactory, and Gretchen Fusilier will continue as counsel for this appeal. The court will take no further action on the pro se filings at Docket Entry Nos. 17 & 18. The motion (Docket Entry No. 16) for an extension of time to file the opening brief is granted. The opening brief is due January 30, 2026. The answering brief is due March 2, 2026. The optional reply brief is due 21 days after the answering brief is served. [Entered: 12/30/2025 03:58 PM] |
| 1/27/2026 | ☐ 22<br>6 pg. 224 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 01/27/2026 11:47 PM] |
| 2/4/2026 | ☐ 23<br>1 pg. 172 KB | **ORDER FILED.** The motion (Docket Entry No. 22) for an extension of time to file the opening brief and for leave to file the motion late is granted. The opening brief is due February 13, 2026. The answering brief is due March 16, 2026. The optional reply brief is due 21 days after the answering brief is served. [Entered: 02/04/2026 01:28 PM] |
| 2/21/2026 | ☐ 24<br>6 pg. 146 KB | **MOTION** to Extend Time to File Brief filed by Appellant Theodore E. Essenfeld. [Entered: 02/21/2026 09:26 AM] |

ACMS ShowDoc

| 2/27/2026 | 25 | **ORDER FILED. (TEXT ONLY)** The motion (Docket Entry No. 24) for an extension of time to file the opening brief is granted. The opening brief is due March 16, 2026. The answering brief is due April 15, 2026. The optional reply brief is due 21 days after the answering brief is served. [Entered: 02/27/2026 10:32 AM] |
|---|---|---|
| 3/23/2026 | ☐ 26<br>64 pg. 933 KB | **OPENING BRIEF** submitted for filing by Appellant Theodore E. Essenfeld.--[COURT UPDATE: Corrected PDF of brief attached as of 3/31/2026, REPLACING original attachment. PDFs of motion and index of ER removed, see DEs 27, 30] [Entered: 03/23/2026 09:12 PM] [Edited: 03/31/2026 11:26 AM] |
| 3/23/2026 | ☐ 27<br>4 pg. 260 KB | **MOTION** to Accept Late Filing filed by Appellant Theodore E. Essenfeld. [Entered: 03/23/2026 09:18 PM] |
| 3/23/2026 | ☐ 28<br>8 pg. 1,277 KB | **MOTION** to File Document Under Seal and Sealed Document Submitted for Filing filed by Appellant Theodore E. Essenfeld.--[COURT UPDATE: Corrected PDFs attached as of 3/31/2026, REPLACING original attachments]   [COURT UPDATE: Unseal DE 28.1, 28.2 and 28.6 per 4/8/2026] [Entered: 03/23/2026 09:47 PM] [Edited: 04/08/2026 10:42 AM] |
| 3/23/2026 | 29 | Presentence Report UNDER SEAL filed by Appellant Theodore E. Essenfeld. [Entered: 03/23/2026 09:53 PM] |
| 3/23/2026 | 33 | **EXCERPTS OF RECORD** Vols 3-5 submitted UNDER SEAL for filing by Appellant Theodore E. Essenfeld. (Court entered filing of sealed vols submitted at DE 28) [Entered: 03/31/2026 11:43 AM] |
| 3/30/2026 | ☐ 30<br>191 pg. 70,921 KB | **EXCERPTS OF RECORD** submitted for filing by Appellant Theodore E. Essenfeld.--[COURT UPDATE: PDFs of vols 1 and 2 attached as of 3/31/2026] [Entered: 03/30/2026 05:15 AM] [Edited: 03/31/2026 11:37 AM] |
| 3/30/2026 | 31 | DEFECTIVE ---- EXCERPTS OF RECORD submitted for filing by Appellant Theodore E. Essenfeld. (Duplicate of DE 30) [Entered: 03/30/2026 05:35 AM] [Edited: 03/31/2026 11:37 AM] |
| 3/30/2026 | ☐ 32<br>1 pg. 417 KB | **PROOF OF SERVICE** filed by Appellant Theodore E. Essenfeld. [Entered: 03/30/2026 05:39 AM] |
| 4/8/2026 | ☐ 34<br>1 pg. 168 KB | **ORDER FILED.** Lisa B. Fitzgerald, Appellate Commissioner.<br>The motion (Docket Entry No. 27) to accept the untimely opening brief, and the motion (Docket Entry No. 28) to file under seal Volumes 3 to 5 of the excerpts of record, are granted. The clerk will file publicly the motion to seal and certificate of service (Docket Entry No. 28.1, 28.2, and 28.6), opening brief (Docket Entry No. 26), and Volumes 1 to 2 of the excerpts of record (Docket Entry No. 30). The clerk will maintain under seal Volumes 3 to 5 of the excerpts of record (Docket Entry No. 33). The answering brief is due May 8, 2026. The optional reply brief is due 21 days after the answering brief is served. [Entered: 04/08/2026 10:35 AM] |
| 4/8/2026 | 35 | **CLERK ACTION:** Opening Brief submitted at DE 26 and Excerpts of Record submitted at DE 30, DE 33 by Appellant Theodore E. Essenfeld are filed. Volumes 3-5 are filed UNDER SEAL. No paper copies are required. [Entered: 04/08/2026 11:24 AM] |
| 4/27/2026 | 36 | Streamlined Request for Extension of Time to File Brief filed by Appellee United States of America. [Entered: 04/27/2026 03:00 PM] |
| 4/27/2026 | 37 | **ORDER FILED.** Streamlined Request for Extension of Time to File Brief (DE 36) granted. Amended briefing schedule: Answering Brief Due (Appellee) 6/8/2026. Optional Reply Brief due 21 days after service of Answering Brief. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. [Entered: 04/27/2026 03:11 PM] |
| 5/26/2026 | ☐ 38<br>3 pg. 221 KB | **MOTION** to Extend Time to File Brief filed by Appellee United States of America. [Entered: 05/26/2026 01:46 PM] |

# EXHIBIT L

## DELETED

**District Court Source:**
**Brief Reference:**

*↓ Exhibit document follows this divider page ↓*

# EXHIBIT M

## Request for Command Assistance — Lost-Time Pay

*CDR Kevin R. Brandwein / LCDR Colleen E. Daly, November 14, 2025*

**District Court Source:** *Dkt. 6, Ex. 6*
**Brief Reference:** Statement of Case §D; Arg. III.D

*↓ Exhibit document follows this divider page ↓*

14 Nov 25

From: CDR Kevin R. Brandwein, JAGC, USN, Counsel for Respondent
To: Commander, Expeditionary Strike Group THREE

Subj: REQUEST FOR COMMAND ASSISTANCE ICO CAPT THEODORE ESSENFELD, USN

Ref: (a) 10 U.S.C. § 1168
(b) 10 U.S.C. § 8322
(c) SECNAVINST 1920.6D
(d) PERS-83 ltr 1920 Ser 834/256 of 17 Apr 25
(e) 37 U.S.C. § 204
(f) DoDI 1000.13
(g) MILPERSMAN 1600-100
(h) MILPERSMAN 5370-010

Encl: (1) Facility Handbook Excerpts
(2) Email IRT CAPT Essenfeld of 20 Sep 22

1. CAPT Essenfeld, through counsel, requests to perform military duties and return to a paid status. CAPT Essenfeld is an active-duty officer in the United States Navy. He was released from confinement and is currently at the Ocean View Residential Reentry Facility, approximately 2 miles from Expeditionary Strike Group THREE. We submit that preventing CAPT Essenfeld from performing military duties and receiving military pay serves no purpose other than to punish him after he has earned the right to return to society.

2. The Navy has not discharged or released CAPT Essenfeld from active duty pursuant to reference (a). He has not been retired under reference (b). Indeed, the Navy is pursuing an administrative separation and retirement grade determination for CAPT Essenfeld under reference (c). In reference (d), the Navy initiated administrative show cause proceedings in April 2025. The Navy repeatedly delayed the board of inquiry, with the two most recent delays occurring when the Navy was unable to find sufficient membership. Therefore, under reference (e), CAPT Essenfeld is entitled to basic pay. Similarly, the government is required to issue him a Common Access Card (CAC) pursuant to reference (f).

3. CAPT Essenfeld arrived at the reentry facility on 4 November. He is no longer confined and therefore should not be in a lost time status pursuant to reference (g). The MILPERSMAN is explicit that lost time covers periods of confinement or incarceration. It does not cover periods where the Sailor can report to work but is completing a reentry program. Enclosure (1) sets out the facility curfew and job search requirements. These are noteworthy because they show that CAPT Essenfeld would have no meaningful limitation in performing regular military duties at ESG-3. He has previously demonstrated an ability to perform meaningful work even after his misconduct came to light, as evidenced by enclosure (2).

Subj:   REQUEST FOR COMMAND ASSISTANCE ICO CAPT THEODORE ESSENFELD,
        USN

4. CAPT Essenfeld is required to seek employment as a condition of his reentry into society. However, he is employed by the Navy and holds a valid commission as an active-duty officer. Under reference (h), the Navy *requires* CAPT Essenfeld to seek permission and approval for employment outside the military. In this case, the military is both refusing to permit him to serve and holding authority over his ability to work. This "catch-22" is untenable.

5. CAPT Essenfeld, like every Sailor, deserves to be treated with dignity and respect. He is requesting assistance in obtaining a CAC and to resume his military duties. None of us should be judged solely on our weakest moment. CAPT Essenfeld enlisted in the Navy over thirty years ago. He earned a commission after rising to the rank of second-class petty officer. He ascended the officer ranks, commanded warships, and earned selection to Captain. For nearly 30 years he served his nation without blemish. In 2020, he made a series of poor decisions. Decisions that have cost him dearly and to which he has taken ownership. All these decisions were related to the dissolution of a romantic personal relationship. While he maintained his acts did not amount to a criminal offense and that the government's interpretation of a statute was overly broad, he has repeatedly expressed remorse for his conduct. At this point, he has served his time in confinement and is ready to return to duty pending his show cause hearing. ESG-3 should not deny him the dignity of performing meaningful work for the Navy.

6. Thank you for your time and consideration. I am available to discuss this or any related matter at (360)476-6315 or via email at kevin.r.brandwein.mil@us.navy.mil.

*Kevin R Brandwein*

K. R. BRANDWEIN

2

# EXHIBIT N

## Command Response Denying Return to Duty

*RDML De Vore, Commander Expeditionary Strike Group, December 5, 2025*

**District Court Source:** *Dkt. 6, Ex. 8*
**Brief Reference:** Statement of Case §D; Arg. III.D

*↓ Exhibit document follows this divider page ↓*

CUI



**DEPARTMENT OF THE NAVY**
COMMANDER EXPEDITIONARY STRIKE GROUP THREE
NAVAL BASE SAN DIEGO BLDG 73
3205 SENN ROAD
SAN DIEGO CA 92136-5090

5812
Ser N00J/143
5 Dec 25

From:  Commander, Expeditionary Strike Group THREE
To:    CAPT Theodore E. Essenfeld, USN

Subj:  REQUEST FOR COMMAND ASSISTANCE ICO CAPT THEODORE ESSENFELD, USN

Ref:   (a) DoD 7000.14-R, Financial Management Regulations (Volume 7A, Chapter 1)
       (b) CDR Kevin R. Brandwein, JAGC, USN ltr of 14 Nov 25 (w/encls)

Encl:  (1) CoreCivic Community ltr of 13 Nov 25
       (2) LCDR John O. Wilson, JAGC, USN email of 8 Oct 25

1. In accordance with reference (a), and after consideration and advice from my staff judge advocate, I am unable to grant your request to perform military duties and return to a paid status (reference (b)), and therefore it is denied.

2. Per confirmation with your Federal Residential Re-entry Facility, and enclosure (1), you remain in the custody of the Bureau of Prisons until 21 October 2026. You have not been paroled to the Navy, and you are unable to perform full duty commensurate with your grade and military specialty. Once you are no longer in custody, notify our office with the appropriate documentation.

3. Per enclosure (2), employment is not a requirement of this facility but is a highly encouraged recommendation. If you choose to seek outside employment, I will review any request expeditiously.

4. Regarding your request for assistance in obtaining a Common Access Card (CAC), your counsel confirmed that you do not require further assistance.

M. B. DE VORE

Copy to:
Counsel for Respondent

| Controlled by: | Department of the Navy |
|---|---|
| Controlled by: | ESG-3 SJA |
| CUI Categories: | PRVCY, INV, PRIVILEGE |
| Dissemination Control: | FEDCON |
| POC: | ESG-3-SJA@US.NAVY.MIL |

CUI

# EXHIBIT O

## BOP Updated Release Timeline Documentation

*Projected Release Date: June 23, 2026 (Updated)*

**District Court Source:** *Dkt. 6, Ex. 9*
**Brief Reference:** Statement of Case §E; Arg. IV

*⇃ Exhibit document follows this divider page ⇃*

## FSA Time Credit Assessment
Register Number:08418-506, Last Name:ESSENFELD

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 08418-506 | Responsible Facility: CLB |
| Inmate Name | Assessment Date.....: 05-06-2026 |
|    Last............: ESSENFELD | Period Start/Stop...: 04-10-2025 to 05-06-2026 |
|    First...........: THEODORE | Accrued Pgm Days....: 391 |
|    Middle..........: E | Disallowed Pgm Days.: 0 |
|    Suffix..........: | FTC Towards RRC/HC..: 0 |
| Gender............: MALE | FTC Towards Release.: 180 |
| Start Incarceration: 10-25-2024 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 04-10-2025 | 08-06-2025 | accrue | 118 |

  Accrued Pgm Days...: 118
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 30

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 08-06-2025 | 05-06-2026 | accrue | 273 |

  Accrued Pgm Days...: 273
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 150

--- FSA Assessment(s) ------------------------------------------------------------

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 04-10-2025 | 05-08-2025 | R-LW | 05-13-2025 07:34 | 10 |
| 002 | 05-08-2025 | 08-06-2025 | R-LW | 05-13-2025 07:34 | 10 |
| 003 | 08-06-2025 | 11-04-2025 | R-LW | 05-13-2025 07:34 | 15 |
| 004 | 11-04-2025 | 02-02-2026 | R-LW | 05-13-2025 07:34 | 15 |
| 005 | 02-02-2026 | 05-03-2026 | R-LW | 05-13-2025 07:34 | 15 |
| 006 | 05-03-2026 | 07-23-2026 | R-LW | 05-13-2025 07:34 | 15 |

## FSA Time Credit Assessment
Register Number:08418-506, Last Name:ESSENFELD

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
  All conditional days and conditional dates below are the individual's best case scenario
  given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
  05-06-2026. These dates can change if there are changes to one or more of the following: the
  individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

  SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
  OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
  REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
  ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
  FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
  CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
  (a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
  WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
  (5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
  Projected Release Date: 12-20-2026
  Projected Release Method: GCT REL
  FSA Projected Release Date: 06-23-2026
  FSA Projected Release Method: FSA REL
  FSA Conditional Release Date: 06-08-2026
  SCA Recommended Placement Days (Following 5 Factor Review): 270
  SCA Recommended Placement Date: 09-11-2025
  SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 112
  FSA Conditional Placement Days: N/A
  FSA Conditional Placement Date: N/A
  Conditional Transition To Community Date: 09-11-2025
  Max. Statutory HC Placement Date (if approp.): 02-16-2026
  Recommended HC Placement Date (if approp.): 02-16-2026

Case: 26-3692, 06/11/2026, DktEntry: 4.1, Page 93 of 163

An official website of the United States government.   Here's how you know

| Home | About Us | Inmates | Locations | Careers | Business | Resources | Contact Us |

# Find an inmate

Find By Number        Find By Name

**Type of number**

BOP Register Number

**Number**

08418506

Search    Clear Form

**Name**: THEODORE E ESSENFELD
**Register Number**: 08418-506
**Age**: 54
**Race**: White
**Sex**: Male
**Release Date**: 06/23/2026
**Located At:** RRM Long Beach

Our records contain information about federal inmates incarcerated from 1982 to the present.

 Gmail        **Theodore Essenfeld <tedessenfeld@gmail.com>**

## Release date

**Lozano, Jennifer** <Jennifer.Lozano@corecivic.com>        Wed, Jun 3, 2026 at 10:55 AM
To: Theodore Essenfeld <tedessenfeld@gmail.com>

Hi Mr. Essenfeld, below is the respond we got from the BOP regarding your release date.

"Hello, his last FSA was updated on 5/6/26 so there will be another update on 6/6/26 which might end up being an immediate release, we won't know until the credits are updated

FSA conditional is 6/8/26
Projected Release date is 6/23/26"

Let me know if you have any questions.

*Respectfully,*

*Jennifer Lozano*
**Federal Case Manager, Ocean View**

 **CoreCivic**

**551 S. 35th Street San Diego, CA 92113**
**619-232-8600 ext. 206**

# EXHIBIT P

## Second Endorsement on Final Civil Action Report
*RDML R.W. Peck, December 13, 2024*

**District Court Source:** *Dkt. 10, Ex. A*
**Brief Reference:** Arg. III.C (Service Record / Grade)

*↓ Exhibit document follows this divider page  ↓*

CUI



**DEPARTMENT OF THE NAVY**
COMMANDER EXPEDITIONARY STRIKE GROUP THREE
NAVAL BASE SAN DIEGO BLDG 73
3205 SENN ROAD
SAN DIEGO CA 92136-5090

IN REPLY REFER TO:
5800
Ser N00J/270
13 Dec 24

SECOND ENDORSEMENT on Expeditionary Strike Group THREE ltr 5800 Ser N00J/240 of 12 Nov 24

From: Commander, Expeditionary Strike Group THREE
To: Commander, Navy Personnel Command (PERS 834)
Via: (1) Deputy Chief of Navy Personnel

Subj: FINAL CIVIL ACTION REPORT ICO CAPT THEODORE E. ESSENFELD, USN

Ref: (a) NAVPERS 15560D

1. Forwarded as a matter under your cognizance as the alternate show cause authority pursuant to reference (a), section 1611-010, paragraph (2), since I am the officer that initiated this report.

2. While it is not explicitly labelled as such, CAPT Essenfeld's letter of 29 November 2024 was intended to be the first endorsement to this report.

3. After fully reviewing CAPT Essenfeld's endorsement, conferring with my legal staff, and considering all of the facts of this case, I maintain my recommendation that that CAPT Essenfeld be detached for cause, that CAPT Essenfeld's misconduct does warrant promotion delay or removal if on a promotion list, and that CAPT Essenfeld should be required to show cause for retention in the Naval service.

4. While CAPT Essenfeld would like for any administrative process to be delayed until he is able to get a final ruling from a federal appellate court regarding his case, I do not agree. The timeline for federal criminal appeals is indefinite, and could be prolonged for years. At this time, CAPT Essenfeld has a final felony conviction, for which he should be administratively separated from the Navy.

5. My point of contact for this matter is LCDR Kym L. Murphy, JAGC, USN. She can be reached at (619) 556-3786 or by email at esg-3-sja@us.navy.mil.

*Randall W Peck*
R. W. PECK

Copy to:
CAPT Essenfeld

| Controlled by: | Department of the Navy |
|---|---|
| Controlled by: | ESG-3 SJA |
| CUI Categories: | Legal, Privacy |
| Dissemination Control: | FEDCON |
| POC: | N00J, 619-556-3786 |

CUI

EXHIBIT P

# EXHIBIT Q

## FSA Time Credit Assessment — Federal Bureau of Prisons

*July 18, 2025*

**District Court Source:** *Dkt. 10, Ex. B*
**Brief Reference:** Statement of Case §E

*↓ Exhibit document follows this divider page  ↓*

## FSA Time Credit Assessment

Register Number:08418-506, Last Name:ESSENFELD

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
10-07-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---

Projected Release Date: 12-20-2026
Projected Release Method: GCT REL
FSA Projected Release Date: 10-21-2026
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 07-23-2026
SCA Recommended Placement Days (Following 5 Factor Review): 270
SCA Recommended Placement Date: 10-26-2025
SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 112
FSA Conditional Placement Days: N/A
FSA Conditional Placement Date: N/A
Conditional Transition To Community Date: 10-26-2025
Max. Statutory HC Placement Date (if approp.): 04-02-2026
Recommended HC Placement Date (if approp.): 04-02-2026

# EXHIBIT R

## Acknowledgment of Rights
*CAPT Theodore E. Essenfeld, April 28, 2025*

**District Court Source:** *Dkt. 10, Ex. C*
**Brief Reference:** Arg. II.C (Exhaustion Record)

*↓ Exhibit document follows this divider page ↓*

CUI

28 Apr 25

From: CAPT Theodore E. Essenfeld, USN
To:   Commander, Navy Region Southwest
Via:  Commander, Expeditionary Strike Group THREE

Subj: ACKNOWLEDGMENT OF RIGHTS

Ref:  (a) COMNAVPERSCOM ltr 1920 Ser 834/256 of 17 Apr 25
      (b) DoD Financial Management Regulation, Volume 7A
      (c) OPNAVINST 6100.3A

1. Receipt of reference (a) is acknowledged. However I do not have access to references (b) or (c). Therefore I am unable to make an informed acknowledgment of my rights. I elect a Board of Inquiry (BOI) and understand it will be held in my absence if I choose not to appear. I desire and intend to appear before any BOI. Any failure to appear is because I am being held against my will.

2. I did not serve in an imminent danger pay area as defined by reference (b) within the last 24 months. Pre- and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c). This statement is made to the best of my knowledge as I do not have access to references (b) or (c). Of note, I have been diagnosed with PTSD and began treatment for post-traumatic symptoms in 2018 following my last deployment.

3. I am currently incarcerated in the Federal Corrections Institution at Safford, AZ after being, I believe, wrongfully convicted of two felonies. My appeal is pending before the Ninth Circuit Court of appeals, currently scheduled for 28 May 2025. I have made multiple requests to hold in abeyance these proceedings until my appeal is exhausted. I and my supporters believe there are as many as fourteen grounds for a successful appeal of my conviction. We believe that my conviction will be overturned and that the charges against me violated my rights under the United States Constitution, the document that each of us serving in the Navy have sworn to support and defend. To administratively separate me after more than 30 years of loyal, devoted, and distinguished service, both enlisted and commissioned, based on charges that violate not only my but you rights as a citizen would be a gross injustice. Once again, I request these proceedings be held in abeyance pending the final adjudication of my appeal.

4. Because I am imprisoned, I do not have access to either phone or email. I can be contacted via my Navy Defense Counsel, LCDR Colleen E. Daly, JAGC, at the Defense Service Office West. The phone number there is (619) 556-7539.

T.E. Essenfeld

Copy to:
COMNAVPERSCOM (PERS 834)
LCDR Colleen E. Daly (DSO West)

CUI

EXHIBIT 4

CUI

From: CAPT Theodore E. Essenfeld, USN                         28 Apr 25
To:   The Secretary of the Navy
Via:  (1)Commander, Expeditionary Strike Group THREE
      (2)Commander, Navy Personnel Command (PERS-83)
      (3)Deputy Chief of Naval Personnel
      (4)Chief of Naval Personnel

Subj: REQUEST FOR EXCEPTION TO POLICY

Ref:  (a)SECNAVINST 1920.6D

Encl: (1)PERS-83 ltr 1920 Ser 834/256 of 17 Apr 25
      (2)PERS-83 ltr 1920 Ser 834/257 of 17 Apr 25
      (3)CAPT Essenfeld ltr of 29 Nov 24
      (4)COMEXSTRKGRU THREE ltr 5800 Ser N00J/270 of 13 Dec 2024

1. Per reference (a) and following up on enclosure (3) I re
respectfully request the Secretary of the Navy approve an exception
exception to policy directing that any administrative and/or
punitive action against me as directed in enclosures (1) and
(2) be held in abeyance until the appeal process is complete.

2. My case is pending before the Ninth Circuit Court of Appeals,
currently scheduled for 28 May 25. While I understand that
appeals can be prolonged, a concern expressed by RDML Peck in
enclosure (4) - which is notably not referenced in enclosure (1)
- any delays in the appeal process are outside of my control.
I should not be penalized for such delays, especially as I filed
my notice to appeal in a timely manner.

3. Similar exceptions to policy have been granted in the past.
My request is not without precedent. Recently a Navy Officer
was tried and convicted for the deaths of two host nation
citizens due to a car crash in Japan. Despite his conviction
and incarceration an exception to policy was granted allowing
him to receive full pay and benefits while in a Japanese prison
pending an appeal. I am not asking for such special treatment.
I only ask that I not be separated when there is a strong like-
lihood that my conviction, the basis for this administrative
action, will be overturned.

4. Continuing this action against me prior to the conclusion
of appellate proceedings will represent a profound injustice.
Especially if, as I expect, my conviction is overturned. I
believe my appeal will prove that my rights under the First,
Fifth, Sixth, and Fourteenth Amendments of the Constitution of
the United States have been violated.

5. My sole desire upon the successful appeal of my case is to
return to the service of my country and my Navy. I hope for the
opportunity to redeem myself in the eyes of my fellow Sailors,
both those I have led and those whom I followed.

6. I have already been denied a year of freedom and remain
incarcerated pending appeal. I lost custody of my minor son.
My career and reputation have been damaged. I lost my home.
And I have expended my life's savings on a deficient defense

CUI

EXHIBIT E   01   03

CUI

which resulted in a wrongful and unjust conviction. Please do not add a further injustice by administratively separating me on grounds that will rpove erroneous.

7. As I stated previously in enclosure (3) - which was also not refernced in enclosure (1) - I have devoted my entire adult life, more than 30 years, to supporting and defending our Constitution. From Seaman Recruit to Captain I have never failed in the performance of my duty. In fact, I have excelled. Only these un unconstitutional charges against me have blemished my service. The suggestion that I brought discredit upon the Navy breaks my heart.

8. I implore you, please allow both the Constitution and the un appeal process to work for me. In the unlikely event that my appeal does not succeed, I will humbly submit to the findings of the Board of Inquiry. Please delay these proceedings.

9. Thank you for your consideration.

Very Respectfully,

T. E. Essenfeld
CAPT          USN

Copy to: LCDR Colleen E. Daly, JAGC, USN, DSO WEST

CUI

EXHIBIT C p 2 N 2

# EXHIBIT S

## BOI Record of Proceedings — Excerpts
*December 18–19, 2025 (Sub-exhibits D-1 through D-8)*

**District Court Source:** *Dkt. 10, Ex. D (D-1 through D-8)*
**Brief Reference:** Statement of Case §B; Arg. III.B, III.C

*↓ Exhibit document follows this divider page ↓*

# EXHIBIT D1

Cover transmittal identifying board members and CAPT Brian J. Ellis, JAGC, USN as Assistant Recorder

From:   RADM Douglas C. Verissimo, USN, Presiding Officer
To:     Commander, Navy Region Southwest

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

Ref:    (a) SECNAVINST 1920.6D

Encl:   (1) Government Exhibits 1 through 46
        (2) Respondent Exhibits A through BB
        (3) Findings Worksheet

Per reference (a), Enclosures 1 through 3 and the following
record of proceedings of a board of inquiry in the case of
CAPT Theodore E. Essenfeld, USN, are submitted.

**The board was called to order at 0858, 18 December 2025, at
Commander, Navy Region Southwest, San Diego, California.**

The board was convened by an order of Commander, Navy Region
Southwest by his letter 1920 Ser N00J/460J of 12 December 2025;
copies of which have been furnished to each member of the board,
the recorder, the respondent, counsel for the respondent and the
legal advisor.

The following persons named in the appointing order were
present:

        Presiding Officer: **RADM Douglas C. Verissimo, USN;**
        Member: **RDML Justin A. Kubu, USN;**
        Member: **RDML Thomas J. Zerr, USN;**
        Recorder: **LCDR John O. Wilson, JAGC, USN;**
        Assistant Recorder: **CAPT Brian J. Ellis, JAGC, USN;**
        Assistant Recorder: **LTJG Sierra N. Luther JAGC, USN;**
        Respondent: **CAPT Theodore E. Essenfeld, USN;**
        Counsel for Respondent: **LCDR Colleen E. Daly, JAGC, USN;** and
        Assistant Counsel for Respondent: **CDR Kevin R. Brandwein,
                                            JAGC, USN.**

        The following person named in the appointing order was not
        present but available by telephone:

        Legal Advisor: **CDR Aaron E. Martin, JAGC, USN.**

# EXHIBIT D2

Respondent present; Board composition and convening authority: Acknowledgment that the respondent has federal litigation ongoing, and the board was convened in despite that

From:  RADM Douglas C. Verissimo, USN, Presiding Officer
To:    Commander, Navy Region Southwest

Subj:  RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
       CAPT THEODORE E. ESSENFELD, USN

Ref:   (a) SECNAVINST 1920.6D

Encl:  (1) Government Exhibits 1 through 46
       (2) Respondent Exhibits A through BB
       (3) Findings Worksheet

Per reference (a), Enclosures 1 through 3 and the following record of proceedings of a board of inquiry in the case of CAPT Theodore E. Essenfeld, USN, are submitted.

**The board was called to order at 0858, 18 December 2025, at Commander, Navy Region Southwest, San Diego, California.**

The board was convened by an order of Commander, Navy Region Southwest by his letter 1920 Ser N00J/460J of 12 December 2025; copies of which have been furnished to each member of the board, the recorder, the respondent, counsel for the respondent and the legal advisor.

The following persons named in the appointing order were present:

       Presiding Officer: **RADM Douglas C. Verissimo, USN;**
       Member: **RDML Justin A. Kubu, USN;**
       Member: **RDML Thomas J. Zerr, USN;**
       Recorder: **LCDR John O. Wilson, JAGC, USN;**
       Assistant Recorder: **CAPT Brian J. Ellis, JAGC, USN;**
       Assistant Recorder: **LTJG Sierra N. Luther JAGC, USN;**
       Respondent: **CAPT Theodore E. Essenfeld, USN;**
       Counsel for Respondent: **LCDR Colleen E. Daly, JAGC, USN;** and
       Assistant Counsel for Respondent: **CDR Kevin R. Brandwein,
                                          JAGC, USN.**

       The following person named in the appointing order was not present but available by telephone:

       Legal Advisor: **CDR Aaron E. Martin, JAGC, USN.**

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN


The presiding officer stated the board was convened for the
purpose of considering the pertinent facts relating to the case
of CAPT Theodore E. Essenfeld, USN.

The recorder stated that the respondent was present at the board
with a pass from his detention facility with allowance to be
present throughout the proceeding; the previous objection about
convening the board today had been denied by PERS; that the
respondent has federal litigation ongoing, and the board was
convened in despite that, and that Lieutenant Datik, the
victim's legal counsel was present, but was a nonparticipant.

The presiding officer continues to state that CAPT Essenfeld
was being required to show cause for his retention in the U.S.
Navy due to:

     a.  Misconduct.  Commission of a military or civilian
offense, which, if prosecuted under the Uniform Code of Military
Justice (UCMJ), could be punished by confinement of 6 months or
more, and any other misconduct which would require specific
intent for conviction; specifically, his:

          1)  Civil conviction – Violation of Title 18 U.S.C.,
              Section 2261A(2)(B)(Cyberstalking)(count 1/2);

          2)  Civil conviction – Violation of Title 18 U.S.C.,
              Section 1028A(a)(7)(Identity Theft)(count 2/2);

          3)  Substandard Performance – Failure to conform
              to prescribed standards of military deportment.

The recorder stated he and the assistant recorders were lawyers
within the meaning of Article 27(b)(1), UCMJ.

The counsel for respondent stated that she and the assistant
counsel for respondent were lawyers within the meaning of
Article 27(b)(1), UCMJ.

The recorder stated the legal advisor was a lawyer within the
meaning of Article 27(b)(1), UCMJ.

2

# EXHIBIT D3

GE 30: Otay Mesa Prison Records | GE 32: Peckerwood Gang Summary
GE 25: Ninth Circuit Docket (listed) | RE Y: SJA Email 'Meaningful Work'
RE AA: Rebuttal to Racism Allegation | RE BB: Retirement-Eligible Officer Statut

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

The respondent waived the reading of his rights in connection
with the board of inquiry.

The presiding officer advised the board and the respondent
concerning the applicable procedural rules, including the rules
of evidence, that the board's decision was based upon a
preponderance of the evidence presented, and the manner in which
objections would be handled.

The presiding officer also stated that the legal advisor's
ruling was final on all matters of procedure, evidence, and
challenges.

**The recorder questioned the board.**

**The counsel for respondent questioned the board.**

**The recorder had no challenges.**

**The counsel for respondent had no challenges.**

**The recorder made an opening statement.**

**The counsel for respondent made an opening statement.**

The recorder presented the following documents for the board's
consideration in this case:

## GOVERNMENT EXHIBITS

GE 1:   Board of Inquiry Script
GE 2:   Notification of Show Cause Proceedings dated 17 April
          2025
GE 3:   Assignment of Counsel, dated 20 May 2025
GE 4:   SECNAVINST 1920.6D, Enclosure (11) — BOI Procedures
GE 5:   Convening Order dated 12 December 2025
GE 6:   Findings Worksheet
GE 7:   SECNAVINST 1920.6D Enclosure (6) — Separations for Cause
          or Parenthood
GE 8:   U.S. District Court, Entry of Judgement (Conviction)
          dated 25 October 2024
GE 9:   18 U.S.C. Section 2261A (Cyber Stalking)
GE 10:  18 U.S.C. 1028b (Identify Theft)

3

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

GE 11:  U.S. Navy Regulations, Chapter 11
GE 12:  NCIS Investigation (Redacted)
GE 13:  COL Morgan Email Summary dtd 17 July 2025, with
        screenshots
GE 14:  *U.S. v. Essenfeld*, Government Exhibits
        - DOJ GE-4: Email Exchange Between "Jerry Clarke" and
          "Ed McPherson"
        - DOJ GE-17: Fake LinkedIn Profile
        - DOJ GE-48 (A-D) and 49 (A-C): Photos Posted to the
          Fake Facebook Account
        - DOJ GE-62 (A-N): Memes Posted to Fake Facebook
          Account
        - DOJ GE-101: WhatsApp Messages from CAPT Essenfeld
        - DOJ GE-140-142: WhatsApp Messages between CAPT
          Essenfeld and Ms. Zerwig
GE 15:  *U.S. v. Essenfeld*, Trial Transcript – "Bedroom Fun"
        Album Excerpts
GE 16:  Ex-Wife (Skii Fleeton-Essenfeld) Facebook Post, dated
        26 October 2024, with ESG-3 Letter dated 9 March 2018
GE 17:  *U.S. v. Essenfeld*, U.S. Attorney 404(b) Motion and
        Supplement for "Fan Accounts" (with enclosures)
GE 18:  *U.S. v. Essenfeld*, Show Cause Order and Hearing Court
        Transcript from 19 May 2023
GE 19:  NCIS Video Interview of CAPT Essenfeld (Excerpt) taken
        22 July 2022
        - Clip: (DOJ Exhibit 138 – Prepaid Phone Purchase)
GE 20:  Military Protective Order dated 26 July 2022
GE 21:  *U.S. v. Essenfeld*, Sentencing Transcript
GE 22:  *U.S. v. Essenfeld*, Government Sentencing Memorandum
GE 23:  Ms. Zerwig email dated 18 August 2025, with Victim
        Impact Statement at *U.S. v. Essenfeld* Sentencing Hearing
        dated 25 October 2024
GE 24:  CNO Charge of Command Memorandums 2011 to Present
GE 25:  U.S. Court of Appeals Docket (#24-6737) – *U.S. v.
        Essenfeld*
GE 26:  Preliminary Injunction Application filed 9 July 2025,
        with dismissal order
GE 27:  Preliminary Injunction Application filed 18 August 2025,
        with dismissal order, notice of appeal and CAPT
        Essenfeld's appeal brief
GE 28:  CAPT Essenfeld Letter for Exception to Policy, dated
        28 April 2025

4

Subj: RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
CAPT THEODORE E. ESSENFELD, USN

GE 29: Expeditionary Strike Group THREE Classified Information Access letter dated 22 May 2023, and current access limitations email dated 26 November 2025

GE 30: Otey Mesa Correctional Facilities Prison Records.

GE 31: *The Politics of Incarceration: A History of Inmate Organizing*, by Justin M. Smith

GE 32: Peckerwood Summary

GE 33: U.S. Navy Regulations, Chapter 11, Section 1167

GE 34: ALNAV 010/21 dated 12 February 2021

GE 35: Bluejacket Manual, Chapter 5

GE 36: Navy Times Article Post: CAPT Essenfeld Conviction, posted 21 June 2024

GE 37: *U.S. v. Essenfeld*, Government Exhibit 170 – Audio Recording (Blaming Son & Ex-Wife)

GE 38: *U.S. v. Essenfeld*, Government Exhibit 177 – Audio Recording (Asserted Intent)

GE 39: NCIS Video Interview of CAPT Essenfeld (Excerpts) taken 22 July 2022
- Clip 1: (DOJ Exhibit 133 – Confrontation)
- Clip 2: (DOJ Exhibit 134 – Admission)
- Clip 3: (DOJ Exhibit 135 – LinkedIn)
- Clip 4: (DOJ Exhibit 137 – Dating Accounts)
- Clip 5: (DOJ Exhibit 139 – Last Login (2022))

GE 40: *U.S. v. Essenfeld*, Trial Transcript – CAPT Essenfeld Testimony

GE 41: SECNAVINST 1920.6D, Enclosure (8) – Guidelines on Characterization

GE 42: *U.S. v. Essenfeld*, Defense Sentencing Memorandum (w/enclosures)

GE 43: SECNAVINST 1920.6D, Enclosure (9) – Grade at Retirement

GE 44: NAVADMIN 237/20: CAPT Essenfeld Promotion to O-6 (1 September 2020) (Excerpt)

GE 45: Member Data Summary and OMPF Service Record of Respondent

GE 46: FLTMPs Electronic Jacket

**[END OF PAGE]**

5

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

The recorder stated that to help streamline the process the following objections were dealt with prior to getting on the record:

Exhibit 16 was sustained in part and overruled in part removing pages 1 and 2, and overruled as to pages 3 and 4;
        Exhibit 24 was overruled;
        Exhibit 25 was sustained and removed from the record;
        Exhibit 26 was sustained and removed from the record;
        Exhibit 27 was overruled;
        Exhibit 28 was overruled; and
        Exhibit 29 was withdrawn;
        Exhibit 30 and 35 were objected to based on materiality and reliability of which those were overruled; and
        Exhibit 36 was objected to as cumulative, relevant, and material which was also overruled; and
        Reference A was also objected to which was sustained and thus was removed from consideration.

The counsel for respondent still objected on relevance to what was remaining of Government Exhibits 24 through 28 and to Exhibits 30 through 35.

**PO:**  Government Exhibits 1 through 46 with the exceptions of Exhibits 16, pages 1 and 2, and Exhibits 25 and 26 will be made part of the record.

The respondent presented the following exhibits for the board's consideration in this case:

**RESPONDENT EXHIBITS**

RE A:  DODI 1332.30, Sec (3): Reasons for Separation
RE B:  SECNAVINST 1920.6D, Encl (6): Policy Governing
            Separations for Cause and Parenthood
RE C:  DODI 1332.30, Sec (7): Characterization of Service
RE D:  SECNAVINST 1920.6D, Encl (8): Guidelines on
            Characterization of Service
RE E:  SECNAVINST 1920.6D, Encl (9): Guidelines on
            Recommendation - Grade at Retirement
RE F:  Officer Summary Report/Performance Summary Report/Officer
            Data Card/Member Data
RE G:  Fitness Reports

6

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

RE H:   Awards
RE I:   Letters of appreciation
RE J:   Enlisted Evaluations
RE K:   Letters of Support
        1.   CAPT Kevin Dean
        2.   COL Robert Sommers
        3.   COL Dan Lemon
        4.   COL David Morgan
        5.   CAPT Michael Talaga
        6.   CAPT Eric Ruiz
        7.   CAPT Brian Holmes
        8.   CDR Nellie Wang
        9.   CDR Jorge Roldan
        10.  LTC Jay Land
        11.  LCDR Chris Garvin
        12.  LCDR Andrea Bardoczi
RE L:   Mental Health Trauma
        1.   Description of Drowning Incident
        2.   Mental Health Notes May through September 2021
RE M:   Letters of Support Submitted at Sentencing
RE N:   Letters of Support Submitted for This BOI
        1.   Mr. Jonathan Giracca
        2.   Dr. Medeleine Urea
        3.   Mr. Dieter Drake
        4.   Mr. Jon Cothern
        5.   Mr. Jeff Shein
        6.   Mr. Donald Cuerdon, MS, LCMH
        7.   Ryjder Essenfeld
        8.   Gunnar Essenfeld
RE O:   CAPT Essenfeld Seeking to Apologize in February 2023
RE P:   Defense sentencing Memorandum and Addendum to Sentencing
        Report
RE Q:   VA Benefits Chart
RE R:   BI Bill Transfer Information
RE S:   Military Caselaw Regarding Negative Characterization of
        Service
RE T:   Excerpt of Federal Caselaw regarding Negative
        Characterization of Service
RE U:   Effects of Felony Conviction on Homelessness Article
RE V:   Retirement Calculations
RE W:   Photographs

RE X:   Initial NCIS ROI and NCIS email concluding it was not a

7

```
Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

            criminal matter
RE Y:   SJA Email "Meaningful Work"
RE Z:   Motion to Dismiss
RE AA:   Rebuttal to Racism Allegation
            1.  Affidavit ICO LTCOL Melissa Harden, USAF
            2.  Emails describing Conditions
            3.  Otay Mesa Article
RE BB:   Retirement Eligible Officers Voluntary and Conditional
            Retirement Provisions
            1.  10 U.S.C. Section 1370(d)
            2.  DODI 1332.30, Sec (4)
            3.  Example Language from BOI Notification
```

The recorder objected to Respondent Exhibits Q through V and BB on the grounds of relevance.

The legal advisor overruled the objections.

**PO:** Respondent Exhibits A through BB are accepted and will be made part of the record.

The recorder stated that he and counsel for respondent stipulated who the confidential NCIS informant in Government Exhibit 12 was only for that exhibit.

**The board recessed at 1024, 18 December 2025.**

**The board was called to order at 1428, 18 December 2025.**

All persons previously present were once again present with the exception of LTJG Sierra Luther, assistant recorder, whose presence was waived for this portion of the board.

**The recorder had no further evidence to present.**

**DAVID L. ESSENFELD, CIVILIAN, WAS CALLED AS A WITNESS FOR THE RESPONDENT.**

**REC:** Do you swear or affirm that the testimony you're about to give in this case shall be the truth, the whole truth, and nothing but the truth so help you?

**WIT:** I do.

# EXHIBIT D4

Sale of home during incarceration; Effective performance and recognition during period of alleged misconduct

```
Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

        criminal matter
RE Y:   SJA Email "Meaningful Work"
RE Z:   Motion to Dismiss
RE AA:  Rebuttal to Racism Allegation
        1.  Affidavit ICO LTCOL Melissa Harden, USAF
        2.  Emails describing Conditions
        3.  Otay Mesa Article
RE BB:  Retirement Eligible Officers Voluntary and Conditional
        Retirement Provisions
        1.  10 U.S.C. Section 1370(d)
        2.  DODI 1332.30, Sec (4)
        3.  Example Language from BOI Notification
```

The recorder objected to Respondent Exhibits Q through V and BB on the grounds of relevance.

The legal advisor overruled the objections.

**PO:** Respondent Exhibits A through BB are accepted and will be made part of the record.

The recorder stated that he and counsel for respondent stipulated who the confidential NCIS informant in Government Exhibit 12 was only for that exhibit.

**The board recessed at 1024, 18 December 2025.**

**The board was called to order at 1428, 18 December 2025.**

All persons previously present were once again present with the exception of LTJG Sierra Luther, assistant recorder, whose presence was waived for this portion of the board.

**The recorder had no further evidence to present.**

**DAVID L. ESSENFELD, CIVILIAN, WAS CALLED AS A WITNESS FOR THE RESPONDENT.**

**REC:** Do you swear or affirm that the testimony you're about to give in this case shall be the truth, the whole truth, and nothing but the truth so help you?

**WIT:** I do.

8

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

## DIRECT EXAMINATION

Questions by recorder:

I am not currently on active duty or affiliated with the
military.

Questions by the counsel for the respondent:

Captain Essenfeld is my younger brother.  We were raised in a
blended family formed through multiple marriages, but despite
being half-siblings, we were all raised together as brothers and
sisters.  After that marriage dissolved, our mother primarily
raised us and we remained a close family unit.

From a young age, my brother was service-oriented.  He was
involved in scouting, volunteer work, and other activities that
reflected a consistent desire to serve others.  That inclination
naturally led him toward the military, which he viewed as a
meaningful way to build a life of service.  Throughout his
career, he has taken great pride in his work and has risen
through the ranks because of his genuine dedication, competence,
and love for what he does.  His career reflects a lifelong
commitment to service, and he is both effective and fulfilled in
his role.

My brother and I have remained in continuous contact our entire
lives.  We speak, text, or email frequently depending on
circumstances, and we see each other whenever possible despite
the challenges posed by his deployments.  I have traveled to
several duty stations during his service and have been present
for events with his various commands.

As a father, he has a strong and loving relationship with his
sons.  He has shared his lifelong passion for bicycling with
them, traveling to races and events across the country, camping
together, and remaining actively involved in their education and
upbringing.  Even after his divorce, he has worked diligently to
remain a stable and consistent presence in their lives.

I am aware of why my brother is before the board of inquiry and
understand that it involves the creation of an email account and
postings made on it.  I attended the final day of his trial,

9

Subj:  RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
       CAPT THEODORE E. ESSENFELD, USN

though I was unable to be present for the entire proceeding due
to work obligations.  During his incarceration, we remained in
regular contact through email and correspondence.  We
communicated whenever significant events occurred, including
matters involving his children and the sale of his home, which
required extensive coordination and support during that time.

What occurred is completely out of character for my brother.  I
cannot explain it, and I do not understand why it happened.
However, I am certain that it is not something I believe would
ever occur again.  Above all else, my brother's life has been
defined by his love for the Navy and his commitment to service.
His career has consistently been placed at the forefront of his
life, even when it required personal sacrifice or time away from
his children.  Despite those sacrifices, he has always
maintained contact and stability with his family, driven by his
devotion to the Navy and his desire to provide for and advance
the future of his family.

**CROSS-EXAMINATION**

Questions by the recorder:

I am a professional chef.  I previously owned an inn and
restaurant, but several years ago I lost part of both of my
feet, which significantly limits my ability to stand and
affected my ability to continue operating my own business.
After selling my restaurant, I began working for Sage Dining
Services, a company that provides dining services primarily to
boarding schools and large corporations.  I have worked there
for approximately 15 years.  I do not own the company and I work
under a supervisor.

I value the way my supervisor manages our operation.  He treats
employees well, does not micromanage, and respects our
professional abilities by allowing us to do the work we are
skilled at.  He listens to ideas even when they differ from his
own, and while he may not always agree, he shows respect by
considering them.  Overall, it is a positive and well-run work
environment.

I am close to my brother and remain in regular contact with him.
My relationship with his children has been somewhat strained

10

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

during this situation, but not due to any lack of effort on my part. I have reached out multiple times by text and email. I believe the reduced communication is due to the emotional strain of the circumstances, geographic distance, and the fact that they are teenagers, not due to any personal conflict between us.

I was familiar with my brother's former girlfriend, Rebecca Zerwig. I met her on two occasions. Once when my brother brought her to the East Coast to meet our mother, and once when I visited them while they were living in Colorado. After the facts of this case became known, I did not contact her to discuss what had occurred.

While they were married I had a good relationship with my brother's ex-wife. Afterward, that relationship deteriorated for reasons unknown to me. Other than sending condolences when her mother passed away, which went unanswered, I have had no further communication. I hold no animosity toward her. She appears to have chosen not to maintain contact with me. At no time did my brother raise concerns with me about his relationship or any allegations regarding his behavior toward her.

I am proud of my brother's accomplishments in the Navy. Rising from enlisted service to the rank of captain is a remarkable and rare achievement. Based on conversations with others who've served in the Navy, it is almost unheard of and reflects exceptional dedication, responsibility, ability, and accountability. I was equally proud when he became a commanding officer.

Knowing what I now know about what occurred does not change my inability to understand how or why it happened. I cannot reconcile those events with the person I know. I do know that even during this period, he continued to perform his duties effectively and was receiving awards and recognition for his work.

The witness was duly warned, excused and the phone line was disconnected.

**The board recessed at 1447, 18 December 2025.**

11

# EXHIBIT D5

Board called to order 0800, 19 December 2025; Voir dire reopened — comment by counsel for the government; Timothy Fox: service warrants retirement at current rank

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN


**The board was called to order 0800, 19 December 2025.**

All persons previously present were once again present.

The counsel for respondent reopened voir dire to discuss a
comment made by one of the counsel for the government.

**TIMOTHY R. FOX, CIVILIAN, WAS CALLED AS A WITNESS FOR THE
RESPONDENT.**

**AREC:**  Do you swear or affirm that the evidence you shall give
in the case now in hearing shall be the truth, the whole truth,
and nothing but the truth, so help you?

**WIT:**  Yes.

### DIRECT EXAMINATION

Questions by recorder:

I am currently a civilian.

Questions by the counsel for the respondent:

I am a prior Navy officer with 27 years of active duty service.
I served as an aviator flying C-130s and TC-9s, Commanding
Officer of a C-130 squadron, and later served as a base
Commanding Officer.  I attended Air Command and Staff College
and the Industrial College of the Armed Forces.  I concluded my
career at U.S. Northern Command, with additional staff
assignments at the Pentagon, squadrons, ships, and other
commands.

I know Captain Essenfeld through my assignment at U.S. Northern
Command.  He arrived during the height of COVID and was assigned
as the Branch Chief of a newly established experimentation
branch.  I was hired as the senior civilian to support him in
standing up that branch.  I met him in May 2020, and we worked
closely together until his departure in January 2022.  During a
6 to 9 month period when he was sequestered due to a collateral
duty, I served as Acting Branch Chief, but we remained in
regular contact via Teams and phone.  After he returned, we

12

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

worked side by side on a daily basis, either in person or by
phone.

It was a pleasure working with Captain Essenfeld.  He broke down
stereotypes between communities and focused on the mission
rather than background or history.  He was highly engaged in
branch operations, especially on high-visibility projects for
the four-star commander.  He provided clear direction while
giving his team freedom to execute without micromanagement.  He
was proactive as a leader and willing to step in when
coordination with other combatant commands required
clarification or firm direction.

One of the most notable aspects of his leadership was his
willingness to take full responsibility for his branch.  We
worked under a director who created a toxic work environment and
was later removed following an IG investigation.  Before that
occurred, Captain Essenfeld repeatedly placed himself between
her and the branch, absorbing severe verbal attacks over
misunderstandings or mistakes.  He consistently protected his
people.  That demonstrated to me that he genuinely cared about
both the professional development and personal welfare of those
under his leadership.

I was shocked by allegations of racism.  I never observed any
hint of racism or disrespect toward anyone.  On the contrary, I
witnessed him go out of his way to care for people regardless of
rank or background.  One clear example involved an African-
American Air Force major who was escaping an abusive
relationship and trying to protect herself and her young son.
Captain Essenfeld offered her and her child a place to stay in
his home until she could find safe accommodations.  He made
personal sacrifices in doing so, including dealing patiently
with a very young and difficult child.  That experience deeply
affected me and reinforced my view of his character.

I did interact with him socially on occasion, including
gatherings at his home.  He regularly invited branch and
division personnel over to unwind after work.  He did not do
this to draw attention to himself.  He hosted in order to serve
others.  He cooked, prepared the space, and created a welcoming
environment that allowed people to relax and build relationships
outside the workplace.

13

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

Captain Essenfeld spoke openly about his sons.  He was
passionate about being a father and made it a priority to spend
time with them whenever they visited.  I was aware that he was
aggressively pursuing custody of both children and that this
placed a heavy financial and emotional burden on him.  He
remained actively involved in their lives despite distance,
offering guidance, support, and encouragement.  He pushed them
toward healthy activities like biking and spending time
outdoors, and he consistently tried to be present as a father.

I am aware of the circumstances that brought Captain Essenfeld
before this board and was briefed on the facts surrounding his
conviction.  I chose to testify on his behalf because he
consistently supported and protected me and others in an
extremely difficult work environment.  And because of the
respect and care he showed to those around him.  Because I
believe it is only fair to support him after everything he has
already endured.

What he did was out of character and shocking to me.  I do
believe in accountability for wrongdoing, but I also believe the
punishment must fit the offense.  While there is no question he
acted improperly and caused harm, I believe the consequences
imposed thus far far exceed the offense itself.  There was no
physical abuse, no threats of violence, and no financial gain.
Since this began, he has lost his career, custody opportunities
with his children, his home, a significant amount of money, and
endured 18 months of incarceration along with profound personal
humiliation.

I do not believe a 30-year career of honorable and sacrificial
service should be defined by this single chapter.  While I do
not believe he should remain in the Navy, I do believe his
service warrants retirement at his current rank and an honorable
discharge.  Adding further punishment at this stage would be
excessive in light of what he has already lost.  That is why I
felt strongly compelled to appear as a character witness before
this board.

**[END OF PAGE]**

14

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

**CROSS-EXAMINATION**

Questions by the assistant recorder:

I am very familiar with good order and discipline, having served as a Commanding Officer.  During my command, I conducted fewer than ten nonjudicial punishments and observed Sailors take accountability for their misconduct.  I also had responsibilities related to discharge characterizations and was myself honorably discharged from the Navy.

With respect to discharge characterization for Sailors convicted of felonies, I believe such determinations are not black and white and must be evaluated based on the totality of circumstances.  As a Commanding Officer, I would consider the nature of the conviction, consult legal counsel, and seek advice before making a final decision.  That said, if a Sailor has exhausted all appeals and has a final federal felony conviction, my view is that such a Sailor would not typically receive an honorable discharge.

During my time working with Captain Essenfeld, I had both a close professional and personal working relationship with him as a senior civilian under his leadership.  I did meet his former girlfriend, Ms. Rebecca Zerwig, but I have not stayed in contact with her.  I do not have personal knowledge of the impacts of Captain Essenfeld's misconduct on her.  My understanding of those impacts is based solely on briefings I received from his attorney.

The evidence of misconduct, including the underlying conduct for which Captain Essenfeld was convicted, was surprising to me and out of character based on my personal experiences working with him. I am aware that the case involved sexually explicit memes and sexually explicit images of the victim posted online.

I am currently employed with the Chief Digital and Artificial Intelligence Office under the Office of the Under Secretary of Defense for Research and Engineering.  I serve as the Senior Representative to U.S. Space Command, acting as a liaison for all aspects of the Chief Digital and Artificial Intelligence Office to U.S. Space Command.

15

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

Counsel for respondent objected on relevance to question
involving AI accounts.

The assistant recorder made argument.

The presiding officer sustained the objection.

During my time at U.S. Northern Command and NORAD, I was aware
that those networks are secure and governed by strict standards
and policies, including requirements that government systems be
used only for official purposes.  I am not aware that Captain
Essenfeld committed the offense for which he was convicted using
the NORTHCOM network.

The witness was duly warned, excused and the phone line was
disconnected.

The counsel for the respondent and the recorder entered into a
stipulation for rebuttal to Government Exhibit 12, of an NCIS
hearing on March 22, 2022.  Where the parties, meaning Captain
Essenfeld and his ex-wife, were both asked if there was any
history of domestic violence in their relationship and both
parties denied any history of domestic violence in that hearing.

**UNSWORN STATEMENT**

Good morning.  Thank you for your time and the seriousness with
which you approach this responsibility.  I regret being here
before you under these circumstances, but I respect this
institution and the duty entrusted in the three of you.

Thank you.  Admiral Verissimo.  Did I pronounce that right, sir?
You don't know me, and I regret meeting you for the first time
in this forum.

Admiral Zerr, as you noted, we served together on the SURFPAC
Staff, though I worked primarily on the waterfront, rather than
headquarters.  But I did learn a great deal from you observing
your leadership as you oversaw a diverse and demanding
portfolio.  Your engagement and management left a lasting
impression on me.

16

# EXHIBIT D6

Fifth Amendment constraint on sworn testimony | Lost-time status declaration Pay and benefits deprivation | Denial of medical care Denial of white nationalist allegation ('categorically false'; 'defamatory'); Presence for duty at BOI refutes Navy's unavailability claim

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

Counsel for respondent objected on relevance to question involving AI accounts.

The assistant recorder made argument.

The presiding officer sustained the objection.

During my time at U.S. Northern Command and NORAD, I was aware that those networks are secure and governed by strict standards and policies, including requirements that government systems be used only for official purposes.  I am not aware that Captain Essenfeld committed the offense for which he was convicted using the NORTHCOM network.

The witness was duly warned, excused and the phone line was disconnected.

The counsel for the respondent and the recorder entered into a stipulation for rebuttal to Government Exhibit 12, of an NCIS hearing on March 22, 2022.  Where the parties, meaning Captain Essenfeld and his ex-wife, were both asked if there was any history of domestic violence in their relationship and both parties denied any history of domestic violence in that hearing.

### UNSWORN STATEMENT

Good morning.  Thank you for your time and the seriousness with which you approach this responsibility.  I regret being here before you under these circumstances, but I respect this institution and the duty entrusted in the three of you.

Thank you.  Admiral Verissimo.  Did I pronounce that right, sir? You don't know me, and I regret meeting you for the first time in this forum.

Admiral Zerr, as you noted, we served together on the SURFPAC Staff, though I worked primarily on the waterfront, rather than headquarters.  But I did learn a great deal from you observing your leadership as you oversaw a diverse and demanding portfolio.  Your engagement and management left a lasting impression on me.

16

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

Admiral Kubu, our professional relationship actually dates back
further than you remember to my time as lieutenant at SWAS on my
way to early command.  At that stage of my career, I was
understandably intimidated by your experience.  As my career
progressed, however, I came to appreciate and benefit from the
lessons you consistently imparted on me.

Before I proceed, I want to state that I am ashamed of the
behavior that got me here.  I am genuinely sorry for the grief
that I caused Ms. Zerwig, our families, and the Navy.

I'd like to begin with a moment that captures the conflict at
the heart of my life, causing me to deviate so far out of
character and onto the path that ultimately led me here.  In
January of 2020, I departed San Diego, driving east on
Interstate 8, enroute to a new assignment in Colorado.  Only
days earlier, my divorce from my wife of more than 14 years had
finalized.

That divorce was devastating to me.  When I deployed in 2017 in
command of USS PEARL HARBOR, I believed my marriage, which was
not perfect, was at least stable.  It was only during deployment
that I learned through mutual friends that my wife, a dual
citizen of Australia, intended to divorce me and take my
children.

However, that did not ultimately occur.  My return from
deployment in 2018 kicked off an agonizing process, which, while
at times acrimonious, resulted in joint custody.  Throughout
that entire process, there were no allegations of violence or
abuse, because no such thing occurred.

Once concluded, and as a result of custody rulings, I left for
Colorado, expecting to see my sons only during school vacations
or if I was able to return here on leave.  I had no idea how
much parental alienation and COVID would impede my ability to be
a participating father to my sons.  Only a few miles outside of
San Diego, the weight of my reality overwhelmed me.  I pulled
over, physically ill, and sat alone on the side of the road,
sobbing with the belief that I was abandoning my children.  I
grew up without a present father.  Mine left when I was a young
boy, so I understand deeply what abandonment feels like.  In
that moment, I seriously considered turning around, ending my

17

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

career, and staying with my sons.  But I didn't.  I got back in
my car and I drove on.  I believed I could continue to serve
while carrying the tremendous personal cost of that decision.  I
wanted to do my duty, and I wanted to continue to serve.  As I
still do today.

I share this because the record before you reflects decades of
my willingness and success in answering the Navy's call.  What
the record does not show is how emotionally fractured I was
during the period in question.  For more than 30 years, my
professional success often came at significant personal expense.
And I know you all understand this.  Missed milestones,
fractured relationships, prolonged separations, and increasing
isolation.  That unresolved tension between duty and humanity is
essential to understanding what followed.  Because my criminal
conviction is not final and remains under active appellate
review, I cannot address the legal specifics of the allegations.
And I assure you, there are unresolved questions that have yet
to be answered.  My silence on those matters is not evasion, it
is necessity.  I have to protect my Fifth Amendment rights.  I
can, however, speak to the human context.  Years before the
conduct at issue, my emotional resilience had already begun to
erode.

During a road trip with my sons in the midst of my divorce, I
and several others attempted to save the life of an 8-year-old
boy who had drowned.  I carried his body from the water, and we
performed CPR for more than 40 minutes.  He was the same age and
size as my own younger son who was present.  We could not save
that boy.  The trauma followed me home.  My sleep became
restless and haunted, and recurring nightmares of the drowning
child became my own son.  Asking why, why I never came for him.
I sought help at the time, but I did not receive the support I
needed.  I walked away from a mental health clinic convinced
that my symptoms did not merit attention because they did not
stem from combat, and that acknowledging them would be a sign of
weakness.  At the same time, while I was navigating a bitter
divorce, parental alienation, COVID-era isolation, and
professional conflict, all this while striving to perform at a
high level.  Throughout my career, I tried to be an example
others could emulate, serving honorably, protecting those I led,
and holding myself to high standards.  In this case, I failed.
That failure was not born of arrogance or contempt for those

18

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

standards, but of an inability to recognize my own emotional
fragility at a time when resilience mattered most. I recognized
my behavior at that time was wrong, and it was hurtful.

Looking back now, that period feels disjointed and
unrecognizable.  It doesn't reflect who I am as a man, a father,
a partner, or an officer.  During a period of profound grief and
emotional distress, I behaved badly.  I reacted to a painful
personal situation in a way that fell short of my values.
Regardless of intent, that conduct was beneath the standards I'd
lived for or lived by for decades, and I'm ashamed of it.  That
conduct is not demonstrative of who I am.  It was a fracture, an
aberration, wholly inconsistent with more than 30 years of
demonstrated judgment, integrity, and service.

I never imagined my career might culminate in a board of
inquiry.  I believed that if I worked hard, protected my
Sailors, upheld standards, and accepted responsibility when I
erred, my service would eventually conclude with dignity.

I imagined a retirement ceremony not as a reward, but as a quiet
acknowledgement of shared sacrifice.  The possibility of losing
that expected ending is deeply painful.  I stand before you not
seeking celebration but asking for a fair accounting of a
lifetime of service that cannot be reduced to its worst chapter,
and I would welcome a chance of redemption.

I regret the Navy being dragged into this mess.  I may have
requested to retire at the outset had I known that option was
available to me.  I cannot express my shame and disappointment
at being accused of bringing discredit upon the service.

There is one additional part of this story you should
understand, and not to relitigate matters or seek sympathy, but
to acknowledge that, yes, I have already been punished.  That
punishment has taken different forms over time, not only as
ordered by the court, but as experienced while I was
incarcerated.  I appear before you today retained in a lost time
status.

I am not incarcerated.  I have requested and been denied to
return to duty.  Yet I continue to comply with all requirements
and meet all obligations without any pay or benefits, and I

19

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

respectfully ask the board to consider that when characterizing
my service and me, my presence here refutes any suggestion that
I am not available for duty or unable to be.

The first day I was able to walk free on the street, I retrieved
my uniforms.  During my incarceration, I witnessed violence most
Americans never see.  Beatings, stabbings, constant threats.

I moved around six different facilities over the course of 18
months, including an ICE detention facility, for reasons I don't
understand.  At each facility, I had to prove that I was not a
police informant under threats of violence and death because I
didn't fit the model of an inmate.  Too clean-cut, and my
charges didn't seem real.

At each facility, survival required vigilance and restraint.  I
witnessed drug traffic, overdoses, and pervasive dysfunction.  I
experienced sexual harassment.  Since May of 2024, I have
received no meaningful medical care, no dental care, no
sustained mental health care, and for extensive periods, I was
denied prescribed medication and a medically required diet.  For
the past 18 months, I've lived in environments marked by racial
segregation and tension, conditions wholly inconsistent with my
beliefs and with the manner in which I have led Sailors through
my career.  Against that backdrop, the government's effort to
portray me as a racist or a white supremacist is not merely
incorrect.  It is profoundly false and deeply offensive.  I
reject that characterization unequivocally.  Since my initial
enlistment, and the record will show, I have consistently
identified my race as white on official documents, including my
induction papers.

The factual designation is never implied and does not imply now
adherence to any ideology of racial supremacy.  At no point in
my life, including during incarceration, have I associated with,
supported, or sympathized with any white supremacist
organization or belief system ever.  I'd never seen Otay Mesa's
intake document alleging affiliation with a white supremacist
group until my defense counsel provided it to me.  I didn't sign
it, initial it, approve it, or endorse it in any way.  The
assertion it implies is categorically false.  I was raised in a
family that includes Jewish relatives, including Holocaust
survivors who bore the marks, physical marks of persecution,

20

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

numbers tattooed on their arms.  The suggestion that I would
align myself with ideologies rooted in racial hatred is
abhorrent to me and personally offensive.  I think it's
defamatory.  I ask you to judge me by the choices I made
repeatedly under pressure over decades of service, not false
allegations.

When my marriage was collapsing during command, I put my crew
first.  I was offered the opportunity to leave my ship and
return home, but I had promised my crew, my Sailors, from the
day I checked onboard, that I was going to see them through
deployment, and I was going to stand on the bridge wing when
they returned home to their families.  And I did that.

For 2 years I promised that, and I honored that commitment to my
Sailors, my ship, and the Navy.  My command of PEARL HARBOR
remains one of the proudest achievements of my career, not
because of personal accomplishment, but because of what my
Sailors and I achieved together.  When I arrived, I arrived in
my month 19 of a 10-month DSRA.  That's not a misstatement.
Month 19 of a 10-month DSRA that turned into 25 months.  Morale
was the lowest I had ever seen in my career.  Retention was
poor.  Discipline issues dominated my daily responsibilities.
Together, we rebuilt trust, cohesion, and pride.  We executed a
successful deployment, and on the way home, we achieved the
highest in-serve score of any LSD in the fleet.  Those results
belong to the crew, and I was privileged to lead them.  I was
looking forward to bringing the same approach to USS SAN DIEGO.
I believe we could have accomplished great things together, and
the only word I can use here is that I sincerely mourn the lost
opportunity.

Admirals, the conduct that brings me before you today was not
the product of a declining officer or one who was performing
poorly on the job.  It was a human failure at the center of a
tragic arc, one for which I accept responsibility and from which
I have learned.  In ancient stories, they say tragedy ends
either in ruin or wisdom, and I hope that my failure has led to
the latter.

Admirals, I recognize that you feel constrained by
considerations beyond the merits of my individual case,
including optics and institutional equities.  We've talked about

21

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

that.  If you were to recommend retention, I want to be clear.
I would continue to serve the Navy in any capacity, afloat or
ashore as a professional asset to the service.  I'm not seeking
a return to comfort, prestige, or prior expectations.  And
again, I want to make very clear there's a difference between
asserting my legal rights and understanding the realities of the
Navy.

Regardless of ongoing litigation concerning my legal rights, I
understand that certain opportunities have passed.  What I offer
now is service, quiet, disciplined, and without entitlement.

If retained, I could contribute immediately.  My education,
training, and operational experience enable me to add value in
readiness, planning, and execution within demanding operational
environments.  I bring hands-on experience in artificial
intelligence, machine learning, experimentation, and the
integration of emerging technologies, as well as prior work with
unmanned aerial and underwater systems, and a practical
understanding of their capabilities and limitations.

I've served in legislative affairs, and I've worked extensively
with joint interagency and international partners.  All that in
addition to experience in command at sea.

If you determine that my continued service can still advance the
mission, I would accept that opportunity with humility,
discipline, and gratitude.

If separation is your recommendation, I respectfully request
that my service be characterized honorably at the rank or/and
through decades of faithful service.  Such characterization
would not negate my failure, but it would acknowledge that a
life's work cannot be defined solely by its most difficult
period.

I thank you for your time, your service, and your careful
judgment.

Counsel for respondent had no further evidence to present.

The presiding officer wished to revisit the subject of a white
nationalist and rule on it.

22

# EXHIBIT D7

Presiding officer sua sponte revisits white nationalist allegation after closing arguments; Recorder: members may weigh evidence at their discretion (no limiting instruction); Board recesses at 0957; reconvenes; closes for deliberations at 1016; Part I: Findings of misconduct and substandard performance; Part III: OTH characterization; O-5 retirement grade recommendation; Part IV: Referral to Secretary of the Navy

Subj:  RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
       CAPT THEODORE E. ESSENFELD, USN

that.  If you were to recommend retention, I want to be clear.
I would continue to serve the Navy in any capacity, afloat or
ashore as a professional asset to the service.  I'm not seeking
a return to comfort, prestige, or prior expectations.  And
again, I want to make very clear there's a difference between
asserting my legal rights and understanding the realities of the
Navy.

Regardless of ongoing litigation concerning my legal rights, I
understand that certain opportunities have passed.  What I offer
now is service, quiet, disciplined, and without entitlement.

If retained, I could contribute immediately.  My education,
training, and operational experience enable me to add value in
readiness, planning, and execution within demanding operational
environments.  I bring hands-on experience in artificial
intelligence, machine learning, experimentation, and the
integration of emerging technologies, as well as prior work with
unmanned aerial and underwater systems, and a practical
understanding of their capabilities and limitations.

I've served in legislative affairs, and I've worked extensively
with joint interagency and international partners.  All that in
addition to experience in command at sea.

If you determine that my continued service can still advance the
mission, I would accept that opportunity with humility,
discipline, and gratitude.

If separation is your recommendation, I respectfully request
that my service be characterized honorably at the rank or/and
through decades of faithful service.  Such characterization
would not negate my failure, but it would acknowledge that a
life's work cannot be defined solely by its most difficult
period.

I thank you for your time, your service, and your careful
judgment.

Counsel for respondent had no further evidence to present.

The presiding officer wished to revisit the subject of a white
nationalist and rule on it.

22

Subj:   RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
        CAPT THEODORE E. ESSENFELD, USN

The recorder stated the legal officer had already made a ruling, but that the members could give the evidence whatever weight if any in their discretion.

**The board recessed at 0957, on 19 December 2025.**

**The board was called to order, 19 December 2025.**

All persons previously present were once again present.

The recorder did not have any evidence to present in rebuttal.

**The recorder made closing argument.**

**The counsel for the respondent made closing argument.**

**The recorder made rebuttal argument.**

**The board closed at 1016, 19 December 2025.**

**The board opened at 1107, 19 December 2025**

All persons previously present were once again present, with the exception of the victims legal counsel.

**PO:** This board of inquiry has concluded its deliberations and completed the board findings worksheet with all signatures.

**PART I**

The board of inquiry makes the following findings:

By a vote of 3 to 0, the preponderance of evidence support Civil conviction - Violation of Title 18 U.S.C. Section 2261A(2)(B)(Cyberstalking)(count 1/2);

By a vote of 3 to 0, the preponderance of evidence support Civil conviction - Violation of Title 18 U.S.C. Section 1028(a)(7)(Identity Theft) (count 2/2), and

23

Subj:  RECORD OF PROCEEDINGS OF A BOARD OF INQUIRY ICO
       CAPT THEODORE E. ESSENFELD, USN

By a vote of 3 to 0, the preponderance of evidence support Substandard Performance - Failure to conform to prescribed standards of military deportment.

## PART II

Based on the findings in Part I, the board states the following:

The respondent is recommended for **separation** from the Naval Service for the specific reasons as indicated in Part I.

## PART III

Based on the guidance in Enclosure (8) of SECNAVINST 1920.6D, the board recommends the following characterization of service:

**Other than Honorable**

For retirement-eligible officers, based on the guidance in enclosure (9) of SECNAVINST 1920.60, the Board recommends the following retirement pay grade:

**O-5 (Commander)**

## PART IV

Based on the above actions, this case is referred to Secretary of the Navy pursuant to Paragraph 15 of Enclosure (11) of SECNAVINST 1920.6D.

**The board adjourned at 1109, 19 December 2025.**

VERISSIMO.DOUGLAS.CHARLES.1008095910
Digitally signed by VERISSIMO.DOUGLAS.CHARLES.1008095910
Date: 2026.02.06 08:27:26 -08'00'

Douglas C. Verissimo,
RADM, USN
Presiding Officer

24

# EXHIBIT D8

GE 25: Ninth Circuit Docket No. 24-6737 (United States v. Essenfeld)
GE 43: SECNAVINST 1920.6D Enclosure (9) — Grade at Retirement
GE 44: NAVADMIN 237/20 — CAPT Essenfeld Promotion to O-6 (1 Sep 2020)

# TABLE OF CONTENTS

## PRELIMINARY MATTERS

1. Board of Inquiry Script
2. Notification of Show Cause Proceedings dated 17 April 2025
3. Assignment of Counsel, dated 20 May 2025
4. SECNAVINST 1920.6D (Enclosure (11) – BOI Procedures)
5. Convening Order dated 12 December 2025
6. Findings Worksheet

## BASES FOR SEPARATION

7. SECNAVINST 1920.6D (Enclosure (6) – Separations for Cause or Parenthood)

### Civilian Conviction
8. U.S. District Court, Entry of Judgement (Conviction) dated 25 October 2024
9. 18 U.S.C. §2261A (Cyber Stalking)
10. 18 U.S.C. 1028b (Identify Theft)

### Substandard Performance: Military Deportment
11. U.S. Navy Regulations, Chapter 11
12. NCIS Investigation (Redacted)
13. COL Morgan Email Summary dtd 17 July 2025, with screenshots
14. *U.S. v. Essenfeld*, Government Exhibits
    - DOJ GE-4: Email Exchange Between "Jerry Clarke" and "Ed McPherson"
    - DOJ GE-17: Fake LinkedIn Profile
    - DOJ GE-48 (A-D) and 49 (A-C): Photos Posted to the Fake Facebook Account
    - DOJ GE-62 (A – N): Memes Posted to Fake Facebook Account
    - DOJ GE-101: Whats App Messages from CAPT Essenfeld
    - DOJ GE-140-142: Whats App Messages between CAPT Essenfeld and Ms. Zerwig
15. *U.S. v. Essenfeld*, Trial Transcript – "Bedroom Fun" Album Excerpts

## SEPARATION

### Likelihood of Reoccurrence
16. Ex-Wife (Skii Fleeton-Essenfeld) Facebook Post, dated 26 October 2024, with ESG-3 Letter dated 9 March 2018
17. *U.S. v. Essenfeld*, U.S. Attorney 404b Motion and Supplement for "Fan Accounts" (with enclosures)
18. *U.S. v. Essenfeld*, Show Cause Order and Hearing Court Transcript from 19 May 2023
19. NCIS Video Interview of CAPT Essenfeld (Excerpt) taken 22 July 2022
    - Clip: (DOJ Exhibit 138 – Prepaid Phone Purchase)
20. Military Protective Order dated 26 July 2022

# TABLE OF CONTENTS

### Seriousness of the Offense

21. *U.S. v. Essenfeld*, Sentencing Transcript
22. *U.S. v. Essenfeld*, Government Sentencing Memorandum
23. Ms. Zerwig email dated 18 August 2025, with Victim Impact Statement at *U.S. v. Essenfeld* Sentencing Hearing dated 25 October 2024

### Command Opportunities

24. CNO Charge of Command Memorandums 2011 to Present
25. U.S. Court of Appeals Docket (#24-6737) – *U.S. v. Essenfeld*
26. Preliminary Injunction Application filed 9 July 2025, with dismissal order
27. Preliminary Injunction Application filed 18 August 2025, with dismissal order, notice of appeal and CAPT Essenfeld's appeal brief
28. CAPT Essenfeld Letter for Exception to Policy, dated 28 April 2025
29. Expeditionary Strike Group THREE Classified Information Access letter dated 22 May 2023, and current access limitations email dated 26 November 2025

### Prison Activities

30. Otey Mesa Correctional Facilities Prison Records
31. *The Politics of Incarceration: A History of Inmate Organizing*, by Justin M. Smith
32. Peckerwood Summary
33. U.S. Navy Regulations, Chapter 11, Section 1167
34. ALNAV 010/21 dated 12 February 2021
35. Bluejacket Manual, Chapter 5

### Service Discrediting

36. Navy Times Article Post: CAPT Essenfeld Conviction, posted 21 June 2024

### Accountability

37. *U.S. v. Essenfeld*, Government Exhibit 170 – Audio Recording (Blaming Son & Ex-Wife)
38. *U.S. v. Essenfeld*, Government Exhibit 177 – Audio Recording (Asserted Intent)
39. NCIS Video Interview of CAPT Essenfeld (Excerpts) taken 22 July 2022
    - Clip 1: (DOJ Exhibit 133 – Confrontation)
    - Clip 2: (DOJ Exhibit 134 – Admission)
    - Clip 3: (DOJ Exhibit 135 – LinkedIn)
    - Clip 4: (DOJ Exhibit 137 – Dating Accounts)
    - Clip 5: (DOJ Exhibit 139 – Last Login (2022))
40. *U.S. v. Essenfeld*, Trial Transcript – CAPT Essenfeld Testimony

## CHARACTERIZATION OF SERVICE

41. SECNAVINST 1920.6D (Enclosure (8) – Guidelines on Characterization)
42. *U.S. v. Essenfeld*, Defense Sentencing Memorandum (w/enclosures)

# TABLE OF CONTENTS

## RETIREMENT GRADE RECOMMENDATION

43. SECNAVINST 1920.6D (Enclosure (9) – Grade at Retirement)
44. NAVADMIN 237/20: CAPT Essenfeld Promotion to O-6 (1 September 2020) (Excerpt)

## OFFICIAL MILITARY PERSONNEL FILE

45. Member Data Summary and OMPF Service Record of Respondent
46. FLTMPs Electronic Jacket

## ADDITIONAL DOCUMENTS

[*Reserved for Potential Rebuttal Material*]

## REFERENCE MATERIALS

- *U.S. v. Essenfeld*, Full Pre-Trial Hearings, Trial and Sentencing Transcripts (1008 Pages)

## CASE-IN-CHIEF EXPECTED GOVERNMENT WITNESSES (IF ANY)

- None

## WITNESS(ES) AVAILABLE

*While the Recorder will not solicit testimony from the following witness(es) in the case-in-chief, the following potential witnesses are reasonably available should the Senior Member or any member of the board find the witness is necessary and will add materially to the case before the board, in accordance with SECNAVINST 1920.6D, enclosure (11).*

- Special Agent Misty Hilleary, NCIS
  E: misty.hilleary@ncis.navy.mil

- Ms. Rebecca Zerwig (Coordination through Victim's Legal Counsel, LT Holly Dadok)
  E: holly.f.dadok.mil@us.navy.mil

# EXHIBIT T

## Defense Superior Service Medal — Citation and Orders
*Period of Service Overlapping Alleged Misconduct*

**District Court Source:** *Dkt. 10, Ex. E*
**Brief Reference:** Arg. III.C (§ 1186(b)(1) Grade)

*↓ Exhibit document follows this divider page ↓*




# NORTH AMERICAN AEROSPACE DEFENSE COMMAND
## AND
# UNITED STATES NORTHERN COMMAND

Reply Zip Code:
80914-3898

10 January 2022

HEADQUARTERS, NORTH AMERICAN AEROSPACE DEFENSE COMMAND AND
UNITED STATES NORTHERN COMMAND PERMANENT ORDER J-1-002-22

Subject: Announcement of Defense Awards

Under the provisions of DoD Manual 1348.33-V4, 21 December 2016, the Commander,
Headquarters, North American Aerospace Defense Command (NORAD) and United States
Northern Command (USNORTHCOM), has awarded the following:

## DEFENSE SUPERIOR SERVICE MEDAL

Captain Theodore E. Essenfeld, 6576, United States Navy, March 2020 to January 2022,
USNORTHCOM, Service Award

## DEFENSE MERITORIOUS SERVICE MEDAL

Chief Yeoman Demarco A. Brimlett, 4112, United States Navy, December 2018 to
January 2022, USNORTHCOM, Service Award

Staff Sergeant Jackie A. Flinchum, 6421, United States Army, September 2019 to
January 2022, USNORTHCOM, Retirement Award

## JOINT SERVICE COMMENDATION MEDAL

Technical Sergeant Kaivone O. Williams, 9527, United States Air Force, June 2020 to
January 2022, USNORTHCOM, Service Award

## JOINT SERVICE ACHIEVEMENT MEDAL

First Lieutenant Kristen Cullinan, 8885, United States Air Force, 1 October 2020 to
1 February 2021,USNORTHCOM, Impact Award

Master Sergeant David L. Stergion, 4205, United States Air Force, 1 March 2020 1 May 2020,
USNORTHCOM, Impact Award, First Oak Leaf Cluster

Technical Sergeant Joshua P. Weir, 3734, United States Air Force, 1 March 2020 to
1 July 2020, USNORTHCOM, Impact Award

G. L. TINER
Commander, U.S. Navy
Chief, Personnel Services Division

## INDIVIDUAL(S) MUST ENSURE A COPY OF THE CERTIFICATE, CITATION, AND ORDERS ARE PLACED IN THEIR PERSONNEL RECORDS

OFFICIAL RECORD COPY



# UNITED STATES OF AMERICA

TO ALL WHO SHALL SEE THESE PRESENTS, GREETING:

THIS IS TO CERTIFY THAT

THE SECRETARY OF DEFENSE

HAS AWARDED THE

# DEFENSE SUPERIOR SERVICE MEDAL

TO

## Captain Theodore E. Essenfeld, United States Navy

FOR

SUPERIOR MERITORIOUS SERVICE
IN A POSITION OF SIGNIFICANT RESPONSIBILITY
IN THE ARMED FORCES OF THE UNITED STATES

GIVEN UNDER MY HAND THIS 19TH DAY OF JANUARY 2022

**UNITED STATES NORTHERN COMMAND**

COMMAND OR OFFICE



GLEN D. VANHERCK
GENERAL, USAF
COMMANDER

OFFICIAL RECORD COPY

CITATION TO ACCOMPANY THE AWARD OF

THE DEFENSE SUPERIOR SERVICE MEDAL

TO

THEODORE E. ESSENFELD

Captain Theodore E. Essenfeld, United States Navy, distinguished himself by exceptionally superior service as Deputy Division Chief for Strategic Analysis and Experimentation, Experimentation Branch Chief, and Crisis Management Team Lead while assigned to the Requirements, Analysis and Resources Directorate, Headquarters, North American Aerospace Defense Command and United States Northern Command, Peterson Space Force Base, Colorado from March 2020 to January 2022. During this period, the outstanding leadership of Captain Essenfeld resulted in the establishment of the Experimentation Branch, which executed a series of Global Information Dominance Experiments including all 11 Combatant Commands, the Services, and over 20 agencies and industry partners. Additionally, he was responsible for the Experimentation Working Group during planning for ARCTIC EDGE 2022. Finally, Captain Essenfeld was the Crisis Management Team Lead in the Contingency Command Center, where he coordinated efforts to ensure national command authorities were kept apprised during continuity of government scenarios. The distinctive accomplishments of Captain Essenfeld reflect great credit upon himself, the United States Navy, and the Department of Defense.



# EXHIBIT U

## Fitness Reports — August 2020 through June 2023
*All Available Reports at Grade O-6*

**District Court Source:** *Dkt. 10, Ex. F*
**Brief Reference:** Arg. III.C (Satisfactory Service / Grade)

*↓ Exhibit document follows this divider page ↓*

# FITNESS REPORT & COUNSELING RECORD (W2-O6)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix)  ESSENFELD, THEODORE E | 2. Grade/Rate  CDR | 3. Desig  1110 | 4. SSN  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 |
|---|---|---|---|

| 5. ACT [X] FTS [ ]  INACT [ ] AT/ADSW/ [ ] 265 | 6. UIC  3455A | 7. Ship/Station  NORAD-NORTHCOM | 8. Promotion Status  SELECTED | 9. Date Reported  20MAR19 |
|---|---|---|---|---|

| Occasion for Report  10. Periodic [ ] | 11. Detachment of Individual [ ] | 12. Detachment of Reporting Senior [ ] | 13. Special [X] | Period of Report  14. From: 20MAY01 | 15. To: 20AUG31 |
|---|---|---|---|---|---|

| 16. Not Observed Report [ ] | Type of Report  17. Regular [X] | 18. Concurrent [ ] | 19. OpsCdr [ ] | 20. Physical Readiness  N | 21. Billet Subcategory (if any)  NA |
|---|---|---|---|---|---|

| 22. Reporting Senior (Last, FI MI)  MOSER, R L | 23. Grade  SES | 24. Desig  CIV | 25. Title  J8 DIRECTOR | 26. UIC  3455A | 27. SSN  ▓▓▓▓ |
|---|---|---|---|---|---|

**28. Command employment and command achievements.**
To conduct joint operations to anticipate, deter, prevent, and defeat threats and aggression aimed at the United DStates, its territories, and interests. Ensures effective air, land, maritime, space, and cyber defense throughout the AOR.

**29. Primary/Collateral/Watchstanding duties. (Enter primary duty abbreviation in box.)**
[DIVISION CHIEF] PRI: NORAD/NORTHCOM(N&NC) Experimentation Division Chief. Coordinates N&NC experimentation efforts with Joint Services, Government & Non-Government Agencies, and Industry Partners. COLL: Crisis Management Team lead. PFA not conducted due to COVID-19.

| For Mid-term Counseling Use. (When completing FITREP, enter 30 and 31 from counseling worksheet, sign 32.) | 30. Date Counseled  NOT REQ | 31. Counselor | 32. Signature of Individual Counseled |
|---|---|---|---|

**PERFORMANCE TRAITS:** 1.0 - Below standards/not progressing or UNSAT in any one standard; 2.0 - Does not yet meet all 3.0 standards; 3.0 - Meets all 3.0 standards; 4.0 - Exceeds most 3.0 standards; 5.0 - Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Progressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 33. PROFESSIONAL EXPERTISE: Professional knowledge proficiency, and qualifications.  NOB [ ] | -Lacks basic professional knowledge to perform effectively. -Cannot apply basic skills. -Fails to develop professionally or achieve timely qualifications.  [ ] | - [ ] | -Has thorough professional knowledge. -Competently performs both routine and new tasks. -Steadily improves skills, achieves timely qualifications.  [ ] | - [X] | -Recognized expert, sought after to solve difficult problems. -Exceptionally skilled, develops and executes innovative ideas. -Achieves early/highly advanced qualifications.  [ ] |
| 34. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY: Contributing to growth and development, human worth, community.  NOB [ ] | -Actions counter to Navy's retention/ reenlistment goals. -Uninvolved with mentoring or professional development of subordinates. -Actions counter to good order and discipline and negatively affect Command/ Organizational climate. -Demonstrates exclusionary behavior. Fails to value differences from cultural diversity.  [ ] | - [ ] | -Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. -Actions adequately encourage/support subordinates' personal/professional growth. -Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. -Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy.  [ ] | - [X] | -Measurably contributes to Navy's increased retention and reduced attrition objectives. -Proactive leader/exemplary mentor. Involved in subordinates' personal development leading to professional growth/sustained commitment. -Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. -The model of achievement. Develops unit cohesion by valuing differences as strengths.  [ ] |
| 35. MILITARY BEARING/ CHARACTER: Appearance, conduct physical fitness, adherence to Navy Core Values.  NOB [ ] | -Consistently unsatisfactory appearance. -Unsatisfactory demeanor or conduct. -Unable to meet one or more physical readiness standards. -Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT.  [ ] | - [ ] | -Excellent personal appearance. -Excellent demeanor or conduct. -Complies with physical readiness program. -Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT.  [ ] | - [X] | -Exemplary personal appearance. -Exemplary representative of Navy. -A leader in physical readiness. -Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT.  [ ] |
| 36. TEAMWORK: Contributions toward team building and team results.  NOB [ ] | -Creates conflict, unwilling to work with others, puts self above team. -Fails to understand team goals or teamwork techniques. -Does not take direction well.  [ ] | - [ ] | -Reinforces others' efforts, meets personal commitments to team. -Understands team goals, employs good teamwork techniques. -Accepts and offers team direction.  [ ] | - [X] | -Team builder, inspires cooperation and progress. -Talented mentor, focuses goals and techniques for team. -The best at accepting and offering team direction.  [ ] |
| 37. MISSION ACCOMPLISHMENT AND INITIATIVE: Taking initiative, planning/prioritizing, achieving mission. | -Lacks initiative. -Unable to plan or prioritize. -Does not maintain readiness. -Fails to get the job done. | - | -Takes initiative to meet goals. -Plans/prioritizes effectively. -Maintains high state of readiness. -Always gets the job done. | - | -Develops innovative ways to accomplish mission. -Plans/prioritizes with exceptional skill and foresight. -Maintains superior readiness, even with limited resources. -Gets jobs done earlier and far better than expected. |

# FITNESS REPORT & COUNSELING RECORD (W2-O6) (cont'd)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix)<br>ESSENFELD, THEODORE E | 2. Grade/Rate<br>CDR | 3. Desig<br>1110 | 4. SSN<br>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 |
|---|---|---|---|

| PERFORMANCE TRAITS | 1.0*<br>Below Standards | 2.0<br>Pro-gressing | 3.0<br>Meets Standards | 4.0<br>Above Standards | 5.0<br>Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38. LEADERSHIP: Organizing, motivating and developing others to accomplish goals. | -Neglects growth/development or welfare of subordinates.<br>-Fails to organize, creates problems for subordinates.<br>-Does not set or achieve goals relevant to command mission and vision.<br>-Lacks ability to cope with or tolerate stress.<br>-Inadequate communicator.<br>-Tolerates hazards or unsafe practices. | | -Effectively stimulates growth/development in subordinates.<br>-Organizes successfully, implementing process improvements and efficiencies.<br>-Sets/achieves useful realistic goals that support command mission.<br>-Performs well in stressful situations.<br>-Clear, timely communicator.<br>-Ensures safety of personnel and equipment. | [X] | -Inspiring motivator and trainer, subordinates reach highest level of growth and development.<br>-Superb organizer, great foresight, develops process improvements and efficiencies.<br>-Leadership achievements dramatically further command mission and vision.<br>-Perseveres through the toughest challenges and inspires others.<br>-Exceptional communicator.<br>-Makes subordinates safety-conscious, maintains top safety record.<br>-Constantly improves the personal and professional lives of others. |
| NOB ☐ | ☐ | ☐ | ☐ | [X] | ☐ |
| 39. TACTICAL PERFORMANCE: (Warfare qualified officers only) Basic and tactical employment of weapons systems. | -Has difficulty attaining qualification expected for the rank and experience.<br>-Has difficulty in ship(s), aircraft or weapons systems employment. Below others in knowledge and employment.<br>-Warfare skills in specialty are below standards compared to others of same rank and experience. | | -Attains qualifications as required and expected.<br>-Capably employs ship(s), aircraft, or weapons systems. Equal to others in warfare knowledge and employment.<br>-Warfare skills in specialty equal to others of same rank and experience. | | -Fully qualified at appropriate level for rank and experience.<br>-Innovatively employs ship(s), aircraft, or weapons systems. Well above others in warfare knowledge and employment.<br>-Warfare skills in specialty exceed others of same rank and experience. |
| NOB [X] | ☐ | ☐ | ☐ | ☐ | ☐ |

| 40. I recommend screening this individual for next career milestone(s) as follows: (maximum of two) Recommendations may be for competitive schools or duty assignments such as: SCP, Dept Head, XO, OIC, CO, Major Command, War College, PG School. | MAJOR COMMAND | FEF, SDEF, HUDSON FE |
|---|---|---|

**41. COMMENTS ON PERFORMANCE:** * All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 34 must be specifically substantiated in comments. Comments must be verifiable. Font must be 10 or 12 Pitch (10 or 12 Point) only. Use upper and lower case.

```
Submitted for continuity purposes to avoid an excessive gap between Fitness Reports.
*IGNORE THE TRAIT AVERAGE! Resetting my RSCA. Ted is #2 of 15 O5s (all branches) in J8!*

MISSION FOCUSED: Ted is standing-up the NORAD/NORTHCOM Experimentation Division. He has
reached across all directorates and established relationships with numerous industry
partners to ensure ongoing experimentation efforts align with the Commander's Integrated
Priority List, resolve identified capability gaps, and address validated requirements.
RESULTS ORIENTED: Ted has immersed himself in the ongoing efforts to make successful the
Advanced Battle Management System (ABMS), Joint All-Domain Command & Control (JADC2)
system, and Algorithmic Warfare Cross-Functional Team (Project Maven). He is a planner for
and has lead on all Experimentation during the upcoming Arctic Edge 2022 exercise.
LEADERSHIP: Leads a Crisis Management Team of USNORTHCOM's Contingency Command Center
(CCC). Coordinates efforts to brief national leadership of crisis management scenarios
providing quick product development and verification of time-critical, decision-making
information. Leads by example, rapidly learning & qualifying for CCC duty. Encourages the
same in others.

   *** IMMEDIATELY SELECT FOR MAJOR COMMAND!!! Ted is a future Strike Group Commander! ***
```

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 44. Reporting Senior Address<br>HQ NORAD & USNORTHCOM |
|---|---|---|---|---|---|---|---|
| 42. INDIVIDUAL | | | | | | X | 250 VANDENBERG ST, STE B016 PETERSON AFB, CO 80914-3020 |
| 43. SUMMARY | ⊠ | 0 | 0 | 0 | 0 | 1 | |

| 45. Signature of Reporting Senior<br>Date: 9/15/2020 | 46. Signature of Individual evaluated. "I have seen this report, been apprised of my performance, and understand my right to submit a statement."<br>I intend to submit a statement ☐   I do not intend to submit a statement ☐<br>Date: 9/15/2020 |
|---|---|

| Member Trait Average: 4.00 | Summary Group Average: 4.00 |
|---|---|

47. Typed name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent Report

# FITNESS REPORT & COUNSELING RECORD (W2-O6)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) ESSENFELD, THEODORE E | | 2. Grade/Rate CAPT | 3. Desig 1110 | | 4. SSN 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 |

| 5. ACT [X] | FTS [ ] | INACT [ ] | AT/ADSW/ [ ] 265 | 6. UIC 3455A | 7. Ship/Station HQ NORAD-NORTHCOM | 8. Promotion Status REGULAR | 9. Date Reported 20MAR19 |

| Occasion for Report | | | | Period of Report | |
| 10. Periodic [X] | Detachment 11. of Individual [ ] | Detachment of 12. Reporting Senior [ ] | 13. Special [ ] | 14. From: 20SEP01 | 15. To: 21JUL31 |

| 16. Not Observed Report [ ] | Type of Report 17. Regular [X] | 18. Concurrent [ ] | 19. OpsCdr [ ] | 20. Physical Readiness N | 21. Billet Subcategory (if any) NA |

| 22. Reporting Senior (Last, FI MI) MOSER, R L | 23. Grade SES | 24. Desig | 25. Title J8 DIRECTOR | 26. UIC 3455A | 27. SSN |

**28. Command employment and command achievements.**
To conduct operations to anticipate, deter, prevent, and defeat threats and aggression aimed at the United States, its territories, and interests. Ensures effective air, land, and maritime defense throughout the AOR.

**29. Primary/Collateral/Watchstanding duties. (Enter primary duty abbreviation in box.)**

[BRANCH CHIEF] PRI: N&NC Experimentation Branch Chief-11. Leads experimentation efforts with Services, Gov't & Non-Gov't Agencies, & Industry Partners. Leads a team of 10 Joint-Service military, DOD civilians and contractors. COLL: J84 Deputy Division Chief-11. WATCH: CCC Crisis Management Team Lead-11. PFA: 20-2 (Excused).

| For Mid-term Counseling Use. (When completing FITREP, enter 30 and 31 from counseling worksheet, sign 32.) | 30. Date Counseled NOT PERF | 31. Counselor TEMADD | 32. Signature of Individual Counseled |

**PERFORMANCE TRAITS:** 1.0 - Below standards/not progressing or UNSAT in any one standard; 2.0 - Does not yet meet all 3.0 standards; 3.0 - Meets all 3.0 standards; 4.0 - Exceeds most 3.0 standards; 5.0 - Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 33. PROFESSIONAL EXPERTISE: Professional knowledge proficiency, and qualifications. NOB [ ] | -Lacks basic professional knowledge to perform effectively. -Cannot apply basic skills. -Fails to develop professionally or achieve timely qualifications. [ ] | [ ] | -Has thorough professional knowledge. -Competently performs both routine and new tasks. -Steadily improves skills, achieves timely qualifications. [ ] | [X] | - Recognized expert, sought after to solve difficult problems. - Exceptionally skilled, develops and executes innovative ideas. - Achieves early/highly advanced qualifications. [ ] |
| 34. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY: Contributing to growth and development, human worth, community. NOB [ ] | -Actions counter to Navy's retention/ reenlistment goals. -Uninvolved with mentoring or professional development of subordinates. -Actions counter to good order and discipline and negatively affect Command/ Organizational climate. -Demonstrates exclusionary behavior. Fails to value differences from cultural diversity. [ ] | [ ] | -Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. -Actions adequately encourage/support subordinates' personal/professional growth. -Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. -Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy. [X] | [ ] | - Measurably contributes to Navy's increased retention and reduced attrition objectives. - Proactive leader/exemplary mentor. Involved in subordinates' personal development leading to professional growth/sustained commitment. - Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. - The model of achievement. Develops unit cohesion by valuing differences as strengths. [ ] |
| 35. MILITARY BEARING/ CHARACTER: Appearance, conduct physical fitness, adherance to Navy Core Values. NOB [ ] | -Consistently unsatisfactory appearance. -Unsatisfactory demeanor or conduct. -Unable to meet one or more physical readiness standards. -Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] | [ ] | -Excellent personal appearance. -Excellent demeanor or conduct. -Complies with physical readiness program. -Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] | [X] | - Exemplary personal appearance. - Exemplary representative of Navy. - A leader in physical readiness. - Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] |
| 36. TEAMWORK: Contributions toward team building and team results. NOB [ ] | -Creates conflict, unwilling to work with others, puts self above team. -Fails to understand team goals or teamwork techniques. -Does not take direction well. [ ] | [ ] | -Reinforces others' efforts, meets personal commitments to team. -Understands team goals, employs good teamwork techniques. -Accepts and offers team direction. [ ] | [X] | - Team builder, inspires cooperation and progress. - Talented mentor, focuses goals and techniques for team. - The best at accepting and offering team direction. [ ] |
| 37. MISSION ACCOMPLISHMENT AND INITIATIVE: Taking initiative, planning/prioritizing, achieving mission. | -Lacks initiative. -Unable to plan or prioritize. -Does not maintain readiness. -Fails to get the job done. | | -Takes initiative to meet goals. -Plans/prioritizes effectively. -Maintains high state of readiness. -Always gets the job done. | | - Develops innovative ways to accomplish mission. - Plans/prioritizes with exceptional skill and foresight. - Maintains superior readiness, even with limited resources. - Gets jobs done earlier and far better than |

# FITNESS REPORT & COUNSELING RECORD (W2-O6) (cont'd)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) ESSENFELD, THEODORE E | 2. Grade/Rate CAPT | 3. Desig 1110 | 4. SSN 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 |
|---|---|---|---|

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38. LEADERSHIP: Organizing, motivating and developing others to accomplish goals. | -Neglects growth/development or welfare of subordinates. -Fails to organize, creates problems for subordinates. -Does not set or achieve goals relevant to command mission and vision. -Lacks ability to cope with or tolerate stress. -Inadequate communicator. -Tolerates hazards or unsafe practices. | | -Effectively stimulates growth/development in subordinates. -Organizes successfully, implementing process improvements and efficiencies. -Sets/achieves useful realistic goals that support command mission. -Performs well in stressful situations. -Clear, timely communicator. -Ensures safety of personnel and equipment. | | -Inspiring motivator and trainer, subordinates reach highest level of growth and development. -Superb organizer, great foresight, develops process improvements and efficiencies. -Leadership achievements dramatically further command mission and vision. -Perseveres through the toughest challenges and inspires others. -Exceptional communicator. -Makes subordinates safety-conscious, maintains top safety record. -Constantly improves the personal and professional lives of others. |
| NOB ☐ | ☐ | ☐ | ☐ | ☐ | X |
| 39. TACTICAL PERFORMANCE: (Warfare qualified officers only) Basic and tactical employment of weapons systems. | -Has difficulty attaining qualification expected for the rank and experience. -Has difficulty in ship(s), aircraft or weapons systems employment. Below others in knowledge and employment. -Warfare skills in specialty are below standards compared to others of same rank and experience. | | -Attains qualifications as required and expected. -Capably employs ship(s), aircraft, or weapons systems. Equal to others in warfare knowledge and employment. -Warfare skills in specialty equal to others of same rank and experience. | | -Fully qualified at appropriate level for rank and experience. -Innovatively employs ship(s), aircraft, or weapons systems. Well above others in warfare knowledge and employment. -Warfare skills in specialty exceed others of same rank and experience. |
| NOB X | ☐ | ☐ | ☐ | ☐ | ☐ |

40. I recommend screening this individual for next career milestone(s) as follows: (maximum of two)
Recommendations may be for competitive schools or duty assignments such as:
SCP, Dept Head, XO, OIC, CO, Major Command, War College, PG School.

SEQUENTIAL MAJCOM          FLAG

41. COMMENTS ON PERFORMANCE: * All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 34 must be specifically substantiated in comments. Comments must be verifiable.
Font must be 10 or 12 Pitch (10 or 12 Point) only. Use upper and lower case.

```
    ** IGNORE THE TRAIT AVERAGE!  Establishing my O6 RSCA.  A 5.0 performer in all respects! **

        *** Ted is #2 of 7 O6s in the NORAD/USNORTHCOM J8! ***
    *** Selected for Major Command Afloat at the FY22 Major Command Screening Board! ***

- LEADERSHIP.  Led over 200 participants from 11 Combatant Commands and more than 20
agencies and industry partners in the planning and execution of the Global Information
Dominance Experiment (GIDE) series.  His leadership enabled rapid development of tools &
technologies which allow Cross-Combatant Command Collaboration in real time.  These
experiments improved Domain Awareness, enabled Information Dominance, and ensured Decision
Superiority over adversaries, contributing to the DoD goal of Joint All-Domain Command &
Control (JADC2).
- MISSION ORIENTED.  Crisis Management Team Lead in USNORTHCOM's Contingency Command
Center.  Coordinates efforts to brief national leadership of crisis management scenarios
providing quick product development and verification of time-critical, decision-making
information.

    *** Ted is a future Strike Group Commander!  Select for Flag on his first look! ***
```

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 44. Reporting Senior Address COMMANDER NORAD-USNORTHCOM 250 VANDENBERG ST, STE B016 PETERSON SFB, CO 80914-3020 |
|---|---|---|---|---|---|---|---|
| 42. INDIVIDUAL | | | | | | X | |
| 43. SUMMARY | ☒ | 0 | 0 | 0 | 0 | 1 | |

| 45. Signature of Reporting Senior | 46. Signature of Individual evaluated. "I have seen this report, been apprised of my performance, and understand my right to submit a statement." |
|---|---|
| Date: 5 August 2021 | ☐ I intend to submit a statement.    ☒ I do not intend to submit a statement. Date: 8/9/2021 |
| Member Trait Average: 4.17    Summary Group Average: 4.17 | |

47. Typed name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent Report

# FITNESS REPORT & COUNSELING RECORD    (W2 - O6)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) | 2. Grade/Rate | 3. Desig | 4. SSN |
|---|---|---|---|
| ESSENFELD, THEODORE E | CAPT | 1110 | 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 |

| 5. ACT ☒  FTS ☐  INACT ☐  AT/ADSW/265 ☐ | 6. UIC 3455A | 7. Ship/Station HQ NORAD-NORTHCO | 8. Promotion Status REGULAR | 9. Date Reported 20Mar19 |
|---|---|---|---|---|

| Occasion for Report 10. Periodic ☐ | 11. Detachment of Individual ☒ | 12. Detachment of Reporting Senior ☐ | 13. Special ☐ | Period of Report 14. From: 21Aug01 | 15. To: 22Jan21 |
|---|---|---|---|---|---|

| 16. Not Observed Report ☐ | Type of Report 17. Regular ☒ | 18. Concurrent ☐ | 19. Ops Cdr ☐ | 20. Physical Readiness P | 21. Billet Subcategory (if any) NA |
|---|---|---|---|---|---|

| 22. Reporting Senior (Last, FI MI) MOSER, R L | 23. Grade SES | 24. Desig | 25. Title J8 DIRECTOR | 26. UIC 3455A | 27. S. 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 |
|---|---|---|---|---|---|

**28. Command employment and command achievements**
To conduct operations to anticipate, deter, prevent, and defeat threats and aggression aimed at the United States, its territories, and interests. Ensures effective air, land, maritime, cyber and space defense throughout the AOR.

**29. Primary/Collateral/Watchstanding duties. (Enter Primary duty abbreviation in box.)**

BRANCH CHIEF

PRI: N&NC Experimentation Branch Chief-6. Leads experimentation efforts with services, Gov't & Non-Gov't Agencies, andIndustry Partners. Leads a team of 10 Joint Service and int'l military, DOD civilians & contractors. COLL: J84 Deputy Division Chief-6. WATCH: N&NC Contingency Command Center Crisis Management Team Lead-6.

| For Mid-term Counseling Use. (When completing FITREP Enter 30 and 31 from counseling worksheet sign 32.) | 30. Date Counseled NOT REQ | 31. Counselor | 32. Signature of Individual Counseled |
|---|---|---|---|

**PERFORMANCE TRAITS:** 1.0 – Below standards / not progressing or UNSAT in any one standard;  2.0 – Does not yet meet all 3.0 standards;  3.0 – Meets all 3.0 standards;  4.0 – Exceeds most 3.0 standards;  5.0 – Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| **33. PROFESSIONAL EXPERTISE:** Professional knowledge, proficiency, and qualifications. | - Lacks basic professional knowledge to perform effectively. - Cannot apply basic skills. - Fails to develop professionally or achieve timely qualifications. | | - Has thorough professional knowledge. - Competently performs both routine and new tasks. - Steadily improves skills, achieves timely qualifications. | - Recognized expert, sought after to solve difficult problems. - Exceptionally skilled, develops and executes innovative ideas. - Achieves early/highly advanced qualifications. | |
| NOB ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| **34. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY:** Professional knowledge, proficiency, and qualifications. | - Actions counter to Navy's retention/reenlistment goals. - Uninvolved with mentoring or professional development of subordinates. - Actions counter to good order and discipline and negatively affect Command/Organizational climate. - Demonstrates exclusionary behavior. Fails to value differences from cultural diversity. | | - Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. - Actions adequately encourage/support subordinates' personal/professional growth. - Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. - Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy. | - Measurably contributes to Navy's increased retention and reduced attrition objectives. - Proactive leader/exemplary mentor. Involved in subordinates' personal development leading to professional growth/sustained commitment. - Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. - The model of achievement. Develops unit cohesion by valuing differences as strengths. | |
| NOB ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| **35. MILITARY BEARING/CHARACTER:** Appearance, conduct, physical fitness, adherence to Navy Core Values. | - Consistently unsatisfactory appearance. - Unsatisfactory demeanor or conduct. - Unable to meet one or more physical readiness standards. - Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT. | | - Excellent personal appearance. - Excellent demeanor or conduct. - Complies with physical readiness program. - Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT. | - Exemplary personal appearance. - Exemplary representative of Navy. - A leader in physical readiness. - Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT. | |
| NOB ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| **36. TEAMWORK:** Contributions towards team building and team results. | - Creates conflict, unwilling to work with others, puts self above team. - Fails to understand team goals or teamwork techniques. - Does not take direction well. | | - Reinforces others' efforts, meets personal commitments to team. - Understands team goals, employs good teamwork techniques. - Accepts and offers team direction. | - Team builder, inspires cooperation and progress. - Talented mentor, focuses goals and techniques for team. - The best at accepting and offering team direction. | |
| NOB ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| **37. MISSION ACCOMPLISHMENT AND INITIATIVE:** Taking initiative, planning/prioritizing, achieving mission. | - Lacks initiative. - Unable to plan or prioritize. - Does not maintain readiness. - Fails to get the job done. | | - Takes initiative to meet goals. - Plans/prioritizes effectively. - Maintains high state of readiness. - Always gets the job done. | - Develops innovative ways to accomplish mission. - Plans/prioritizes with exceptional skill and foresight. - Maintains superior readiness, even with limited resources. - Gets jobs done earlier and far better than expected. | |
| NOB ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

# FITNESS REPORT & COUNSELING RECORD   (W2 - O6) (cont 'd)   RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) ESSENFELD, THEODORE E | 2. Grade/Rate CAPT | 3. Desig 1110 | 4. SSN 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 |
|---|---|---|---|

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Progressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38. LEADERSHIP: Organizing, motivating and developing others to accomplish goals. | - Neglects growth/development or welfare of subordinates. - Fails to organize, creates problems for subordinates. - Does not set or achieve goals relevant to command mission and vision. - Lacks ability to cope with or tolerate stress. - Inadequate communicator. - Tolerates hazards or unsafe practices. | | - Effectively stimulates growth/development in subordinates. - Organizes successfully, implementing process improvements and efficiencies. - Sets/achieves useful, realistic goals that support command mission. - Performs well in stressful situations. - Clear, timely communicator. - Ensures safety of personnel and equipment. | | - Inspiring motivator and trainer, subordinates reach highest level of growth and development. - Superb organizer, great foresight, develops process improvements and efficiencies. - Leadership achievements dramatically further command mission and vision. - Perseveres through the toughest challenges and inspires others. - Exceptional communicator. - Makes subordinates safety-conscious, maintains top safety record. - Constantly improves the personal and professional lives of others. |
| NOB ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| 39. TACTICAL PERFORMANCE: (Warfare qualified officers only) Basic and tactical employment of weapons systems. | - Has difficulty attaining qualifications expected for rank and experience. - Has difficulty in ship(s), aircraft or weapons systems employment. Below others in knowledge and employment. - Warfare skills in specialty are below standards compared to others of same rank and experience. | | - Attains qualifications as required and expected. - Capably employs ship(s), aircraft, or weapons systems. Equal to others in warfare knowledge and employment. - Warfare skills in specialty equal to others of same rank and experience. | | - Fully qualified at appropriate level for rank and experience. - Innovatively employs ship(s), aircraft, or weapons systems. Well above others in warfare knowledge and employment. - Warfare skills in specialty exceed others of same rank and experience. |
| NOB ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

40. I recommend screening this individual for next career milestone(s) as follows: (Maximum of two) Recommendations may be for competitive schools or duty assignments such as LCPO, DEPT CPO, SEA, CMC, CWO, LDO, Dept Head, XO, OIC, CO, Major Command, War College, PG School.   **SEQUENTIAL MAJCOM | STRIKE GROUP CDR**

41. COMMENTS ON PERFORMANCE. *All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 37 must be specifically substantiated in comments. Comments must be verifiable. Font must be 10 or 12 pitch (10 to 12 point) only. Use upper and lower case.   Font 10

```
     ** Submitted upon CAPT Essenfeld's transfer to command USS SAN DIEGO (LPD 22) **
     ** IGNORE THE TRAIT AVERAGE! Managing my O6 RSCA. A 5.0 performer in all respects! **

               ** Ted is #1 of 6 Joint O6s in the NORAD & USNORTHCOM J8 **

- LEADERSHIP: Led the ongoing Global Information Dominance Experiment (GIDE) Series. Oversaw
a working group of over 400 participants from 11 Combatant Commands, Joint Services, DOD,
inter-agency, & industry partners. Coordinated inclusion of GIDE #4 into Consolidated
Strategic Opportunity #5, a globally-integrated exercise leveraging over 40,000 U.S. and
Allied maritime, air, ground, space, and cyber forces from ten NATO countries, conducting
ARCTIC EDGE '22 and NATO's COLD RESPONSE '22.
-MISSION ORIENTED: Crisis Management Team Lead in NORTHCOM's Contingency Command Center.
Oversaw 23 personnel trained and experienced in Crisis Action Planning and formulating
decision products for senior leaders. Responsible for briefing national leadership of
crisis management scenarios, providing quick product development and verification of time-
critical, decision-making information.
     ** Ted is a future Strike Group Commander! Select for Flag at the first opportunity! **
```

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 44. Reporting Senior Address |
|---|---|---|---|---|---|---|---|
| 42. INDIVIDUAL | | | | | | ☒ | COMMANDER NORAD-USNORTHCOM 250 VANDENBERG ST, STE B016 PETERSON SFB, CO 80914-3020 |
| 43. SUMMARY | ☒ | | | | | 1 | |

45. Signature of Reporting Senior   Date: 01/13/2022

46. Signature of individual evaluated. "I have seen this report, been apprised of my performance, and understand my right to make a statement." I intend to submit a statement ☐   do not intend to submit a statement ☒   Date: 13 JAN 2022

Member Trait Average:  4.33   | Summary Group Average:

47. Typed name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent Report

# FITNESS REPORT & COUNSELING RECORD (W2-O6) (cont 'd)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) | 2. Grade/Rate | 3. Desig | 4. SSN |
|---|---|---|---|
| ESSENFELD, THEODORE E | CAPT | 1110 | 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 |

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38. LEADERSHIP: Organizing, motivating and developing others to accomplish goals. NOB | -Neglects growth/development or welfare of subordinates.<br>-Fails to organize, creates problems for subordinates.<br>-Does not set or achieve goals relevant to command mission and vision.<br>-Lacks ability to cope with or tolerate stress.<br>-Inadequate communicator.<br>-Tolerates hazards or unsafe practices. | | -Effectively stimulates growth development in subordinates.<br>-Organizes successfully, implementing process improvements and efficiencies.<br>-Sets/achieves useful realistic goals that support command mission.<br>-Performs well in stressful situations.<br>-Clear, timely communicator.<br>-Ensures safety of personnel and equipment. | | -Inspiring motivator and trainer, subordinates reach highest level of growth and development.<br>-Superb organizer, great foresight, develops process improvements and efficiencies.<br>-Leadership achievements dramatically further command mission and vision.<br>-Perseveres through the toughest challenges and inspires others.<br>-Exceptional communicator.<br>-Makes subordinates safety-conscious, maintains top safety record.<br>-Constantly improves the personal and professional lives of others. **X** |
| 39. TACTICAL PERFORMANCE: (Warfare qualified officers only) Basic and tactical employment of weapons systems. NOB | -Has difficulty attaining qualification expected for the rank and experience.<br>-Has difficulty in ship(s), aircraft or weapons systems employment. Below others in knowledge and employment.<br>-Warfare skills in specialty are below standards compared to others of same rank and experience. | | -Attains qualifications as required and expected.<br>-Capably employs ship(s), aircraft, or weapons systems. Equal to others in warfare knowledge and employment.<br>-Warfare skills in specialty equal to others of same rank and experience. | **X** | -Fully qualified at appropriate level for rank and experience.<br>-Innovatively employs ship(s), aircraft, or weapons systems. Well above others in warfare knowledge and employment.<br>-Warfare skills in specialty exceed others of same rank and experience. |

| 40. I recommend screening this individual for next career milestone(s) as follows: (maximum of two) Recommendations may be for competitive schools or duty assignments such as: SCP, Dept Head, XO, OIC, CO, Major Command, War College, PG School. | MAJOR COMMAND | LEGISLATIVE AFFAIRS |
|---|---|---|

41. COMMENTS ON PERFORMANCE: * All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 34 must be specifically substantiated in comments. Comments must be verifiable. Font must be 10 or 12 Pitch (10 or 12 Point) only. Use upper and lower case.

```
         *** MAJOR COMMAND SCREENED AND QUALIFIED! ***
    *** ONBOARD ONLY A SHORT TIME AND MAKING A TREMENDOUS IMPACT ON OUR MISSION! ***

-STRATEGIC LEADERSHIP. Created unity of effort among all stakeholders to ensure 15 PACFLT
LCS-class ships remain fully mission capable. Established direct communication, oversight,
and mentorship with LCSRON ONE, SURFDIV 11, and MINEDIV 12 ensuring each received necessary
maintenance, repairs, and logistical support.
-RESPECTED EXPERT. Ted's years of expertise in amphibious warfare and PACFLT operations
make him an invaluable influence to my staff. He represented ESG-3 at the AMW WIP and has
been my voice at numerous conferences and meetings to ensure the maintenance and repair of
29 warships are conducted in a thorough and timely manner. He is an oustanding advocate for
my strike group Sailors and ships, provides thoughtful and meaningful advice, and has
earned my trust to execute or support any mission.

          *** TED IS THE WARFIGHTER WE NEED AT SEA TODAY! ***
```

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 44. Reporting Senior Address |
|---|---|---|---|---|---|---|---|
| 42. INDIVIDUAL | | | | | | X | COMEXSTRKGRU THREE 3205 SENN RD BLDG 73 SAN DIEGO, CA 92136-5090 |
| 43. SUMMARY | ✕ | 0 | 0 | 0 | 0 | 1 | |

| 45. Signature of Reporting Senior | Date: 4NOV22 | 46. Signature of Individual evaluated. "I have seen this report, been apprised of my performance, and understand my right to submit a statement." I intend to submit a statement. ☐  I do not intend to submit a statement. ☑ |
|---|---|---|
| Member Trait Average: 4.71  Summary Group Average: 4.71 | | Date: 07 NOV 2022 |

47. Typed name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent Report

Date:

# FITNESS REPORT & COUNSELING RECORD (W2-O6)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) ESSENFELD, THEODORE E | 2. Grade/Rate CAPT | 3. Desig 1110 | 4. SSN 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 |
|---|---|---|---|

| 5. ACT [X] FTS [ ] INACT [ ] AT/ADSW [ ] 265 | 6. UIC 52739 | 7. Ship/Station COMEXSTRKGRU THREE | 8. Promotion Status REGULAR | 9. Date Reported 22AUG01 |
|---|---|---|---|---|

**Occasion for Report:** 10. Periodic [ ]  11. Detachment of Individual [ ]  12. Detachment of Reporting Senior [X]  13. Special [ ]

**Period of Report:** 14. From: 22JAN22  15. To: 22NOV18

16. Not Observed Report [ ]  **Type of Report:** 17. Regular [X]  18. Concurrent [ ]  19. OpsCdr [ ]

20. Physical Readiness: P

21. Billet Subcategory (if any): NA

| 22. Reporting Senior (Last, FI MI) BAZE, M W | 23. Grade RDML | 24. Desig 1310 | 25. Title COMMANDER | 26. UIC 52739 | 2 |
|---|---|---|---|---|---|

**28. Command employment and command achievements.**
ISIC for 4 PHIBRONs, LCSRON-1, SURFDIV-11, MINDIV-12, 29 warships, 8 naval support elements. Flag command element for BOX, ESX, MKI TRI ARGS, TACGRU, and NBG units. ESG 360, Steel Knight, MWX 3, LAFW, Valiant Shield, MKIARG PMINT/AMEX, RIMPAC 22, SFFW 22.

**29. Primary/Collateral/Watchstanding duties. (Enter primary duty abbreviation in box.)**
[N48 ACOS] PRI: Assistant Chief of Staff for LCS logistics and material-4.
LV/TT/TEMDU: 22JAN22-22JUL31. PFA: 22-1.

**For Mid-term Counseling Use. (When completing FITREP, enter 30 and 31 from counseling worksheet, sign 32.)**

30. Date Counseled: NOT REQ
31. Counselor:
32. Signature of Individual Counseled:

**PERFORMANCE TRAITS:** 1.0 - Below standards/not progressing or UNSAT in any one standard; 2.0 - Does not yet meet all 3.0 standards; 3.0 - Meets all 3.0 standards; 4.0 - Exceeds most 3.0 standards; 5.0 - Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Progressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 33. PROFESSIONAL EXPERTISE: Professional knowledge proficiency, and qualifications. NOB [ ] | -Lacks basic professional knowledge to perform effectively. -Cannot apply basic skills. -Fails to develop professionally or achieve timely qualifications. [ ] | [ ] | -Has thorough professional knowledge. -Competently performs both routine and new tasks. -Steadily improves skills, achieves timely qualifications. [ ] | [ ] | -Recognized expert, sought after to solve difficult problems. -Exceptionally skilled, develops and executes innovative ideas. -Achieves early/highly advanced qualifications. [X] |
| 34. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY: Contributing to growth and development, human worth, community. NOB [ ] | -Actions counter to Navy's retention/reenlistment goals. -Uninvolved with mentoring or professional development of subordinates. -Actions counter to good order and discipline and negatively affect Command Organizational climate. -Demonstrates exclusionary behavior. Fails to value differences from cultural diversity. [ ] | [ ] | -Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. -Actions adequately encourage/support subordinates' personal/professional growth. -Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. -Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy. [ ] | [ ] | -Measurably contributes to Navy's increased retention and reduced attrition objectives. -Proactive leader/exemplary mentor. Involved in subordinates' personal development leading to professional growth sustained commitment. -Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. -The model of achievement. Develops unit cohesion by valuing differences as strengths. [X] |
| 35. MILITARY BEARING/CHARACTER: Appearance, conduct physical fitness, adherence to Navy Core Values. NOB [ ] | -Consistently unsatisfactory appearance. -Unsatisfactory demeanor or conduct. -Unable to meet one or more physical readiness standards. -Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] | [ ] | -Excellent personal appearance. -Excellent demeanor or conduct. -Complies with physical readiness program. -Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] | [ ] | -Exemplary personal appearance. -Exemplary representative of Navy. -A leader in physical readiness. -Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT. [X] |
| 36. TEAMWORK: Contributions toward team building and team results. NOB [ ] | -Creates conflict, unwilling to work with others, puts self above team. -Fails to understand team goals or teamwork techniques. -Does not take direction well. [ ] | [ ] | -Reinforces others' efforts, meets personal commitments to team. -Understands team goals, employs good teamwork techniques. -Accepts and offers team direction. [ ] | [X] | -Team builder, inspires cooperation and progress. -Talented mentor, focuses goals and techniques for team. -The best at accepting and offering team direction. [ ] |
| 37. MISSION ACCOMPLISHMENT AND INITIATIVE: Taking initiative, planning/prioritizing, achieving mission. NOB [ ] | -Lacks initiative. -Unable to plan or prioritize. -Does not maintain readiness. -Fails to get the job done. [ ] | [ ] | -Takes initiative to meet goals. -Plans/prioritizes effectively. -Maintains high state of readiness. -Always gets the job done. [ ] | [ ] | -Develops innovative ways to accomplish mission. -Plans/prioritizes with exceptional skill and foresight. -Maintains superior readiness, even with limited resources. -Gets jobs done earlier and far better than expected. [X] |

NAVPERS 1610 2 (11-11) FOR OFFICIAL USE ONLY - PRIVACY ACT SENSITIVE

# FITNESS REPORT & COUNSELING RECORD (W2-O6)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix) ESSENFELD, THEODORE E | 2. Grade/Rate CAPT | 3. Desig 1110 | 4. SSN 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 |
|---|---|---|---|

| 5. ACT [X] FTS [ ] INACT [ ] AT/ADSW/ [ ] 265 | 6. UIC 52739 | 7. Ship/Station COMEXSTRKGRU THREE | 8. Promotion Status REGULAR | 9. Date Reported 22AUG01 |
|---|---|---|---|---|

Occasion for Report: 10. Periodic [ ] Detachment 11. of Individual [ ] Detachment of 12. Reporting Senior [X] 13. Special [ ]

Period of Report 14. From: 22NOV19  15. To: 23JUN09

16. Not Observed Report [ ]  Type of Report 17. Regular [X]  18. Concurrent [ ]  19. OpsCdr [ ]

20. Physical Readiness N

21. Billet Subcategory (if any) NA

| 22. Reporting Senior (Last, FI MI) KIRK, J A | 23. Grade RADM | 24. Desig 1110 | 25. Title COMMANDER | 26. UIC 52739 | 27. SSN 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 |
|---|---|---|---|---|---|

**28. Command employment and command achievements.**
ISIC for 3 PHIBRONs, 31 warships, 1 LCS squadron, 9 naval support elements. Flag Command Element for BOXER, ESSEX, MAKIN ISLAND ARGs, TACGRU and NBG units. MKIARG deployment, Steel Knight 23, NASA Artemis recovery, SANTA BARBARA sail around, Balikatan 23, LCS IPEX.

**29. Primary/Collateral/Watchstanding duties. (Enter primary duty abbreviation in box.)**
N48 ACOS  PRI: Assistant Chief of Staff for LCS logistics and material readiness-7. LV/TT/TEMDU: 22DEC27-23MAR24.

| For Mid-term Counseling Use. (When completing FITREP, enter 30 and 31 from counseling worksheet, sign 32.) | 30. Date Counseled NOT REQ | 31. Counselor | 32. Signature of Individual Counseled |
|---|---|---|---|

PERFORMANCE TRAITS: 1.0 - Below standards/not progressing or UNSAT in any one standard; 2.0 - Does not yet meet all 3.0 standards; 3.0 - Meets all 3.0 standards; 4.0 - Exceeds most 3.0 standards; 5.0 - Meets overall criteria and most of the specific standards for 5.0. Standards are not all inclusive.

| PERFORMANCE TRAITS | 1.0* Below Standards | 2.0 Pro-gressing | 3.0 Meets Standards | 4.0 Above Standards | 5.0 Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 33. PROFESSIONAL EXPERTISE: Professional knowledge proficiency, and qualifications. NOB [ ] | -Lacks basic professional knowledge to perform effectively. -Cannot apply basic skills. -Fails to develop professionally or achieve timely qualifications. [ ] | [ ] | -Has thorough professional knowledge. -Competently performs both routine and new tasks. -Steadily improves skills, achieves timely qualifications. [ ] | [ ] | -Recognized expert, sought after to solve difficult problems. -Exceptionally skilled, develops and executes innovative ideas. -Achieves early/highly advanced qualifications. [X] |
| 34. COMMAND OR ORGANIZATIONAL CLIMATE/EQUAL OPPORTUNITY: Contributing to growth and development, human worth, community. NOB [ ] | -Actions counter to Navy's retention/ reenlistment goals. -Uninvolved with mentoring or professional development of subordinates. -Actions counter to good order and discipline and negatively affect Command/ Organizational climate. -Demonstrates exclusionary behavior. Fails to value differences from cultural diversity. [ ] | [ ] | -Positive leadership supports Navy's increased retention goals. Active in decreasing attrition. -Actions adequately encourage/support subordinates' personal/professional growth. -Demonstrates appreciation for contributions of Navy personnel. Positive influence on Command climate. -Values differences as strengths. Fosters atmosphere of acceptance/inclusion per EO/EEO policy. [ ] | [X] | -Measurably contributes to Navy's increased retention and reduced attrition objectives. -Proactive leader/exemplary mentor. Involved in subordinates' personal development leading to professional growth/sustained commitment. -Initiates support programs for military, civilian, and families to achieve exceptional Command and Organizational climate. -The model of achievement. Develops unit cohesion by valuing differences as strengths. [ ] |
| 35. MILITARY BEARING/ CHARACTER: Appearance, conduct physical fitness, adherance to Navy Core Values. NOB [ ] | -Consistently unsatisfactory appearance. -Unsatisfactory demeanor or conduct. -Unable to meet one or more physical readiness standards. -Fails to live up to one or more Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] | [ ] | -Excellent personal appearance. -Excellent demeanor or conduct. -Complies with physical readiness program. -Always lives up to Navy Core Values: HONOR, COURAGE, COMMITMENT. [X] | [ ] | -Exemplary personal appearance. -Exemplary representative of Navy. -A leader in physical readiness. -Exemplifies Navy Core Values: HONOR, COURAGE, COMMITMENT. [ ] |
| 36. TEAMWORK: Contributions toward team building and team results. NOB [ ] | -Creates conflict, unwilling to work with others, puts self above team. -Fails to understand team goals or teamwork techniques. -Does not take direction well. [ ] | [ ] | -Reinforces others' efforts, meets personal commitments to team. -Understands team goals, employs good teamwork techniques. -Accepts and offers team direction. [ ] | [X] | -Team builder, inspires cooperation and progress. -Talented mentor, focuses goals and techniques for team. -The best at accepting and offering team direction. [ ] |
| 37. MISSION ACCOMPLISHMENT AND INITIATIVE: Taking initiative, planning/prioritizing, achieving mission. NOB [ ] | -Lacks initiative. -Unable to plan or prioritize. -Does not maintain readiness. -Fails to get the job done. [ ] | [ ] | -Takes initiative to meet goals. -Plans/prioritizes effectively. -Maintains high state of readiness. -Always gets the job done. [ ] | [ ] | -Develops innovative ways to accomplish mission. -Plans/prioritizes with exceptional skill and foresight. -Maintains superior readiness, even with limited resources. -Gets jobs done earlier and far better than expected. [X] |

NAVPERS 1610/2 (11-11) FOR OFFICIAL USE ONLY - PRIVACY ACT SENSITIVE

# FITNESS REPORT & COUNSELING RECORD (W2-O6) (cont 'd)

RCS BUPERS 1610-1

| 1. Name (Last, First MI Suffix)<br>ESSENFELD, THEODORE E | 2. Grade/Rate<br>CAPT | 3. Desig<br>1110 | 4. SSN<br>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 |
|---|---|---|---|

| PERFORMANCE TRAITS | 1.0*<br>Below Standards | 2.0<br>Pro-gressing | 3.0<br>Meets Standards | 4.0<br>Above Standards | 5.0<br>Greatly Exceeds Standards |
|---|---|---|---|---|---|
| 38.<br>LEADERSHIP:<br>Organizing, motivating and developing others to accomplish goals.<br>NOB ☐ | - Neglects growth/development or welfare of subordinates.<br>- Fails to organize, creates problems for subordinates.<br>- Does not set or achieve goals relevant to command mission and vision.<br>- Lacks ability to cope with or tolerate stress.<br>- Inadequate communicator.<br>- Tolerates hazards or unsafe practices.<br>☐ | ☐ | - Effectively stimulates growth/development in subordinates.<br>- Organizes successfully, implementing process improvements and efficiencies.<br>- Sets/achieves useful realistic goals that support command mission.<br>- Performs well in stressful situations.<br>- Clear, timely communicator.<br>- Ensures safety of personnel and equipment.<br>☐ | ☒ | - Inspiring motivator and trainer, subordinates reach highest level of growth and development.<br>- Superb organizer, great foresight, develops process improvements and efficiencies.<br>- Leadership achievements dramatically further command mission and vision.<br>- Perseveres through the toughest challenges and inspires others.<br>- Exceptional communicator.<br>- Makes subordinates safety-conscious, maintains top safety record.<br>- Constantly improves the personal and professional lives of others.<br>☐ |
| 39.<br>TACTICAL PERFORMANCE:<br>(Warfare qualified officers only)<br>Basic and tactical employment of weapons systems.<br>NOB ☐ | - Has difficulty attaining qualification expected for the rank and experience.<br>- Has difficulty in ship(s), aircraft or weapons systems employment. Below others in knowledge and employment.<br>- Warfare skills in specialty are below standards compared to others of same rank and experience.<br>☐ | ☐ | - Attains qualifications as required and expected.<br>- Capably employs ship(s), aircraft, or weapons systems. Equal to others in warfare knowledge and employment.<br>- Warfare skills in specialty equal to others of same rank and experience.<br>☐ | ☒ | - Fully qualified at appropriate level for rank and experience.<br>- Innovatively employs ship(s), aircraft, or weapons systems. Well above others in warfare knowledge and employment.<br>- Warfare skills in specialty exceed others of same rank and experience.<br>☐ |

| 40. I recommend screening this individual for next career milestone(s) as follows: (maximum of two) Recommendations may be for competitive schools or duty assignments such as: SCP, Dept Head, XO, OIC, CO, Major Command, War College, PG School. | FLT/TYCOM STAFF | LEGISLATIVE AFFAIRS |
|---|---|---|

41. COMMENTS ON PERFORMANCE: * All 1.0 marks, three 2.0 marks, and 2.0 marks in Block 34 must be specifically substantiated in comments. Comments must be verifiable. Font must be 10 or 12 Pitch (10 or 12 Point) only. Use upper and lower case.

```
        *** MAJOR COMMAND SCREENED & QUALIFIED ***

-STRATEGIC LEADER. OPS/ID Cell Lead for the 2023 Amphibious Readiness Review. Created unity
of effort for Navy, USMC, and industry partners participating in this strategic study of
amphibious warship material readiness issues and subsequent impacts on operations. Utilized
GRGB and DMAIC processes to identify and analyze authoritative data from across the
enterprise. Confirmed correlation of issues across the Amphibious Force and aided
development of actionable recommendations to prevent reoccurrence.
-SUBJECT MATTER EXPERT. Maintained continuous communication with LCSRON 1, SURFDIV 11, and
MINEDIV 12, ensuring 15 LCS-class ships' maintenance and material readiness needs are met.
Trusted to be my voice at conferences and maintenance meetings, advocating for all 31 ships
in ESG-3. Provides sound advice & recommendations to help me make readiness decisions.
-MENTOR. Sought out by Officers and junior Sailors for mentorship and advice. Constantly
advocating for their professional and personal development. Exemplifies resiliency!

        *** BRINGS A WEALTH OF EXPERIENCE TO THIS HIGH OPTEMPO STAFF! ***
```

| Promotion Recommendation | NOB | Significant Problems | Progressing | Promotable | Must Promote | Early Promote | 44. Reporting Senior Address |
|---|---|---|---|---|---|---|---|
| 42.<br>INDIVIDUAL | | | | | X | | COMEXSTRKGRU THREE<br>3205 SENN RD, BLDG. 73<br>SAN DIEGO, CA 92136<br>(619) 556-1472 |
| 43.<br>SUMMARY | ⊠ | 0 | 0 | 0 | 1 | 1 | |

| 45. Signature of Reporting Senior<br><br>Date: 6/1/2023 | 46. Signature of Individual evaluated. "I have seen this report, been apprised of my performance, and understand my right to submit a statement."<br>I intend to submit a statement. ☐     I do not intend to submit a statement. ☒<br>Date: 01 JUN 2023 |
|---|---|
| Member Trait Average: 4.14 | Summary Group Average: 4.50 | |

47. Typed name, grade, command, UIC, and signature of Regular Reporting Senior on Concurrent Report

Date:

NAVPERS 1610/2 (11-11) FOR OFFICIAL USE ONLY - PRIVACY ACT SENSITIVE

# EXHIBIT V

## Complete District Court Docket
*S.D. Cal. Case No. 3:26-cv-03086-JO-MSB*

**District Court Source:** *ECF Docket Report, retrieved June 3, 2026*
**Brief Reference:** Jurisdictional Statement; All Arguments

*↓ Exhibit document follows this divider page ↓*

6/4/26, 11:31 AM                                        CM/ECF - casd

<u>Q</u>uery      **Reports**      <u>U</u>tilities      **Help**      **Log Out**

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:26-cv-03086-JO-MSB


Essenfeld v. U.S. Department of the Navy et al          Date Filed: 05/18/2026
Assigned to: Judge Jinsook Ohta                          Jury Demand: None
Referred to: Magistrate Judge Michael S. Berg            Nature of Suit: 899 Other Statutes:
Cause: 05:0706 Judicial Review of Agency Action          Administrative Procedures Act/Review or
                                                         Appeal of Agency Decision
                                                         Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Theodore E. Essenfeld**          represented by   **Theodore E. Essenfeld**
                                                    551 S. 35th Street
                                                    San Diego, CA 92113
                                                    619-481-1242
                                                    PRO SE


V.

**Defendant**

**U.S. Department of the Navy**     represented by   **U S Attorney CV**
                                                     U S Attorneys Office Southern District of
                                                     California
                                                     Civil Division
                                                     880 Front Street
                                                     Suite 6253
                                                     San Diego, CA 92101
                                                     (619)557-5662
                                                     Fax: (619)557-7122
                                                     Email: Efile.dkt.civ@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Glen Dorgan**
                                                     U.S. Attorney's Office
                                                     880 Front Street, Room 6293
                                                     San Diego, CA 92101
                                                     619-546-7665
                                                     Fax: 619-546-7751
                                                     Email: glen.dorgan@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Roger Goodin Wright**
                                                     DOJ-USAO
                                                     880 Front Street
                                                     San Diego, CA 92101

619-546-8895
Email: roger.wright@usdoj.gov
*ATTORNEY TO BE NOTICED*

## Defendant

**Hung Cao**
*Acting Secretary of the Navy, in his official capacity*

represented by **U S Attorney CV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Goodin Wright**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**The United States of America**

represented by **U S Attorney CV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2026 | 1 | COMPLAINT against Hung Cao, The United States of America, U.S. Department of the Navy ( Filing fee $ 405 receipt number IFP Filed.), filed by Theodore E. Essenfeld. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:26-cv-3086-JO-MSB. Judge Jinsook Ohta and Magistrate Judge Michael S. Berg are assigned to the case.(tac) (Entered: 05/18/2026) |
| 05/18/2026 | 2 | MOTION for Leave to Proceed in forma pauperis by Theodore E. Essenfeld. (tac) (Entered: 05/18/2026) |
| 05/18/2026 | 3 | MOTION for Temporary Restraining Order by Theodore E. Essenfeld. (Attachments: # 1 Declaration, # 2 Exhibit)(tac) (Entered: 05/18/2026) |
| 05/19/2026 | 4 | Minute Order by Judge Jinsook Ohta: On May 18, 2026, Plaintiff Theodore E. Essenfeld filed an ex parte application for a temporary restraining order ("TRO") enjoining Defendants U.S. Department of the Navy, Acting Secretary of the Navy Hung Cao, and the United States from implementing the Navy's administrative separation and retirement orders concerning Plaintiff, scheduled to take effect on June 1, 2026. Dkt. 3 at 29-30. Plaintiff has not indicated that he served or provided notice of the motion for TRO to Defendants.<br><br>Under Fed. R. Civ. P. 65(b), to obtain a TRO, a plaintiff must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Am. Trucking Assn's Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 21 (2008)); see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standard for a TRO and preliminary injunction are "substantially identical"). TROs without notice are only granted in rare circumstances. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To obtain a TRO without providing notice to Defendants, Plaintiff must also show that notice is "impossible," or |

CM/ECF - casd

"would render fruitless the further prosecution of the action" because Defendant would destroy evidence or take other steps to prevent the prosecution of the case. Id.

Here, the Court finds that Plaintiff has not shown that this is the kind of rare case warranting ex parte relief without notice. First, notice is not impossible. Defendants' identities and whereabouts are known, and Plaintiff does not allege or certify any efforts made to give notice and the reasons it should not be required pursuant to Rule 65(b)(1)(B). See Jones v. H.S.B.C., 844 F. Supp. 2d 1099, 1101 (S.D. Cal. 2012) (denying pro se plaintiff's ex parte TRO in part because he did not demonstrate any efforts to notify defendants).

Second, Plaintiff has not shown that notice would render further prosecution of the action fruitless, because Plaintiff offers no evidence that Defendants have a history of destroying evidence or disobeying court orders in the past. See Reno Air Racing, 452 F.3d at 1131 (allegations are not enough; plaintiff must provide evidence demonstrating that defendants would disregard a court order by showing that they have "a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history").

For these reasons, the Court DENIES Plaintiff's motion for a TRO [Dkt. 3] without prejudice. If Plaintiff would like to seek provisional relief, he may file another TRO or preliminary injunction after filing proof of notice or service on all Defendants with the Court. Signed by Judge Jinsook Ohta on 05/19/2026. (Entered: 05/19/2026)

| | | |
|---|---|---|
| 05/20/2026 | 5 | NOTICE of compliance with Minute Order (Dkt 4) and Proof of Serviceof Defendants, by Theodore E. Essenfeld (jpp) (Entered: 05/20/2026) |
| 05/20/2026 | 6 | Renewed Emergenacey MOTION for Temporary Restraining Order and Preliminary Injunction by Theodore E. Essenfeld. (jpp) (Entered: 05/20/2026) |
| 05/20/2026 | 7 | Minute Order by Judge Jinsook Ohta: On May 19, 2026, the Court denied Plaintiff's motion for a TRO [Dkt. 3] without prejudice given the lack of notice to Defendants. Dkt. 4. On May 20, 2026, Plaintiff refiled his motion for a TRO to enjoin Defendants U.S. Department of the Navy, Acting Secretary of the Navy Hung Cao, and the United States from implementing the Navy's administrative separation and retirement orders concerning Plaintiff, scheduled to take effect on June 1, 2026. Dkt. 6. Plaintiff attests that he sent copies of the complaint [Dkt. 1], renewed motion for a TRO [Dkt. 6], declaration in support of the TRO [Dkt. 3-1], and exhibits in support of the TRO [Dkt. 3-2] to Defendants via certified mail. Dkt. 5. To ensure Defendants received adequate notice, Plaintiff is directed to file proof of service indicating that Defendants have received notice by May 22, 2026. Signed by Judge Jinsook Ohta on 05/20/2026. (el) (Entered: 05/20/2026) |
| 05/22/2026 | 8 | Supplemental NOTICE of service and status of certified mail deliveries in response to Minute Order Dkt. 7, by Theodore E. Essenfeld (jpp) (Entered: 05/26/2026) |
| 05/26/2026 | 9 | Minute Order by Judge Jinsook Ohta: The Court ORDERS Defendants to file a response to the motion for temporary restraining order (Dkt. 6) by 3:00 PM on Thursday, May 28, 2026. Motion hearing set for Friday, May 29, 2026 at 2:00 PM in Courtroom 4C. All parties may appear by videoconference for the hearing. The courtroom deputy will provide the videoconference information ahead of the hearing. Signed by Judge Jinsook Ohta on 05/26/2026. (rh) (Entered: 05/26/2026) |
| 05/26/2026 | 10 | Plaintiff's MOTION to Supplement the Record and MOTION for Leave to Present Additional Evidence in Support of Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction by Theodore E. Essenfeld. (Attachments: # 1 Exhibits A-F)(rxc) (Entered: 05/28/2026) |

| 05/28/2026 | 11 | NOTICE of Appearance by Glen Dorgan on behalf of U.S. Department of the Navy (Attachments: # 1 Proof of Service)(Dorgan, Glen)Attorney Glen Dorgan added to party U.S. Department of the Navy(pty:dft)(axc1). (Entered: 05/28/2026) |
|---|---|---|
| 05/28/2026 | 12 | NOTICE of Appearance *as Co-Counsel for Defendants* by Roger Goodin Wright on behalf of Hung Cao, U.S. Department of the Navy (Attachments: # 1 Proof of Service)(Wright, Roger)Attorney Roger Goodin Wright added to party Hung Cao(pty:dft), Attorney Roger Goodin Wright added to party U.S. Department of the Navy(pty:dft)(axc1). (Entered: 05/28/2026) |
| 05/28/2026 | 13 | RESPONSE in Opposition re 6 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by Hung Cao, U.S. Department of the Navy. (Attachments: # 1 Proof of Service)(Dorgan, Glen)(axc1). (Entered: 05/28/2026) |
| 05/28/2026 | 14 | Minute Order by Judge Jinsook Ohta: On May 20, 2026, Plaintiff Theodore E. Essenfeld filed a renewed emergency motion for a temporary restraining order ("TRO") and preliminary injunction enjoining Defendants U.S. Department of the Navy, Acting Secretary of the Navy Hung Cao, and the United States from terminating his military service. Dkt. 6 ("TRO Mot.")<br><br>The Court finds that Plaintiff is not entitled to TRO relief because he has not made a "clear showing" that he is likely to succeed on the merits of his claims. Under Fed. R. Civ. P. 65(b), a TRO is an "extraordinary remedy" that a Court should grant only upon a "clear showing" that the Plaintiff is entitled to the relief. Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a plaintiff must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 21); see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the standard for a TRO and preliminary injunction is "substantially identical").<br><br>Here, Plaintiff has not shown that he is likely to succeed on the merits of his claims. He requests that the Court review the military's decision to terminate his service effective June 1, 2026. TRO Mot. at 6. However, "[a]n internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies." Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2002) (internal citations omitted). Plaintiff has not satisfied the exhaustion requirement. To the contrary, he concedes that he has not pursued available intraservice remedies, including review by the Naval Discharge Review Board or the Board for Correction of Naval Records. TRO Mot. at 31.<br><br>Moreover, Plaintiff has not established irreparable harm. Plaintiff claims that in the absence of preliminary relief, he will suffer a reduction in retirement pay, loss of military benefits, financial hardship, and reputational and professional injury. Id. at 26-30. However, these military administrative and disciplinary actions are not irreparable injuries. See Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985) (holding that "loss of income, loss of retirement and relocation pay, and damage to [Plaintiff's] reputation resulting from the stigma attaching to a less than honorable discharge" are insufficient to justify injunctive relief).<br><br>For these reasons, the Court DENIES Plaintiff's renewed emergency motion for TRO and preliminary injunction. The Court VACATES the May 29, 2026 hearing. **There will be NO** |

CM/ECF - casd

| | | **hearing on May 29, 2026.** Signed by Judge Jinsook Ohta on 05/28/2026. (rh) (All non-registered users served via U.S. Mail Service) (rxc). (Entered: 05/28/2026) |
| --- | --- | --- |
| 05/29/2026 | 15 | MOTION for Reconsideration re 14 , by Theodore E. Essenfeld. (Attachments: # 1 Proof of Service)(jmo) (Entered: 05/29/2026) |
| 06/02/2026 | 16 | Minute Order by Judge Jinsook Ohta: On May 29, 2026, Plaintiff Theodore E. Essenfeld filed an emergency motion for reconsideration of this Court's denial of his motion for temporary restraining order ("TRO"). Dkt. 15.<br><br>Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) to correct clear error in the prior decision or a result of manifest injustice. Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1179 (9th Cir. 1998).<br><br>Plaintiff has not identified any newly discovered evidence, intervening change in the law, or manifest injustice that would result if the Court does not reconsider its decision. Instead, he argues that the Court committed clear error in its application of the exhaustion requirement and Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The Court need not address Plaintiff's arguments, because even assuming their validity, Plaintiff has still failed to establish that termination of employment and a decrease in paygrade, without more, constitutes irreparable harm. See id.; Dkt. 14. Accordingly, the Court DENIES Plaintiff's motion for reconsideration [Dkt. 15 ]. Signed by Judge Jinsook Ohta on 06/02/2026. (rh) (All non-registered users served via U.S. Mail Service) (rxc). (Entered: 06/02/2026) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/04/2026 11:31:01 | | |
| **PACER Login:** | xnavalav8r | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:26-cv-03086-JO-MSB |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |